UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN STRUGALA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC, and ANTOINE MAILLET-MEZERAY,<br><br>                    Defendants. | Civil Action No.  1:19-cv-04397<br><br>CLASS ACTION |
| LUO ZHI, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC, and ANTOINE MAILLET-MEZERAY,,<br><br>                    Defendants. | Civil Action No.  1:19-cv-04952<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SANJEEV JAISWAL TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFF, AND APPROVE SELECTION OF LEAD COUNSEL**

010831-11 1152628 V1

## I.       INTRODUCTION

The two above-captioned actions allege that pan-African e-commerce platform provider Jumia Technologies AG and certain of its officers and directors made materially false and misleading statements in violation of the Securities Exchange Act of 1934.  As a result of Defendants' false and misleading statements – which included materially overstating Jumia's active customers, active merchants and sales – Jumia stockholders, including Movant Sanjeev Jaiswal, were induced to acquire their Jumia securities at artificially inflated prices.  Given that the two actions assert substantially identical claims against identical defendants on behalf of overlapping classes of Jumia investors that purchased Jumia securities during the same Class Period, the cases should be consolidated.  *See* Fed. R. Civ. P. 42(a).

Next, pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §78u-4(a)(3)(B)(ii).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Jaiswal respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff.  Mr. Jaiswal believes that he has the largest financial interest in the above-captioned actions by virtue of his substantial investments in Jumia ADSs during the alleged class period.  *See* Certifications and Loss Charts, Declaration of Reed R. Kathrein ("Kathrein Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Specifically, Mr. Jaiswal purchased 31,000 Jumia ADSs and suffered over $130,000 in losses during the alleged class period.

In addition to asserting the largest financial interest in this litigation, Mr. Jaiswal also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Further, Mr. Jaiswal fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.

Mr. Jaiswal has also demonstrated his adequacy through his selection Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized securities class action firm with a track record in obtaining substantial recoveries of behalf of harmed investors. Hagens Berman is qualified to prosecute this case and has extensive experience in securities fraud litigation, all of which will benefit the Class.

Accordingly, based on Mr. Jaiswal's significant financial interest and his commitment to oversee this action, Mr. Jaiswal respectfully requests the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Jumia is the leading pan-African e-commerce platform provider. Complaint ¶ 6, *Strugala v. Jumia Technologies AG et al.*, No. 1:19-cv-04397 (S.D.N.Y. May 14, 2019), ECF No. 1 ("Strugala Compl."). Its platform consists of a marketplace that connects sellers with consumers, a package shipment and delivery service, and a payment service. Strugala Compl. ¶ 16. Jumia's American Depositary Shares ("ADSs") trade on the New York Stock Exchange ("NYSE") under the stock symbol "JMIA," which represents two of the Company's Ordinary Shares. At all times during the Class Period, Defendant Jeremy Hodara ("Hodara") was the Company's Co-Chief Executive Officer and a member of its Management Board, Sacha Poignonnec ("Poignonnec")

was the Company's Co-Chief Executive Officer and a member of its Management Board, and

Antoine Maillet-Mezeray ("Maillet-Mezeray"), was the Company's Chief Financial Officer and

Principal Accounting Officer.  Strugala Compl. ¶¶ 7-9.

On May 14, 2019, the first of the two Related Actions, *Strugala v. Jumia Technologies*

*AG et al.*, No. 1:19-cv-04397 (S.D.N.Y.), was filed against Defendants Jumia, Hodara,

Poignonnec, and Maillet-Mezeray, on behalf of all purchasers of Jumia ADSs between April 12,

2019 and May 9, 2019, asserting violations of Sections 10(b) and 20(a) of the Exchange Act.

On May 28, 2019, a second related action, *Zhi v. Jumia Technologies AG et al.*, No. 1:19-

cv- 04952 (S.D.N.Y.), was filed against the same Defendants, asserting identical Exchange Act

claims on behalf of a putative class of investors who purchased or otherwise acquired Jumia

securities during the Class Period.  Complaint ¶ 1, *Zhi v. Jumia Technologies AG et al.*, No.

1:19-cv- 04952 (S.D.N.Y. May 28, 2019), ECF No. 1 ("Zhi Compl.").

The gravamen of each of the Related Actions is Defendants' violations of the Exchange

Act for false and misleading statements regarding widespread fraud involving the diversion of

money that was supposed to be used for projects into the personal bank accounts of top

executives, the use of director-owned private companies to accept Jumia orders while receiving

advance payments but never fulfilling the orders, as well as material discrepancies in Jumia's

reported key financials metrics.  Strugala Compl. ¶ 23; Zhi Compl. ¶¶ 8, 37.  These false and

misleading statements caused the price of Jumia securities to be artificially inflated, and thereby

resulted in the damages suffered by Movant and the other members of the class.  Strugala Compl.

¶¶ 15, 30, 32, 37-38, 42, 47; Zhi Compl. ¶¶ 25, 41, 43, 49, 65.

On May 14, 2019, Plaintiff *Strugala*'s counsel published a notice of pendency of that

action over the national wire service, *BusinessWire*.  Kathrein Decl., Ex. C (Published Notice).

That notice advised class members of the existence of the lawsuit and described the claims asserted.  *Id*.

### III.   ARGUMENT

**A.   The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011).  To date, Movant is aware of the two above-captioned Related Actions in this District against Defendants.  Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *Id*.; *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Here the Related Actions are based upon the same alleged misconduct, name the same Defendants, allege the same class period, overlap in class definition, and assert many of the same claims.  Consolidation, therefore, is appropriate.  *Id*.

**B.   Movant Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1); see also 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA requirements are both procedural and substantive.  *Id*.  The Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately representing*** the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The PSLRA provides that the Court shall adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Movant meets these requirements and should, therefore, be appointed as Lead Plaintiff.

### 1.    Movant's Motion Is Timely

The pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i).  The notice published in this action on May 14, 2019 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline.  *See* Published Notice, Kathrein Decl., Exhibit C.  Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2.    Movant Has The Largest Financial Interest In The Relief Sought By The Class

In deciding "the largest financial interest in the relief sought by the class," courts in this district tend to consider four criteria, known as the Lax factors: (i) the gross number of shares purchased; (ii) the net number of shares purchased; (iii) the net funds spent; and (iv) the net loss suffered.  *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004) (quoting *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)).  Courts generally find the fourth factor to be the most

compelling. *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015). "The amount of financial loss 'is the most important element' in deciding which proposed plaintiff has the largest financial interest in pursuing a claim on behalf of the class." *Nakamura v. BRF S.A.*, No. 18-cv-2213 (PKC), 2018 Westlaw 3217412, at *4 (S.D.N.Y. July 2, 2018) (*citing Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)).

During the Class Period, Movant expended over $1,309,000 purchasing 31,000 JMIA shares on NYSE during the Class Period at the artificially inflated prices and suffered losses of over $130,000, whether calculated on a FIFO or LIFO basis. *See* Kathrein Decl., Exs. A and B. To the best of Movant's counsel's knowledge, there is no other plaintiff with a larger financial interest than Movant. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3. Movant Satisfies The Requirements Of Rule 23

In addition to possessing a significant financial interest, Movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Faig v. BioScrip, Inc.*, No. 13 Civ. 06922(AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013) ("At this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.") (citation omitted). Here, Movant satisfies both requirements.

The typicality requirement is satisfied "when the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise." *In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-cv-02758 (PKC), 2016 Westlaw 2986235, at *4

(S.D.N.Y. May 13, 2016) (*citing Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011)).  Movant satisfies this requirement because, just like all other proposed class members, Movant seeks to assert claims and recover damages arising from Defendants' misrepresentations.  Movant claims therefore arise from the same factual predicate as those in the complaints.  *See id*.  Accordingly, Movant satisfies the typicality requirement.

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  In order for the Class' interests to be fairly and adequately represented, a Lead Plaintiff must "not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent."  *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at *6 (S.D.N.Y. May 31, 2012) (citation omitted).  Here, Movant satisfies these elements because his substantial financial stake in the litigation provides the incentive to vigorously represent the Class's claims.  *See Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, No. 14 Civ. 2814(ER), 2015 WL 1499657, at *11 (S.D.N.Y. Mar. 27, 2015) (appointing investor who "demonstrated substantial losses" because "that suggest[s] he will have a strong interest in advocating on behalf of the Class").  In addition, Movant's and the Class's interests are perfectly aligned.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Movant and other Class members.  To further illustrate his adequacy, Movant submits herewith a Certification affirming his understanding of the duties owed to Class members through his commitment to oversee and monitor the prosecution of this action in the best interests of the Class.  Kathrein Decl. Ex. A (Certification).  Finally, Movant has demonstrated his adequacy through his selection of Hagens Berman as Lead Counsel to represent the Class in this action.

- 7 -

As discussed more fully below, Hagens Berman is a highly qualified and experienced firm in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct securities class action litigation effectively.

## C.     The Court Should Approve Movant's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  "The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (*quoting Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)).  Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. *See, e.g.*, *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015) (relying on a declaration detailing counsel's extensive experience with complex class action litigations).

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Kathrein Decl., Ex. D.  Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases. *See* Kathrein Decl., Ex. D at p. 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Kathrein Decl., Ex. D at p. 32.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (3) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  July 15, 2019                    Respectfully submitted,

                                        HAGENS BERMAN SOBOL SHAPIRO LLP

                                        By  */s/ Jason A. Zweig*
                                             JASON A. ZWEIG, JZ-8107

                                        555 Fifth Avenue, Suite 1700
                                        New York, NY  10017
                                        Telephone: (212) 752-5455
                                        Facsimile:  (917) 210-3980
                                        jasonz@hbsslaw.com

                                        Reed R. Kathrein
                                        Danielle Smith
                                        Lucas E. Gilmore
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        715 Hearst Avenue, Suite 202
                                        Berkeley, CA  94710
                                        Telephone: (510) 725-3000
                                        Facsimile:  (510) 725-3001
                                        reed@hbsslaw.com
                                        danielles@hbsslaw.com
                                        lucasg@hbsslaw.com

                                        Steve W. Berman
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        1301 Second Avenue, Suite 2000
                                        Seattle, WA  98101
                                        Telephone: (206) 623-7292
                                        Facsimile:  (206) 623-0594
                                        steve@hbsslaw.com

                                        *Counsel for Proposed Lead Plaintiff*

- 9 -

- 1 -

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Jason A. Zweig*
JASON A. ZWEIG
