UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| STEPHEN STRUGALA, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:19-cv-04397-PKC |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC and ANTOINE MAILLET-MEZERAY, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| LUO ZHI, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:19-cv-04952-PKC |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC and ANTOINE MAILLET-MEZERAY, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | x | |

MEMORANDUM OF LAW IN SUPPORT OF HONGTAO QIU'S MOTION FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF LEAD COUNSEL

4833-1834-6396.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.   SUMMARY OF THE ACTION ..................................................................................2

III.  ARGUMENT ..................................................................................................................3

      A.    The Related Actions Should Be Consolidated ........................................................3

      B.    Mr. Qiu Should Be Appointed Lead Plaintiff .........................................................4

            1.    Mr. Qiu's Motion Is Timely ............................................................................5

            2.    Mr. Qiu Possesses the Largest Financial Interest ........................................5

            3.    Mr. Qiu Otherwise Satisfies Rule 23 ............................................................5

      C.    Mr. Qiu's Selection of Counsel Should Be Approved .............................................7

IV.   CONCLUSION ...............................................................................................................8

4833-1834-6396.v1

## I.   INTRODUCTION

Presently pending before this Court are two related securities class actions brought on behalf of purchasers of Jumia Technologies AG ("Jumia" or the "Company") securities between April 12, 2019 and May 9, 2019, inclusive ("Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "1934 Act"): (1) *Strugala v. Jumia Technologies AG*, No. 1:19-cv-04397, filed May 14, 2019; and (2) *Zhi v. Jumia Technologies AG*, No. 1:19-cv-04952, filed May 28, 2019 (the "Related Actions").[1]

Putative class member and proposed lead plaintiff Hongtao Qiu respectfully submits this memorandum of law in support of his motion for an order: (1) consolidating the Related Actions pursuant to Federal Rule of Civil Procedure 42; (2) appointing Mr. Qiu lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (3) approving Mr. Qiu's selection of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP as lead counsel for the proposed class.

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common questions of law and fact.  Further, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Mr. Qiu is the "most adequate plaintiff" to represent the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition to timely filing his motion, Mr. Qiu has a significant financial interest – an interest greater than that of any

---

[1]     On May 31, 2019, this Court accepted the *Zhi* Action as related to the first-filed *Strugala* Action.

plaintiff. And, Mr. Qiu meets the Rule 23 typicality and adequacy requirements because his claims are typical of those of absent class members and Mr. Qiu will fairly and adequately represent the interests of the proposed class. Mr. Qiu has also selected Robbins Geller and Johnson Fistel to serve as lead counsel for the putative class in the event his motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Qiu's chosen counsel has extensive experience in the prosecution of complex securities class actions, has efficiently and effectively worked together in other securities class actions, and the Court may be assured that by granting this motion and approving Mr. Qiu's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.C, *infra*.

Accordingly, Mr. Qiu's motion should be granted.

## II.   SUMMARY OF THE ACTION

Jumia operates a pan-African e-commerce platform, which, according to Jumia, consists of: (1) a marketplace that connects sellers with consumers; (2) a package shipment and delivery service; and (3) a payment service. The Company maintains its principal executive offices in Berlin, Germany and its American Depositary Shares ("ADSs") are listed and trade on the New York Stock Exchange under the ticker symbol JMIA.

The complaints allege that during the Class Period, defendants made materially false and misleading statements about Jumia and its business. These statements are alleged to be materially false and misleading because they failed to disclose that: (a) Jumia had materially overstated its active customers and active merchants; (b) Jumia's representations about its orders, order cancellations, undelivered orders, and returned orders lacked a sufficient factual basis and materially overstated the Company's sales; (c) Jumia failed to sufficiently disclose related party transactions; and (d) Jumia's financial statements were presented in violation of applicable accounting standards.

- 2 -

4833-1834-6396.v1

On May 9, 2019, Citron Research issued a research report announcing "Jumia is a Fraud" that "deserves immediate SEC attention." According to the Citron Report, while media in the U.S. naively anointed Jumia the "Amazon of Africa," numerous articles have been issued in its home country of Nigeria claiming widespread fraud at the Company. The Citron Report further noted that just prior to the Company's March 2019 initial public offering, Jumia issued a confidential investor presentation in October 2018 during a capital raising effort. According to the Citron Report, "many material discrepancies in reported key financial metrics" exist between the Registration Statement and the confidential investor presentation. In response to the issuance of the Citron Report, the price of Jumia ADSs declined approximately 28% on heavy trading volume over a two-day period, from $33.11 per ADS on May 8, 2019 to $24.50 per ADS on May 10, 2019.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Jumia securities, Mr. Qiu and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

4833-1834-6396.v1

The Related Actions present identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants.[2] Because the Related Actions pending before this Court are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  Thus, consolidation is appropriate here.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

### B.      Mr. Qiu Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  Mr. Qiu meets each of these requirements and should therefore be appointed Lead Plaintiff.

---

[2]      While the first-filed *Strugala* Action is on behalf of purchasers of Jumia ADS, the *Zhi* Action asserts the same claims but on behalf of purchasers of Jumia securities.  This slight difference in the class definitions between the Related Actions will be reconciled with the filing of a consolidated complaint.

4833-1834-6396.v1

### 1.    Mr. Qiu's Motion Is Timely

On May 14, 2019, Robbins Geller published notice of the first-filed *Strugala* complaint on *Business Wire*, which advised class members of the pendency of action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days of the publication of the notice, or by July 15, 2019.  *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  Thus, Mr. Qiu filed within the applicable deadline and his motion should be considered for lead plaintiff appointment.

### 2.    Mr. Qiu Possesses the Largest Financial Interest

As indicated in his Certification and loss chart, Mr. Qiu purchased 37,107 shares during the Class Period and suffered nearly $100,000 in losses as a result of defendants' alleged wrongdoing. *See* Rosenfeld Decl., Exs. B, C.[3]  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Qiu satisfies the PSLRA's "largest financial interest" requirement.

### 3.    Mr. Qiu Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At this stage, only a preliminary showing of typicality and adequacy is required." *Nakamura v. BRF S.A.*, 2018 WL 3217412, at *4 (S.D.N.Y. July 2, 2018).

Mr. Qiu satisfies the typicality threshold because his claims arise from the same conduct from which the other class members' claims and injuries arise.  Just like all other class members, he purchased Jumia securities during the Class Period, was adversely affected by defendants' allegedly

---

[3]    Mr. Qiu's loss calculations are the same under both the last in, first out (LIFO) and first in, first out (FIFO) accounting methodologies.

4833-1834-6396.v1

false and misleading statements and suffered damages thereby. *Id.* ("Birmingham's claims would be typical of the class because they assert violations of section 10(b) and Rule 10b-5 based on defendants' allegedly false and misleading statements."); *see generally Sgalambo v. McKenzie*, 268 F.R.D. 170, 173-174 (S.D.N.Y. 2010) ("'Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the  same course of events, and each class member makes similar legal arguments to prove the  defendant's liability.'"") (citation omitted).

The adequacy requirement of Rule 23 is satisfied where the movant "has no known conflict with the class members, has a sufficient interest in the outcome to insure vigorous advocacy and has selected qualified and experienced counsel." *Nakamura*, 2018 WL 3217412, at *4; *Sgalambo*, 268 F.R.D. 170 at 174 (same).  Here, Mr. Qiu is an adequate representative of the class because his interests are aligned with those of the putative class and there is no evidence of any antagonism between Mr. Qiu's interests and the class's interests.  Further evidencing his ability to fairly and competently represent the interests of the class, Mr. Qiu has submitted a declaration affirming his ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff.  Rosenfeld Decl., Ex. E.  As described in greater detail below, Mr. Qiu has also retained competent and experienced counsel to prosecute these claims.  Finally, Mr. Qiu's substantial loss provides the requisite interest to ensure vigorous advocacy.  Thus, Mr. Qiu satisfies the adequacy requirements of Rule 23(a)(4).

Accordingly, Mr. Qiu has made a *prima facie* showing that he satisfies the typicality and adequacy requirements for the purposes of this motion.

4833-1834-6396.v1

## C.      Mr. Qiu's Selection of Counsel Should Be Approved

"Under the PSLRA, the lead plaintiff 'shall, subject to the approval of the court, select and retain counsel to represent the class.'"  *Nakamura*, 2018 WL 3217412, at *5 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)).  Indeed, the "PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'"  *In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at *3 (S.D.N.Y. Oct. 4, 2017) (citation omitted). Here, Mr. Qiu has selected Robbins Geller and Johnson Fistel to serve as lead counsel for the proposed class.  *See* Rosenfeld Decl., Exs. F, G.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.  District courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See* Rosenfeld Decl., Ex. F.[4]

Likewise, Johnson Fistel is a leading class action law firm and has earned a reputation for excellence and innovation in shareholder rights litigation.  Johnson Fistel has been appointed as Lead

---

[4]      *See also, e.g.*, *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *see also Nakamura*, 2018 WL 3217412, at *5  ("Robbins Geller has extensive experience in litigating shareholder class actions, and has been lead counsel in actions that have settled for hundreds of millions of dollars.  It has the necessary experience to act as lead counsel, and its retention on behalf of the class in this case is approved.").

or Co-Lead Counsel in shareholder litigation numerous times in federal and state courts throughout the country, and has successfully litigated numerous such cases on behalf of injured investors. *See* Rosenfeld Decl., Ex. G.

Robbins Geller and Johnson Fistel have experience serving as lead counsel with one another and understand the importance of providing comprehensive representation to the class without performing duplicative work. *See, e.g.*, *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.) (Robbins Geller and Johnson Fistel, as lead counsel in securities case, secured an $18.75 million class-wide settlement). Thus, the Court can be assured that by approving Mr. Qiu's choice of Robbins Geller and Johnson Fistel as lead counsel, the putative class will receive the highest caliber of representation without duplicating fees, costs, or expenses.

## IV. CONCLUSION

The Related Actions should be consolidated as they involve identical legal and factual questions. In addition, Mr. Qiu has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Qiu respectfully requests that the Court grant his motion.

DATED: July 15, 2019                    Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        SAMUEL H. RUDMAN
                                        DAVID A. ROSENFELD
                                        VINCENT M. SERRA


                                              *s/ David A. Rosenfeld*
                                        DAVID A. ROSENFELD

- 8 -

4833-1834-6396.v1

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

JOHNSON FISTEL, LLP
W. SCOTT HOLLEMAN
99 Madison Avenue, 5th Floor
New York, NY  10016
Telephone:  212/802-1486
212/602-1592 (fax)
scotth@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 9 -

4833-1834-6396.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 15, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4833-1834-6396.v1

# Mailing Information for a Case 1:19-cv-04397-PKC Strugala v. Jumia Technologies AG et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Julia A Malkina**
  malkinaj@sullcrom.com,julia-malkina-6321@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **Gregory Mark Nespole**
  gnespole@zlk.com

- **David Maxwell Rein**
  reind@sullcrom.com,druckj@sullcrom.com,s&cmanagingclerk@sullcrom.com,david-mj-rein-2809@ecf.pacerpro.com,pierrej@sullcrom.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)