**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN STRUGALA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC, and ANTOINE MAILLET-MEZERAY <br><br> Defendants. | **CASE No.: 1:19-cv-04397-PKC** <br><br> **MEMORANDUM OF LAW OF HEXUAN CAI IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br> **CLASS ACTION** |
| LUO ZHI, Individually and on Behalf of Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC, and ANTOINE MAILLET-MEZERAY, <br><br> Defendants. | **CASE No.: 1:19-cv-04952-PKC** <br><br> **CLASS ACTION** |

Lead Plaintiff Movant Hexuan Cai ("Movant" or "Cai") respectfully submits this opposition to the competing lead plaintiff motions. (Dkt. Nos. 14, 19, 23, 24, 30).

## BACKGROUND

Six competing lead plaintiff motions were filed before this Court.[1] Of the competing movants, Cai has – by far – the largest financial interest with $523,436.85 in losses. Because Movant has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA provides that Cai is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides that there is a "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons…that . . . has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I). Here, Cai suffered the largest loss of any movant, the factor that courts across the country recognize as the most significant factor to be considered. *See e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 NGG RER, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* No. 06CV1825NGGRER, 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts

---

[1] On July 29, 2019, Ryan C. Heist withdrew his motion (Dkt. No. 34) and Donna Jones and Sanjeev Jaiswal both filed notices of non-opposition (Dkt. Nos. 35, 36).

consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Indeed, Cai's financial interest is significantly more than the competing movant's losses several times over:

| Movant | Loss |
|---|---|
| 1. Hexuan Cai | $523,436.85 |
| 2. Kalyan G. Venkataraman and Kalyanasundaram Venkataraman | $151,314 |
| 3. Sanjeev Jaiswal | $130,463.33 |
| 4. Donna Jones | $129,738.13 |
| 5. Hongtao Qiu | $99,322.11 |
| 6. Ryan C. Heist | $37,828.76 |

Moreover, as set forth in Movant's opening papers, Cai has made a *prima facie* showing of his adequacy and typicality. Movant has submitted a certification and a sworn declaration attesting to his willingness to serve as lead plaintiff. (Dkt. Nos. 22-2 and 22-4). Cai has demonstrated his active and diligent prosecution of this action. Cai has a degree in International Economy and Trade and has been investing for 5 years. (Dkt. No. 22-4). He also explained that he chose to seek appointment as Lead Plaintiff because he lost a substantial amount of money in his investment of Jumia Technologies AG and has reviewed the merits of the action. *Id*. Cai understood that prior to making his motion, the duties and obligations of a lead plaintiff. *Id.* Cai also vetted various law firms and ultimately selected The Rosen Law Firm, P.A. based on his research. *Id.*

Cai's claims are also typical of other class members because his claims arise from the same

legal theories and same nucleus of fact. Movant's interests are aligned with the interests of the other class members as he has the same incentive to prove Defendants' fraud. There are no conflicts of interest between Cai and absent class members.  *See* Opening Br. at 7-8 (Dkt. No. 22).

In short, because Cai has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, he is the presumptive lead plaintiff. Movant should be appointed lead plaintiff and his selection of Lead Counsel should be approved.

## II.    THE PRESUMPTION IN FAVOR OF MOVANT HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling Movant to be appointed Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Cai. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Movant, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

Moreover, although the Court may compare putative lead plaintiff's losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran*, 220 F.R.D. at 402 ("That the district court believes another plaintiff may be 'more

3

typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As Cai has the largest financial interest and has made a *prima facie* demonstration of his typicality and adequacy, and no movant has rebutted the presumption with proof, Movant must be appointed Lead Plaintiff.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig*., 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Cai has selected The Rosen Law Firm, P.A. as Lead Counsel. The Firm has the resources and expertise to litigate this action efficiently and aggressively. As the Firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors (Dkt. No. 22-5). Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## IV.    COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Movant has the greatest financial interest in the litigation and should therefore be appointed Lead Plaintiff without further analyses. In no way is Cai conceding or acknowledging that the competing movants are adequate or that their claims are typical. Movant reserves the right to address the competing movant's adequacy or typicality,

should the Court reach those motions.

## **CONCLUSION**

For the foregoing reasons, Cai's motion should be granted in its entirety and the competing motions should be denied.

Dated: July 29, 2019                          Respectfully submitted,

                                             **THE ROSEN LAW FIRM, P.A.**

                                             /s/ Phillip Kim
                                             Phillip Kim, Esq.
                                             Laurence M. Rosen, Esq.
                                             275 Madison Avenue, 34th Floor
                                             New York, New York 10016
                                             Telephone: (212) 686-1060
                                             Fax: (212) 202-3827
                                             Email: pkim@rosenlegal.com
                                             Email: lrosen@rosenlegal.com

                                             *[Proposed] Lead Counsel for Plaintiff and the
                                             Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 29, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>