UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| STEPHEN STRUGALA, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:19-cv-04397-PKC |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC and ANTOINE MAILLET-MEZERAY, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| LUO ZHI, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:19-cv-04952-PKC |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC and ANTOINE MAILLET-MEZERAY, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | x | |

HONGTAO QIU'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTIONS

4851-0206-3518.v1

Six movants seek appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this case.[1]  While four movants (Mr. Cai, the Venkataraman Group, Mr. Jaiswal, and Ms. Jones) claim to have suffered larger losses than Mr. Qiu, none qualify as the presumptive lead plaintiff as they cannot meet the Rule 23 typicality and adequacy requirements.[2]

The movant claiming the largest loss, Mr. Cai, is an atypical, high-frequency short-term trader who purchased over 40% of his retained Jumia Technologies AG shares on the date of the final disclosure of the fraud, May 9, 2019.  *See* ECF No. 22-3.  His trading strategy, which entails making dozens or more trades in a single day, many at varying prices, evidences a focus "on technical price movements rather than price," thereby saddling the putative class with a "compelling reason to rebut the reliance presumption" in the event of his appointment.  *In re Safeguard Scis*., 216 F.R.D. 577, 582 (E.D. Pa. 2003).[3]  This is particularly true in light of the fact

---

[1]    The movants are: (1) Hexuan Cai; (2) Kalyan G. Venkataraman and Kalyanasundaram Venkataraman (the "Venkataraman Group"); (3) Sanjeev Jaiswal; (4) Donna Jones; (5) Hongtao Qiu; and (6) Ryan C. Heist.  *See* ECF Nos. 16, 30, 19, 23, 24, 14, respectively.

[2]    A "'movant's financial interest is just a beginning point.'"  *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 288 F.R.D. 26, 37 (S.D.N.Y. 2012) (Sweet, J.).  "To qualify as the presumptive lead plaintiff, in addition to possessing a significant financial interest, a lead plaintiff must also 'satisf[y] the requirements of Rule 23.'"  *Id.*  In this regard, the "district court has latitude as to what information it will consider in determining typicality and adequacy."  *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). Importantly, the PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001).  Rather, movants are required to affirmatively make "a sufficient preliminary showing that they can satisfy the relevant requirements of Federal Rule of Civil Procedure 23."  *Springer v. Code Rebel Corp.*, 2017 WL 838197, at *2 (S.D.N.Y. Mar. 2, 2017) (Nathan, J.). Unless otherwise noted herein, all emphasis is added and citations are omitted.

[3]    And while the "record before the court may be insufficient to establish that [Mr. Cai] was a day-trader *qua* day-trader," it "is sufficient, however, to raise serious concerns about his typicality and about his susceptibility to the defense that he was trading in response to information other than the alleged misstatements and omissions made by [defendants]."  *Applestein v.*

- 1 -

that Mr. Cai purchased over 38,000 of his nearly 94,000 retained Jumia shares though the course of over 100 transactions all made on May 9, 2019 – *the day the alleged fraud was disclosed*. *See* ECF No. 22-3. In fact, the *only* transactions made in Mr. Cai's second account were purchases of Jumia shares on May 9, 2019. *See id.* at 11-12. Mr. Cai therefore appears to have made a substantial portion of his purchases *because of* the disclosure of the fraud, which will not only harm his ability to establish reliance on the integrity of the market price of Jumia securities, but it will also impede the class's ability to argue that a reasonable investor would have found the misstatements and omissions at issue to be important. *See Safeguard*, 216 F.R.D. at 582 ("Defendants have shown that [Mr. Cai] increased his holdings in [Jumia] stock even after public disclosure of the alleged fraud. [Mr. Cai] would have made – and in fact did – purchase stock regardless of the fraudulent omission. [Mr. Cai's] purchases also raise serious doubts as to the materiality of the alleged fraud disclosures.").[4]

---

*Medivation Inc.*, 2010 WL 3749406, at *3 (N.D. Cal. Sept. 20, 2010); *see also In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 437 (E.D. Va. 2000) (denying the appointment of a movant because it "engages in transactions far beyond the scope of what a typical investor contemplates"); *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) ("While a day trader is not ipso facto disqualified from the lead plaintiff role, McCullough's unique trading pattern combined with questions about adequacy establish that his group should not represent the class."); *Shaffer v. Digital Generation, Inc.,* No. 3:13-cv-01684-N, ECF No. 38 at 6-7 (N.D. Tex. Sept. 19, 2013) (denying motion by investor who engaged in pattern of "buying and selling [company] stock on the same day" because such activity "raises serious concerns about his typicality and his susceptibility to unique defenses") (attached as Exhibit 1 to the Declaration of David A. Rosenfeld in Support of Hongtao Qiu's Memorandum of Law in Opposition to Competing Lead Plaintiff Motions ("Rosenfeld Opp. Decl.")); *In re Opnext, Inc. Sec. Litig.*, 2008 WL 3285732, at *3 (D.N.J. Aug. 7, 2008) (finding movant atypical because "[d]ay trading is not commensurate with the manner in which the typical class member sustained alleged losses").

[4]    *See also Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 179 (2d Cir. 1990) (affirming denial of class certification where plaintiff continued purchasing the securities at issue despite having received notice of, and having investigated, the alleged fraud), *abrogated on other grounds by Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017); *George v. China Auto. Sys., Inc.*, 2013 WL 3357170, at *6 (S.D.N.Y. July 3, 2013) (Forrest, J.) ("Such post-disclosure purchases can both defeat typicality and adequacy as well as rebut the

- 2 -

Equally concerning, Mr. Cai appears to have been found by the United Nations' World Intellectual Property Organization to have "lacked candour in his submissions" to the judicial tribunal and acted in "bad faith" in an intellectual property dispute stemming from his apparent business of reselling internet domain names.[5] These findings are relevant to the adequacy inquiry because "[a]s a fiduciary for the class," Mr. Cai "would be required to adhere to the highest standards of honesty and integrity." *Weisman v. Darneille*, 78 F.R.D. 669, 671 (S.D.N.Y. 1978) (MacMahon, J.). Absent class members must have the utmost confidence in the integrity and candor of a lead plaintiff. *See Safeguard*, 216 F.R.D. at 582 & n.4 (finding presumption rebutted where "***serious concerns with credibility leave Lead Plaintiff vulnerable to further attacks that would impose an unnecessary disadvantage on the class***"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 415 (S.D.N.Y. 2004) (Sweet, J.) ("[H]onesty and trustworthiness are relevant factors in assessing a candidate's ability to serve as an adequate fiduciary for a class . . . ."). As such, Mr. Cai cannot fairly and adequately protect the class's interests in this case and his motion should be denied.

The remaining competing movants are also ineligible for appointment because they did not even attempt to make the requisite adequacy showing sufficient to trigger the PSLRA presumption. Unlike Mr. Qiu who provided a declaration detailing his qualifications and ability to serve as lead

---

presumption that plaintiff relied on the alleged misrepresentations or the integrity of the market in making his or her purchases."); *Kovaleff v. Piano*, 142 F.R.D. 406, 408 (S.D.N.Y. 1992) (Sprizzo, J.) (finding unique defense where "plaintiffs increased their holdings of Mizlou common stock after disclosure of the alleged fraud"); *cf In re Nortel Networks Corp. Sec. Litig.*, 2003 WL 22077464, at *3 n.4 (S.D.N.Y. Sept. 8, 2003) (Berman, J.) (***rejecting*** argument that plaintiff's purchase of defendant's stock "'***well after*** the alleged "fraud" was "exposed"'" makes plaintiff atypical of class).

5    *See* Rosenfeld Opp. Decl., Ex. 2.

- 3 -

4851-0206-3518.v1

plaintiff (including his familiarity overseeing lawyers), nothing is known about the Venkataraman Group, Mr. Jaiswal, Ms. Jones, or Mr. Heist other than their names. *See* ECF Nos. 27-4, 22-4. As such, the Venkataraman Group, Mr. Jaiswal, Ms. Jones, and Mr. Heist have failed to provide enough information about themselves to make a *prima facie* showing of adequacy under Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

Courts routinely find that movants who only provide their name, and nothing more, have failed to make the preliminary Rule 23 showing. *See Gross v. AT&T Inc.*, No. 1:19-cv-02892-VEC, ECF No. 53 at 3 (S.D.N.Y. June 24, 2019) (Caproni, J.) ("While the Court agrees with Pro-Alpha that mere speculation is not enough to disqualify a prospective lead plaintiff, ***it is an undisputed fact that Pro-Alpha has failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation***."); *Camp v. Qualcomm Inc.*, 2019 WL 277360, at \*2-\*3 (S.D. Cal. Jan. 22, 2019) (noting that the competing movant "failed to include any basic details about himself, including where he lives or who he is specifically in his motion," the court found "it difficult to determine whether Singh would indeed be a typical plaintiff for the class").[6] Individuals who attempt to aggregate their losses by filing a collective motion, like the members of the father-daughter Venkataraman Group have done here, are not exempt from the requirement to demonstrate their adequacy. *See, e.g.*

---

[6]     *See also Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005) (finding "no evidence that [individual lead plaintiff movants] are the type of sophisticated investor who can control a multi-million dollar class action" where there was no declaration attesting to abilities and concluding that "[s]imply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task"); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (finding that the "record contains no evidence that [the individual movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them"); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1304-05 (M.D. Fla. 2000) (lack of information concerning plaintiff's "identity, resources, and experience" prevented appointment as lead plaintiff).

- 4 -

*Nakamura v. BRF S.A.*, 2018 WL 3217412, at *3 (S.D.N.Y. July 2, 2018) (Castel, J.) ("The Court affords some weight to the brothers' familial relationship and the likelihood that they will act in unison. While their family ties are certainly evidence of a 'pre-litigation relationship between group members,' they offer no specifics as to their history of business collaboration and how it positions them to advance the interests of the class.").[7] On the present record, it is therefore impossible for the Court to even begin to attempt to make the typicality and adequacy determination required by the PSLRA. Without the timely submission of such basic information, these competing movants have not made the required Rule 23 showing and cannot trigger the PSLRA's presumption.

Finally, Ms. Jones also failed to make clear the exact capacity in which she seeks to serve as lead plaintiff. Ms. Jones' PSLRA Certification states that her motion is made on behalf of her, "individually, ***and/or in [her] capacity as trustee, and/or principal for accounts listed on Schedule A***." *See* ECF No. 29-2. Ms. Jones does not provide the names of any trusts or accounts in her PSLRA Certification, nor does her "Schedule A" detail any such information. *Id.* Nor did she in fact move for appointment as a trustee. *See* ECF No. 23 (moving in her individual capacity). Assuming that her motion should have been filed on behalf of a distinct legal entity (*e.g.*, a trust)

---

[7]    Counsel for the remaining movants are aware that courts need more than a movant's name to properly evaluate their qualifications to serve as lead plaintiff. For example, counsel for the Venkataraman Group prevailed several weeks ago on their argument that the competing single-entity movant in *AT&T* failed to make a prima facie Rule 23 showing. *AT&T*, No. 1:19-cv-02892-VEC, ECF No. 53 at 3 ("The Court agrees with the Investor Group [Pomerantz LLP's clients] that Pro-Alpha has not provided sufficient information for the Court to determine that it 'will fairly and adequately protect the interests of the class.'"). Mr. Jaiswal's counsel has likewise recognized on July 19, 2019 in another PSLRA case that movants have not made a *prima facie* Rule 23 showing when they have "not submitted any declaration explaining who they are, their educational or professional background, or how they made the decision to seek a lead plaintiff appointment." *See* Rosenfeld Opp. Decl., Ex. 3.

as the language in her Certification indicates, she has not timely evidenced her standing to claim the trust's losses as her own. *See Cott Corp. v. Star*, 2013 WL 5701856, at \*4 (W.D.N.Y. Oct. 18, 2013) ("so long as Star was acting, with however much power or discretion, in a mere representative capacity he should not be considered the real party") (citing *N. Tr. Co. v. Bunge Corp.*, 899 F.2d 591, 595 (7th Cir. 1990) ("In the eyes of the law a person who sues or is sued in a representative capacity is distinct from that person in his individual capacity.")); *In re Spectranetics Corp. Sec. Litig.*, 2009 WL 1663953, at \*5 (D. Colo. June 15, 2009) (rejecting individual movant whose motion would require the court to "conflate the interests of two distinct legal entities, Karkus and [limited liability corporation], and to treat the two entities as Karkus individually"). Ms. Jones' apparent attempt to claim the losses of a distinct legal entity as her own provide an independent ground to deny her lead plaintiff application.

The harm to absent class members in the event of denial of class certification due to a class representative who is either subject to unique defenses, inadequate, or lacks standing is certainly not speculative, particularly in light of recent Supreme Court decisions that would make it impossible to revive absent class members' claims if any of these unknown individuals were to withdraw as the lead plaintiff or the class representative after such claims have become time-barred. *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042 (2017); *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018).[8]

---

[8]     Courts "fulfill a '"gatekeeping function" in class action litigation.'" *Schaffer v. Horizon Pharma Plc*, 2016 WL 3566238, at \*1 (S.D.N.Y. June 27, 2016) (Furman, J.). Importantly, "that discretion – while not unconstrained – undoubtedly applies to appointment of a lead plaintiff under the PSLRA." *Id.* As a result, the PSLRA "provides for extensive judicial involvement in the process of selecting a lead plaintiff and lead counsel in a securities class action." *Peters v. Jinkosolar Holding Co., Ltd.*, 2012 WL 946875, at \*4 (S.D.N.Y. Mar. 19, 2012) (Oetken, J.).

4851-0206-3518.v1

Because the movants claiming a larger financial interest than Mr. Qiu are unable to meet the PSLRA's lead plaintiff requirements, the Court should consider Mr. Qiu's motion and qualifications. *See Cavanaugh*, 306 F.3d at 731. Mr. Qiu not only suffered a significant $99,000 loss, he timely submitted a declaration explaining, among other things:

- Mr. Qiu's professional responsibilities (ECF No. 27-4 at ¶2);

- Mr. Qiu's education (*id.* at ¶3);

- that Mr. Qiu is "familiar with overseeing lawyers" (*id.* at ¶2);

- that Mr. Qiu understands and is "able and willing" to perform his duties as a lead plaintiff, which he understands to include, among other things, directing and overseeing counsel, participating in discovery and authorizing any settlement (*id.* at ¶¶4-5); and

- Mr. Qiu's interest and incentive in prosecuting the case on behalf of all Jumia shareholders (*id.* at ¶6).

Mr. Qiu has provided the Court with sufficient information in his moving papers to demonstrate that he meets the Rule 23 adequacy and typicality requirements. *See* ECF Nos. 25 at 5-6, 27-4. Accordingly, Mr. Qiu qualifies to serve as Lead Plaintiff.

- 7 -

4851-0206-3518.v1

In sum, Mr. Cai cannot be appointed lead plaintiff because he is subject to unique reliance and adequacy defenses. The Venkataraman Group, Mr. Jaiswal, Ms. Jones, and Mr. Heist have not made a *prima facie* showing of typicality and adequacy under Rule 23. As the only movant who qualifies for the PSLRA's most adequate plaintiff presumption, Mr. Qiu respectfully requests his lead plaintiff motion (ECF No. 25) be granted and that the competing movants' motions (ECF Nos. 16, 30, 19, 23, 14) be denied.

DATED: July 29, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

- 8 -

4851-0206-3518.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

JOHNSON FISTEL, LLP
W. SCOTT HOLLEMAN
99 Madison Avenue, 5th Floor
New York, NY  10016
Telephone:  212/802-1486
212/602-1592 (fax)
scotth@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 29, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
       & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4851-0206-3518.v1

# Mailing Information for a Case 1:19-cv-04397-PKC Strugala v. Jumia Technologies AG et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Julia A Malkina**
  malkinaj@sullcrom.com,julia-malkina-6321@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **Gregory Mark Nespole**
  gnespole@zlk.com

- **Lesley Frank Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com,lesley-portnoy-3007@ecf.pacerpro.com

- **David Maxwell Rein**
  reind@sullcrom.com,druckj@sullcrom.com,s&cmanagingclerk@sullcrom.com,david-mj-rein-2809@ecf.pacerpro.com,pierrej@sullcrom.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jason Allen Zweig**
  jasonz@hbsslaw.com,sf_filings@hbsslaw.com,nicolleg@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)