UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| STEPHEN STRUGALA, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:19-cv-04397-PKC |
|  | : |  |
|  | : | <u>CLASS ACTION</u> |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC and ANTOINE MAILLET-MEZERAY, | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |
| LUO ZHI, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:19-cv-04952-PKC |
|  | : |  |
|  | : | <u>CLASS ACTION</u> |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC and ANTOINE MAILLET-MEZERAY, | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HONGTAO QIU'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

4852-4146-0383.v1

## I.      INTRODUCTION

Of the three remaining lead plaintiff movants, only Hongtao Qiu satisfies the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  Other than arguing that Mr. Qiu does not claim the largest loss, the competing movants have not asserted any reason why Mr. Qiu should not be appointed as lead plaintiff.  *See* ECF No. 37 at 1, 4; ECF No. 38 at 1.  In contrast, Mr. Cai cannot be appointed lead plaintiff given his atypical trading in Jumia Technologies AG stock, including his substantial purchases on the day the alleged fraud was disclosed to the market.  Separately, it appears that Mr. Cai has been found to have "lacked candour in his submissions" before a judicial tribunal, which, if true, renders him a liability for absent class members and makes him unfit to serve as their fiduciary.  *See* ECF No. 39 at 4; ECF No. 40-2 at 9.

The father-son Venkataraman Group, the final remaining movant, has still not provided sufficient information to make the required *prima facie* showing of adequacy under Rule 23, nor has it shown that aggregating its members' losses is appropriate.  Its opposition brief argues – incorrectly and contrary to this Court's recent opinion in *Nakamura v. BRF S.A.*, 2018 WL 3217412, at *3 (S.D.N.Y. July 2, 2018) – that providing only the movants' names and their familial relationship is enough.  It is not.  On this record, the Venkataraman Group does not meet the requirements of Rule 23, nor can it aggregate its members' losses.

For these reasons, and those set forth in his prior submissions, Mr. Qiu's motion for appointment as lead plaintiff should be granted.

## II.     ARGUMENT

Mr. Qiu is the "most adequate plaintiff" in this litigation: he filed a timely motion, suffered a substantial loss, is typical and adequate, selected qualified counsel, and is not subject to any unique defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Mr. Qiu submitted a timely declaration with his

---

[1]      The three remaining movants are: (1) Hexuan Cai; (2) Kalyan G. Venkataraman and Kalyanasundaram Venkataraman (the "Venkataraman Group"); and (3) Hongtao Qiu.  *See* ECF Nos. 16, 30, 24.  On July 29, 2019, Ryan C. Heist withdrew his lead plaintiff motion, ECF No. 44, and Donna Jones and Sanjeev Jaiswal filed notices of non-opposition, ECF Nos. 35, 36.

4852-4146-0383.v1

moving papers detailing his education, professional background (including his experience supervising lawyers), familiarity with the duties of a lead plaintiff, and commitment to carrying out such duties. *See* ECF No. 27-4. Mr. Qiu's PSLRA Certification and loss chart further confirm that Mr. Qiu's trading is typical of the class he seeks to represent. *See* ECF Nos. 27-2, 27-3. Furthermore, Mr. Qiu's integrity is not in question. In sum, none of the competing movants have raised ***any*** issues regarding Mr. Qiu's ability to satisfy all of the PSLRA's requirements for appointment as lead plaintiff, confirming that Mr. Qiu 's motion should be granted. *See* ECF No. 37 at 1, 4; ECF No. 38 at 1.

Indeed, the only challenge to Mr. Qiu's appointment is based on: (1) Mr. Cai's claim that his purported financial interest is greater than Mr. Qiu's financial interest; and (2) the Venkataraman Group's claim that its members' ***combined*** financial interest is greater than Mr. Qiu's financial interest. *See id.* Yet, these assertions are inconsequential as a "'movant's financial interest is just a beginning point'" as courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class. *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 288 F.R.D. 26, 37 (S.D.N.Y. 2012) (Sweet, J.) (citation omitted). And, unlike Mr. Qiu – who Mr. Cai and the Venkataraman Group do not dispute is able to adequately represent the class – the competing movants do not satisfy Rule 23's typicality and adequacy requirements for appointment as lead plaintiff. *See* ECF No. 39.[2]

---

[2]    While Mr. Cai's brief is entitled an "Opposition to Competing Lead Plaintiff Motions," it actually consists of five pages of statements in further support of his own motion. *See* ECF No. 37 at 1-5. On the final pages of his brief, Mr. Cai declared that he was not "conceding or acknowledging that the competing movants are adequate or that their claims are typical" and that he was "reserv[ing] the right to address the competing movant's adequacy or typicality, should the Court reach those motions." *Id*. at 4-5. Notably, Mr. Cai's counsel did not cite any authority (nor is the undersigned counsel aware of any authority) that permits a litigant to extra-judicially "reserve" the right to oppose a motion in the future, beyond the date set by the local rules. Here, the Court's Local Civil Rules required Mr. Cai to file his opposition by July 29, 2019. *See* Local Civil Rule 6.1(b). Mr. Cai did not do so. Thus, irrespective of his *ipse dixit* "reservation," Mr. Cai's (and the Venkataraman Group's) failure to timely oppose Mr. Qiu's adequacy or typicality should be considered waived and cannot be raised for the first time on reply. *See, e.g.*, *Lawlor v. ESPN Scouts, LLC*, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or

The movant claiming the largest financial interest, Mr. Cai, purchased over 38,000 of his nearly 94,000 retained Jumia shares – *over 40%* – in more than 100 transactions on May 9, 2019, the day the alleged fraud was disclosed.  *See* ECF No. 22-3.  Mr. Cai's atypical trading in Jumia securities subjects him to unique reliance and materiality defenses, imperiling the putative class.  *See* ECF No. 39 at 1-2 n.3 (collecting cases).  On this fact alone, Mr. Cai should not be appointed as lead plaintiff.

However, it is even more troubling that Mr. Cai appears to have been found by the United Nations' World Intellectual Property Organization to have "lacked candour in his submissions" to the tribunal and acted in "bad faith" in the underlying intellectual property dispute.  *See* ECF No. 39 at 3; ECF No. 40-2 at 9.  Given the tribunal's disturbing conclusion, there are "serious concerns with credibility [which] leave [Mr. Cai] vulnerable to further attacks that would impose an unnecessary disadvantage on the class," precluding Mr. Cai's appointment.  *In re Safeguard Scis.*, 216 F.R.D. 577, 582 & n.4 (E.D. Pa. 2003); ECF No. 39 at 4.  Accordingly, Mr. Cai's application should be rejected because in addition to being atypical and subject to unique defenses, Mr. Cai also appears to be a potentially inadequate fiduciary, unsuitable to be placed in the position of trust that is afforded to lead plaintiffs.

The other competing movant, the father-son Venkataraman Group, has failed to provide any information about their ability to work together to advance the interests of the class.  *See* ECF No. 39 at 3-5; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Faced with a similar lack of information, courts find that movants who only provide their name, and nothing more, have failed to make the preliminary Rule 23 showing.  ECF No. 39 at 4-5 (collecting cases).  Moreover, movants seeking to aggregate their losses, such as the father-son Venkataraman Group, are not exempt from the requirement of demonstrating their compliance with Rule 23.  *See* ECF No. 39 at 4-5 (citing *Nakamura*, 2018 WL

---

abandoned by the non-movant."); *see also Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) (noting that arguments raised for first time in reply are generally deemed waived).

4852-4146-0383.v1

3217412, at *3).  Rather, that burden is only heightened, as a "[a] proposed plaintiff group has the burden of showing that aggregation is appropriate."  *Nakamura*, 2018 WL 3217412, at *3.

Seemingly recognizing that its evidentiary burden must be satisfied prior to the expiration of the 60-day PSLRA deadline[3], the Venkataraman Group instead doubles down in its opposition papers by arguing that its burden is satisfied by the mere provision of counsel's curious representation that biological relatives "obviously have a meaningful relationship" thus obviating the need for the clear requirements courts place on lead plaintiff movants.  *See* ECF No. 38 at 3; *Nakamura*, 2018 WL 3217412, at *3.  But the Venkataraman Group ignores this Court's finding that they too have a "burden of showing that aggregation is appropriate," despite their close biological relationship.  *Id.* ("The Court affords *some* weight to the brothers' familial relationship and the likelihood that they will act in unison.  While their family ties are certainly evidence of a 'pre-litigation relationship between group members,' they offer no specifics as to their history of business collaboration and how it positions them to advance the interests of the class.").  Worse than the brothers in *Nakamura*, and unlike Mr. Qiu, the Venkataraman Group *has not even attempted to offer the Court evidence that it satisfies Rule 23 or that aggregating its members' financial interests is appropriate*.  *Compare id*. at *4 ("Fourth, the joint declaration has not made a satisfactory showing

---

3    *See, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 410 (S.D.N.Y. 2004) ("'[PSLRA] precludes consideration of . . . any other pleading . . . filed *after* the sixty (60) day window has closed'") (emphasis in original); *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018) (a movant's "failure" to "include any facts *in their moving brief* detailing the relationship between the plaintiffs that comprise the group" "could, by itself, be a basis for denying lead plaintiff status") (emphasis added); *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) ("Singh failed to include any basic details about himself, including where he lives or who he is *specifically in his motion*.") (emphasis added); *see also In re NovaGold Resources Inc. Sec. Litig.*, No. 1:08-cv-07041-DLC, ECF No. 33 at 14:21-23 (S.D.N.Y. Nov. 23, 2008) (Transcript of October 21, 2008 Lead Plaintiff Hearing) (finding that "the burden is on you to support your application and I think the burden was on you to support it in your initial application."); *Ford v. Pro Shares Trust II*, No. 1:19-cv-00886-DLC, ECF No. 128 at 22:6-17 (S.D.N.Y. Nov. 23, 2018) (Transcript of April 29, 2019 Lead Plaintiff Hearing) (rejecting lead plaintiff motion because, *inter alia*, "The Pomerantz application had, of course, *right out of the gate* a couple of problems . . . one that is . . . not with the *typical supporting applications describing the lead plaintiffs that I'm used to seeing*.").

- 4 -

as to the sophistication of the group's proposed members.  It does not explain the declarants' business expertise, educational background, management experience or history of monitoring or participating in litigation.") *with* ECF No. 27-4 (Mr. Qiu's declaration setting forth, *inter alia*, his professional background, educational background, and familiarity with overseeing lawyers).[4]

On the present record, it is therefore impossible for the Court – or competing movants – to even begin to attempt to make the determination the PSLRA requires of it as to whether the Venkataramans are qualified or have the necessary capacity to serve as lead plaintiff.  Who are they?  What are their backgrounds and occupations?  Do they understand a lead plaintiff's duties and responsibilities?  Did they know that they were selecting Pomerantz LLP to be their attorneys?  Without such basic information, neither member of the Venkataraman Group has demonstrated his satisfaction of the Rule 23 adequacy requirement and is therefore precluded from triggering the PSLRA presumption.

The Venkataraman Group has not met its burden and cannot be appointed as lead plaintiff.

---

[4]    Having been involved as proposed lead counsel for the "BRF Investor Group" in *Nakamura,* counsel for Venkataraman Group is aware that courts need more than a movant's name (and claimed familial ties) to properly evaluate their qualification to serve as lead plaintiff and approve the aggregation of their losses.  Likewise, counsel for the Venkataraman Group prevailed several weeks ago on their argument that a competing lead plaintiff movant in *Gross v. AT&T Inc*., No. 1:19-cv-02892-VEC (S.D.N.Y. June 24, 2019), failed to make a *prima facie* Rule 23 showing.  *See id.*, ECF No. 53 at 3 ("The Court agrees with the Investor Group [Pomerantz LLP's clients] that Pro-Alpha has not provided sufficient information for the Court to determine that it 'will fairly and adequately protect the interests of the class.'") (citation omitted).

4852-4146-0383.v1

## III.    CONCLUSION

Mr. Qiu is the presumptive lead plaintiff.   No movant, including Mr. Cai and the Venkataraman Group, has even attempted to rebut the presumption in Mr. Qiu's favor.  Accordingly, Mr. Qiu should be appointed Lead Plaintiff.

DATED: August 5, 2019                    Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA


                                    *s/ David A. Rosenfeld*
                                    DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

JOHNSON FISTEL, LLP
W. SCOTT HOLLEMAN
99 Madison Avenue, 5th Floor
New York, NY  10016
Telephone:  212/802-1486
212/602-1592 (fax)
scotth@johnsonfistel.com

- 6 -

4852-4146-0383.v1

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

- 7 -

4852-4146-0383.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 5, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<div style="margin-left:50%;">

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
      & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

</div>

4852-4146-0383.v1

# Mailing Information for a Case 1:19-cv-04397-PKC Strugala v. Jumia Technologies AG et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Julia A Malkina**
  malkinaj@sullcrom.com,julia-malkina-6321@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **Gregory Mark Nespole**
  gnespole@zlk.com

- **Lesley Frank Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com,lesley-portnoy-3007@ecf.pacerpro.com

- **David Maxwell Rein**
  reind@sullcrom.com,druckj@sullcrom.com,s&cmanagingclerk@sullcrom.com,david-mj-rein-2809@ecf.pacerpro.com,pierrej@sullcrom.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jason Allen Zweig**
  jasonz@hbsslaw.com,sf_filings@hbsslaw.com,nicolleg@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)