UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN STRUGALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC, and ANTOINE MAILLET-MEZERAY,<br><br>Defendants. | Case No.  1:19-cv-04397-PKC |
| LUO ZHI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JUMIA TECHNOLOGIES AG, JEREMY HODARA, SACHA POIGNONNEC, and ANTOINE MAILLET-MEZERAY,<br><br>Defendants. | Case No.  1:19-cv-04952-PKC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION OF KALYAN G. VENKATARAMAN AND KALYANASUNDARAM
VENKATARAMAN FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF  LEAD COUNSEL**

Movants the Venkataramans[1] respectfully submit this reply memorandum of law in further support of their motion for consolidation of the Related Actions, appointment as Lead Plaintiffs, and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 30).

## I.    THE VENKATARAMANS ARE ADEQUATE CLASS REPRESENTATIVES WITHIN THE MEANING OF RULE 23

In his opposition brief, competing movant Qiu incorrectly asserts that the Venkataramans "have failed to make the preliminary Rule 23 showing" of adequacy to serve as class representatives. Dkt. No. 39 at 4. Not so. As an initial matter, at this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007); *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018). The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same). Qiu has not even argued, let alone demonstrated, that the Venkataramans fail to meet any of these criteria. Moreover, courts routinely find groups of family members, like the Venkataramans, to be adequate class representatives. *See*, *e.g.*, *McDermott Int'l, Inc. Secs. Litig.*, 08 Civ. 9943 (DC), 2009 U.S. Dist. LEXIS 21539, at *11-*12 (S.D.N.Y. Mar. 6, 2009) ("The members of the Adams Family are not 'unrelated investors' grouped together by their lawyer for purposes of aggregating their losses and obtaining appointment as lead plaintiff. Thus there is no need for the Adams Family to 'proffer an

---

[1] All capitalized terms herein are defined in the Venkataramans' moving and opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 32, 38.

evidentiary showing that unrelated members of a group will be able to function cohesively.'") (quoting *Varghese v. Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. Dec. 10, 2008)) (internal citations omitted); *Beckerman v. Ener1 Inc.*, No. 11 Civ. 5794 (PAC), 2012 U.S. Dist. LEXIS 19972, at *12 (Feb. 15, 2012) (finding that lead plaintiff movant groups "composed solely of family members[] present none of the concerns" raised by the appointment of groups consisting of unrelated individuals).

There is no provision in the PSLRA that requires, as Qiu suggests, that lead plaintiff movants submit sworn declarations providing biographical information about themselves in order to satisfy the adequacy requirement of Rule 23. The PSLRA requires only that a movant file a shareholder Certification on the lead plaintiff motion deadline, and the Venkataramans have done so here.[2]  *See* Dkt. No. 33-3. Nevertheless, the Venkataramans submit herewith a Joint Declaration providing the Court with additional information about their respective backgrounds and their familial relationship. *See* Reply Declaration of Jeremy A. Lieberman in Support of Motion, Ex. A ("Joint Declaration"). Kalyan G. Venkataraman is Kalyanasundaram Venkataraman's son, and the two have known one another for 45 years. Joint Declaration ¶¶ 2-3. Both of the Venkataramans reside in California. *Id.* Kalyan is a university-educated professional investor. *Id.* ¶ 2. Kalyanasundaram is a physician, and he has provided detailed information regarding the institutions at which he completed his medical training. *Id.* ¶ 3. The Venkataramans have more than 30 years combined experience investing in the securities markets. *Id.* ¶¶ 2-3. Assuming *arguendo* that Qiu's purported concerns as to the

---

[2] Qiu's counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), is well aware that a movant is not required to file any declaration to be eligible for appointment as lead plaintiff. Barely six months ago, Robbins Geller filed a motion in this Judicial District on behalf of one Leslie Winegarden, seeking appointment as lead plaintiff in the PSLRA action *Mustafin v. GreenSky, Inc. et al.*, 1:18-cv-11071 (S.D.N.Y.) ("*Greensky*"). Winegarden's motion was unaccompanied by any declaration. *See Greensky* Dkt. No. 45.

Venkataramans' backgrounds had merit (and again, as discussed above, these concerns are meritless), this robust proffer more than suffices to allay those concerns.

Anticipating that Qiu will urge the Court to disregard the Venkataramans' Joint Declaration because it was submitted on reply rather than with the Venkataramans' motion papers, the Venkataramans again respectfully submit that that the PSLRA itself does not contain any requirement to file any sworn statement other than a Certification on the statutory motion deadline.  Moreover, courts in the Second Circuit and elsewhere routinely accept declarations filed *after* lead plaintiff motions as evidence of adequacy.  *See, e.g., In re Blue Apron Holdings, Inc. Sec. Litig.*, 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at \*13 (E.D.N.Y. Dec. 15, 2019) ("the timing of [a joint declaration's] submission is too thin a reed for this decision to turn on"); *Goldstein v. Puda Coal, Inc.,* 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (although declarations "were not submitted when their motion to appoint lead plaintiff was first filed, all three members of the Querub Group have now submitted sworn declarations…"); *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at \*14-\*15 n.7 (N.D. Cal. May 10, 2016) ("As to the timeliness of Fitbit Investor Group's joint declaration, the Court finds no reason to exclude Fitbit Investor Group's joint declaration filed in support of its opposition.").

## II.    CAI IS INADEQUATE AND/OR ATYPICAL WITHIN THE MEANING OF RULE 23

In addition to possessing the greatest financial interest in a litigation, the PSLRA requires that a lead plaintiff must also satisfy the adequacy and typicality requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth in detail in the Venkataramans' opposition brief (Dkt. No. 38), competing movant Cai is ineligible for appointment as Lead Plaintiff, irrespective of his alleged financial interest in this litigation, because his status as a short seller—*i.e.*, an investor who bet against Jumia's business prospects—renders him inadequate and/or atypical

within the meaning of Rule 23. *See*, *e.g.*, *In re Critical Path*, 156 F. Supp. 2d 1102, 1109-10 (N.D. Cal. 2001) ("It is a poor choice to appoint a class representative who engaged in a trading practice premised on the belief the stock would fall. . . . Short sales raise the question of whether the seller was actually relying on the market price, and the class is not served by its representative coming under such scrutiny."); *Isaacs v. Musk*, Nos. 18-cv-04865-EMC *et al.*, 2018 U.S. Dist. LEXIS 200717, at *12-*13 (N.D. Cal. Nov. 27, 2018) ("[T]he Court has concerns regarding the adequacy or typicality of [movant] because it is a short seller[.]"); *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *28 (N.D. Cal. Aug. 15, 2002) (finding movant to be "disqualified from serving as a lead plaintiff by virtue of the fact that he admittedly sold Calpine stock 'short' during the Class Period."); *Marcus v. J.C. Penney Co.*, Nos. 6:13-CV-736 *et al.*, 2014 U.S. Dist. LEXIS 197529, at *20-*21 (E.D. Tex. Feb. 28, 2014) (finding short selling to be an "atypical trading practice" and holding short seller to be "subject to unique defenses and flaws that render him inadequate to serve as lead plaintiff").

While Cai has alleged a significant loss in connection with the alleged fraud in this litigation, Cai sold short 2,500 shares of Jumia stock on May 1, 2019—just six days before the Company's alleged malfeasance came to light—and then purchased 2,500 shares of Jumia stock to cover his short position on May 2, securing a $12,090 profit by betting ***against*** Jumia. This unusual trading strategy obviously raises questions—certain to be raised by Defendants at class certification, if Cai were to be appointed as Lead Plaintiff—as to whether Cai was privy to non-public information regarding Jumia. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 269 (2014) ("Any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance.") (quoting *Basic Inc. v. Levinson*, 485

4

U.S. 224, 248 (1988)).  The Court should not saddle the class with a representative who will be required to spend significant time and resources litigating these issues rather than the Class's fraud claims against Defendants.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in their moving and opposition briefs (Dkt. Nos. 32, 38), the Venkataramans respectfully request that the Court grant their motion in its entirety, and deny the competing motions.

Dated:  August 5, 2019

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan D. Lindenfeld
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movants Kalyan G.*
*Venkataraman and Kalyanasundaram*
*Venkataraman and Proposed Lead Counsel*
*for the Class*

THE SCHALL LAW FIRM
Brian Schall
1880 Century Park East
Los Angeles, CA 90067

5

(424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Movants Kalyan G. Venkataraman and*
*Kalyanasundaram Venkataraman*

6