JAO9STRC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

STEPHEN STRUGALA ,

         Plaintiff,

       v.                         19 CV 4397 (PKC)

JUMIA TECHNOLOGIES AG, ET AL.,

         Defendants.

------------------------------x

LUO ZHI,

         Plaintiff,

       v.                         19 CV 4952 (PKC)

JUMIA TECHNOLOGIES AG, ET AL.,

         Defendants.

------------------------------x

                                New York, N.Y.
                                October 24, 2019
                                2:08 p.m.

Before:

                    HON. P. KEVIN CASTEL

                                        District Judge

                      APPEARANCES

THE ROSEN LAW FIRM
    Attorney for Movant Hexuan Cai
BY:  PHILLIP C. KIM

GLANCY PRONGAY & MURRAY LLP
    Attorney for Movant Donna Jones
BY:  GREGORY BRADLEY LINKH

JAO9STRC

APPEARANCES CONTINUED

POMERANTZ LLP
     Attorneys for Movant Venkataraman
BY:  JEREMY ALAN LIEBERMAN
     JOSEPH A. HOOD, II

ROBBINS GELLER RUDMAN & DOWD LLP
     Attorney for Movant Hongtao Qiu
BY:  ALAN IAN ELLMAN

JOHNSON FISTEL, LLP
     Attorney for Plaintiff Stephen Strugala
BY:  MICHAEL IRA FISTEL , JR.

SULLIVAN & CROMWELL LLP
     Attorneys for Defendants
BY:  DAVID MAXWELL REIN
     JULIA A MALKINA

JAO9STRC

(Case called)

(Discussion off the record)

THE COURT:  Has the jury reached a verdict?

MR. KIM:  Yes, your Honor.  We've come to an understanding as to these motions.  We would propose, your Honor, that my client, Mr. Cai, along with the Venkataramans be appointed colead plaintiffs; my firm and the Pomerantz firm as colead counsel to move forward with the case, your Honor.

THE COURT:  And that the two actions be consolidated?

MR. KIM:  That's right, your Honor.

THE COURT:  All right.  Any objection to that?

MR. LIEBERMAN:  Certainly not, your Honor.

THE COURT:  Great.  And you did it within the ten minutes.  That's pretty impressive.

All right.  So this is what you should do.  I mean I can say from my review that Hexuan Cai --

MR. KIM:  Hexuan Cai.  Hexuan Cai.

THE COURT:  Hexuan Cai is, as I review the submissions, the presumptive lead counsel with losses in excess of $523,000.  It appears to me that he is neither a high frequency trader nor an intentional short seller.  He made an error in placing a sale for 2500 shares on May 1, 2019, mistakenly checked the wrong box and bought shares to cover that position.  I looked at the submissions relating to the *World Intellectual Property Organization* matter and it's wholly

JAO9STRC

unrelated to anything in this lawsuit and it would not stop this individual from being lead plaintiff.  Certainly I have experience with The Rosen Law Firm.  They were counsel in LightInTheBox which I think was filed in 2013 or so.  And so they are experienced.

Now, would you be lead counsel?  Is that the proposal here?

MR. KIM:  The proposal was that my firm along with the Pomerantz firm will be colead counsel given that Mr. Cai along with the family would also be colead plaintiffs.

THE COURT:  And the family meaning the father/son team?

MR. KIM:  That's correct, your Honor.

THE COURT:  All right.  The father/son team -- well, it seems to me that the proper way to do this is that the Venkataramans would be co-plaintiff.  The Pomerantz firm could be colead plaintiffs' counsel but the lead plaintiff would be Cai.  They are the lead plaintiff because they have the presumptive greatest loss, but the two firms would be colead counsel and the Venkataramans would be co-plaintiffs -- co-named plaintiffs.  Does that work?

MR. LIEBERMAN:  Yes.  That's certainly fine with the Venkataramans.

MR. KIM:  That's acceptable, your Honor.

THE COURT:  So what I'm going to ask you to do is

JAO9STRC

draft up an order reciting the findings and it will provide also for consolidation of the two actions and administrative closure of the case with the highest docket number which is the 4952 case and the matter would proceed under the 4397 docket number.

How much time would you need to prepare and file a consolidated amended class action complaint?

MR. KIM:  Sixty days, your Honor.  And we've cleared that date with defense counsel as well.

THE COURT:  All right.  You can put that in the order.

And defense counsel would have 21 days thereafter to submit a premotion letter directed to the consolidated amended class action complaint.

And the plaintiffs would have 14 days to respond thereafter.

And I'll have you in for a conference.  You can leave a blank in the order for the date and time of the conference, but it would be to talk to the parties about any motion practice that might be necessitated.

Discovery, of course, is stayed.  That happens by operation of law.

What else am I missing?  If anything?

MR. KIM:  Nothing from the plaintiffs, your Honor, on that point.

THE COURT:  Let me hear from the defendants.

JAO9STRC

MR. REIN:  Nothing from the defendants, your Honor.

THE COURT:  All right.  As a result, the motions docketed at document Nos. 16, 19, 23, 24, 30 are terminated in accordance with the foregoing.

All right.

MR. KIM:  One last thing, your Honor, with respect to the order, can we have until Monday to submit that?

THE COURT:  Sure.  That's fine.

All right.  Thank you all very much.  Appreciate it. Good to see you.

(Adjourned)