# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

May 4, 2020

By ECF

The Honorable P. Kevin Castel,
  United States District Court for the Southern District of New York,
    500 Pearl Street,
      New York, New York 10007.

Re: *In re Jumia Techs. AG Sec. Litig.*, No. 19-cv-04397-PKC

Dear Judge Castel:

I write on behalf of Defendants Jumia Technologies AG ("Jumia") and the individual defendants (together with Jumia, the "Jumia Defendants") in connection with Defendants' forthcoming motion to dismiss the Second Amended Securities Class Action Complaint ("Complaint") in the above-referenced action.[1] Under the Court's April 10, 2020 scheduling order, Defendants' motion to dismiss is due on June 1, 2020. (Dkt. 96.) With the agreement of all parties, the Jumia Defendants respectfully request a moderate enlargement of the page limits for briefing their motion to dismiss under Rule 3.D of the Court's Individual Practices. As stated in the Jumia Defendants' pre-motion letter, the parties propose no more than 30 pages for the Jumia Defendants' motion to dismiss, no more than 30 pages for Plaintiffs' opposition, and no more than 15 pages for the Jumia Defendants' reply. (Dkt. 92.)

The Jumia Defendants respectfully submit that there is good cause for the Court to allow additional pages for briefing. The Complaint spans 255 paragraphs and 83 pages. It asserts four different claims against Jumia, twelve individual defendants, and seven underwriters of Jumia's IPO ("Underwriter Defendants"). As set out in the Jumia Defendants' pre-motion letter, some of those defendants anticipate advancing arguments unique to them or their positions, such as arguments regarding personal jurisdiction or whether members of the Supervisory Board of a German stock corporation who did not sign the Registration Statement are subject to liability under Section 11 of the Securities Act of 1933. (*See* Dkt. 92.) In addition, the Jumia Defendants anticipate advancing arguments applicable to all defendants, such as failure to plead essential elements of each claim. Rather than submit separate briefs to address these issues, the Jumia Defendants believe that joint briefing, reflecting this proposed moderate page extension, would be

---

[1] The individual defendants are Jeremy Hodara, Sacha Poignonnec, Antoine Maillet-Mezeray, Gilles Bogaert, Andre T. Iguodala, Blaise Judja-Sato, Jonathan D. Klein, Angela Kaya Mwanza, Alioune Ndiaye, Matthew Odgers, John H. Rittenhouse, and Donald J. Puglisi.

The Honorable P. Kevin Castel                                                                                                    -2-

most efficient in presenting the issues to the Court. The Underwriter Defendants also anticipate joining the Jumia Defendants' motion to dismiss where it applies to them, as they did at the pre-motion letter phase. (*See* Dkt. 93.) All parties are in agreement on this page-extension request.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

*David M.J. Rein*

David M.J. Rein

*Counsel for Defendants Jumia Technologies AG, Jeremy Hodara, Sacha Poignonnec, Antoine Maillet-Mezeray, Gilles Bogaert, Andre T. Iguodala, Blaise Judja-Sato, Jonathan D. Klein, Angela Kaya Mwanza, Alioune Ndiaye, Matthew Odgers, John H. Rittenhouse, and Donald J. Puglisi*

cc:     All counsel of record (via ECF)