# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE JUMIA TECHNOLOGIES AG SECURITIES LITIGATION, | Master File No. 1:19-cv-04397-PKC |

**[PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, CERTIFYING EXCHANGE ACT SETTLEMENT CLASS, PROVIDING FOR NOTICE, AND SCHEDULING SETTLEMENT HEARING**

WHEREAS, a consolidated action is pending before this Court captioned *In re Jumia Technologies AG Securities Litigation*, Case No. 1:19-cv-04397-PKC (S.D.N.Y.) (Castel, J.) (the "Federal Action");

WHEREAS, (i) Lead Plaintiff Hexuan Cai and Named Plaintiffs Kalyan and Kalyanasundaram Venkataraman; Matthew Sacks; and Yifeng Zhu (collectively, "Federal Plaintiffs"), on behalf of themselves and each of the Exchange Act Settlement Class Members; and (ii) Jumia Technologies AG ("Jumia"); (iii) Jeremy Hodara; Sacha Poignonnec; Antoine Maillet-Mezeray; Donald J. Puglisi; Gilles Bogaert; Andre T. Iguodala; Blaise Judja-Sato; Jonathan D. Klein; Angela Kaya Mwanza; Alioune Ndiaye; Matthew Odgers; and John H. Rittenhouse (collectively, the "Individual Defendants"); and (iv) Morgan Stanley & Co. LLC; Citigroup Global Markets Inc.; Berenberg Capital Markets, LLC; RBC Capital Markets, LLC; Stifel, Nicolaus & Company, Incorporated; Raymond James & Associates, Inc.; and William Blair & Company, L.L.C. (collectively, the "Underwriter Defendants," and together with Jumia and the Individual Defendants, "Federal Defendants") have entered into a Stipulation of Settlement dated October 9, 2020 (the "Federal Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Federal

Action, for the release of all Released Plaintiffs' Claims against the Released Defendant Parties, and for dismissal of the Federal Action with prejudice upon the terms and conditions set forth in the Federal Stipulation, subject to the approval of this Court (the "Federal Action Settlement");

WHEREAS, unless otherwise defined herein, all defined terms herein shall have the same meanings as set forth in the Federal Stipulation;

WHEREAS, Federal Plaintiffs have made an unopposed application, pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the Federal Action Settlement in accordance with the Federal Stipulation, certifying the Exchange Act Settlement Class for settlement purposes only, and approving notice of the proposed Federal Action Settlement to Exchange Act Settlement Class Members as more fully described herein; and

WHEREAS, this Court having read and considered the Federal Stipulation and the respective exhibits thereto, including the proposed (a) Long Notice; (b) Claim Form; (c) Summary Notice; (d) Postcard Notice; and (e) Federal Order and Final Judgment, and the submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Federal Preliminary Approval Order;

NOW, THEREFORE, without any admission or concession on the part of Federal Plaintiffs of any lack of merit of the Federal Action whatsoever, and without any admission or concession on the part of Federal Defendants of any liability, wrongdoing, or lack of merit in their defenses whatsoever, IT IS HEREBY ORDERED:

1.     **Exchange Act Settlement Class Certification** – For settlement purposes only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Federal Action is hereby preliminarily certified as a class action on behalf of the Exchange Act Settlement Class of all persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia

ADSs from April 12, 2019 through and including December 9, 2019, and were damaged thereby. Excluded from the Exchange Act Settlement Class are the Released Defendant Parties, except for any Investment Vehicle. Also excluded from the Exchange Act Settlement Class are those persons who timely and validly request exclusion in accordance with this Federal Preliminary Approval Order.

2.       For settlement purposes only, this Court preliminarily finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied in that: (a) the number of Exchange Act Settlement Class Members is so numerous that joinder of all members of the Exchange Act Settlement Class is impracticable; (b) there are questions of law and fact common to the members of the Exchange Act Settlement Class, which predominate over any questions affecting only individual members of the Exchange Act Settlement Class; (c) the claims of Federal Plaintiffs are typical of the claims of the Exchange Act Settlement Class they seek to represent; (d) Federal Plaintiffs will fairly and adequately represent the interests of the Exchange Act Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.       For settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, Federal Plaintiffs are preliminarily appointed as the class representatives for the Exchange Act Settlement Class ("Federal Class Representatives"), and The Rosen Law Firm, P.A. and Pomerantz LLP are preliminarily appointed as class counsel for the Exchange Act Settlement Class ("Federal Class Counsel").

4.       Federal Class Counsel has the authority to enter into the Federal Stipulation on behalf of Federal Class Representatives and the Exchange Act Settlement Class, and are authorized to act on behalf of Federal Class Representatives and the Exchange Act Settlement

Class with respect to all acts or consents required by or that may be given pursuant to the Federal Stipulation, as well as such other acts that are reasonably necessary to consummate the Federal Action Settlement.

5. **Preliminary Approval of Federal Action Settlement** – This Court preliminarily approves the Federal Action Settlement, as embodied in the Federal Stipulation, as being fair, reasonable, and adequate as to the Exchange Act Settlement Class Members, subject to further consideration at the Federal Final Settlement Approval Hearing to be conducted as described below.

6. **Settlement Hearing** – A hearing (the "Federal Final Settlement Approval Hearing") is set for _____ __, 202__ before the Honorable P. Kevin Castel at the United States District Court for the Southern District of New York, Courtroom 11D, 500 Pearl Street, New York, NY, 10007, for the following purposes: (a) to determine whether the proposed Federal Action Settlement on the terms and conditions provided for in the Federal Stipulation is fair, reasonable, and adequate to the Exchange Act Settlement Class, and should be approved by this Court; (b) to determine whether a Federal Order and Final Judgment, substantially in the form annexed as Exhibit B to the Federal Stipulation, should be entered dismissing the Federal Action with prejudice; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Federal Action Settlement is fair and reasonable and should be approved by this Court; (d) to determine, for settlement purposes only, whether to grant final certification of the Exchange Act Settlement Class; (e) to determine any amount of attorneys' fees and expenses that should be awarded to Federal Class Counsel; (f) to consider any objections received by this Court; and (g) to consider any other matters that may properly be brought before this Court in connection with the Federal Action Settlement. Notice of the Federal Action Settlement and the Federal

Final Settlement Approval Hearing shall be given to Exchange Act Settlement Class Members as set forth in Paragraphs 9-10 of this Federal Preliminary Approval Order.

7.      This Court reserves the right to adjourn the date of the Federal Final Settlement Approval Hearing without further notice to Exchange Act Settlement Class Members.  This Court may decide to hold the Federal Final Settlement Approval Hearing telephonically or by other virtual means without further notice.  This Court may approve the proposed Federal Action Settlement, with such modifications as may be agreed to by the Federal Settling Parties, if appropriate, without further notice to the Exchange Act Settlement Class and may enter the Federal Order and Final Judgment, regardless of the separate orders concerning the Plan of Allocation and/or Federal Class Counsel's Federal Fee and Expense Application.

8.      **CAFA Notice** – Federal Defendants shall no later than ten (10) calendar days following the filing of the Federal Stipulation with this Court mail to the appropriate Federal and State officials a notice of the proposed Federal Action Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*. ("CAFA").  At least seven (7) calendar days before the Federal Final Settlement Approval Hearing, Federal Defendants shall cause to be served on Federal Class Counsel and filed with this Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

9.      **Approval of Form and Content of Notice** – This Court approves the form and content of the Long Notice, Proof of Claim and Release Form, Summary Notice, and Postcard Notice annexed to the Federal Stipulation as Exhibits A-1, A-2, A-3, and A-4, respectively. This Court further finds that the mailing and distribution of the Postcard Notice and the publication of the Summary Notice in the manner and form set forth in Paragraph 10 of this Federal Preliminary Approval Order (i) is the best notice practicable under the circumstances;

(ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Exchange Act Settlement Class Members of the pendency of the Federal Action, the effect of the proposed Federal Action Settlement (including the releases contained therein), and of their right to object to the proposed Federal Action Settlement, exclude themselves from the Exchange Act Settlement Class, and appear at the Federal Final Settlement Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Federal Action Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules. The date and time of the Federal Final Settlement Approval Hearing shall be included in the Postcard Notice and Summary Notice before they are mailed and published, respectively.

10. **Appointment of Escrow Agent and Claims Administrator and Manner of Notice** – This Court appoints the Huntington National Bank as Escrow Agent to establish and maintain the segregated and separate escrow account into which the Federal Settlement Amount will be deposited for the benefit of Exchange Act Settlement Class Members. Further, this Court appoints Strategic Claims Services ("Claims Administrator") to supervise and administer the notice procedure, as well as the processing of claims, as more fully set forth below. Notice of the Federal Action Settlement and the Federal Final Settlement Approval Hearing shall be given as follows:

(a) Not later than twenty-one (21) calendar days after the date of this Federal Preliminary Approval Order (the "Notice Date") or twenty-one (21) calendar days after the date

the State Court in *Convery* v. *Jumia Technologies AG*, *et al*., Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.) (Masley, J.) (the "State Action"), has granted preliminary approval to the State Action Settlement, whichever is later, the Claims Administrator shall either (i) email the Summary Notice, substantially in the form annexed as Exhibit A-3 to the Federal Stipulation, to all Exchange Act Settlement Class Members for whom the Claims Administrator is able to obtain email addresses, or (ii) if no email address can be obtained, cause the Postcard Notice, substantially in the form annexed as Exhibit A-4 to the Federal Stipulation, to be mailed by first class mail to all Exchange Act Settlement Class Members who can be identified with reasonable effort;

(b) Not later than thirty (30) calendar days after the date of this Federal Preliminary Approval Order or thirty (30) calendar days after the date the State Court in the State Action grants preliminary approval to the State Action Settlement, whichever is later, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed as Exhibit A-3 to the Federal Stipulation, to be published once in *Investor's Business Daily* and to be transmitted over *PR Newswire* or *GlobeNewswire*;

(c) Not later than twenty-one (21) calendar days after the date of this Federal Preliminary Approval Order, or twenty-one (21) calendar days after the date the State Court in the State Action grants preliminary approval to the State Action Settlement, whichever is later, the Claims Administrator shall post on its website the Federal Stipulation, Long Notice, and Proof of Claim and Release Form; and

(d) Not later than fourteen (14) calendar days before the Federal Final Settlement Approval Hearing, Federal Class Counsel shall serve on Federal Defendants' counsel and file with this Court proof, by affidavit or declaration, of such mailing and publication.

11.     The Escrow Agent may, at any time after entry of this Federal Preliminary Approval Order and without further approval from Federal Defendants or this Court, distribute at the direction of Federal Class Counsel up to $250,000.00 from the Federal Settlement Fund prior to the Effective Date to pay Class Notice and Administration Expenses.  After the Effective Date, additional amounts of $50,000.00 may be transferred from the Federal Settlement Fund to pay for any necessary additional Class Notice and Administration Expenses without further order of this Court.

12.     **Broker and Nominee Procedures** – (a) Within ten (10) Business Days from the date this Court enters this Federal Preliminary Approval Order, Jumia shall provide the Claims Administrator with data from Jumia's shareholder transfer records of the names, addresses, and email addresses (if any) of those who purchased or acquired Jumia ADSs during the Class Period.

(b) The Underwriter Defendants shall either (i) provide or cause to be provided to the Claims Administrator within ten (10) Business Days of the date of entry of this Federal Preliminary Approval Order a list of names and addresses of those investors who can reasonably be identified from each Underwriter Defendant's respective records as purchasers of Jumia ADSs in Jumia's IPO; or (ii) request additional copies of the Postcard Notice from the Claims Administrator and thereafter, within ten (10) Business Days of receipt of such copies, send copies by first-class mail (the expenses for which shall be chargeable to the Federal Settlement Fund up to a maximum of $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed) to those investors who can reasonably be identified from each Underwriter Defendant's respective records as purchasers of Jumia ADSs in Jumia's IPO.

(c) Federal Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to non-Defendant nominees or custodians who held Jumia ADSs during the Class Period as record owners but not as beneficial owners.  Such nominees or custodians shall, within ten (10) calendar days of receipt of the notification of the Federal Action Settlement, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice, and email the Summary Notice in electronic format to each beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice or Postcard Notice to such beneficial owners.  Upon full compliance with this Federal Preliminary Approval Order, such non-Defendant brokers or nominees may seek reimbursement of their reasonable expenses in complying with this Federal Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Summary Notice emailed; or $0.05 per name and address provided to the Claims Administrator.  Such properly documented expenses incurred by non-Defendant nominees in compliance with the terms of this Federal Preliminary Approval Order shall be paid from the Federal Settlement Fund in accordance with the provisions of the Federal Stipulation.  Federal Class Counsel shall promptly bring to this Court's attention and request a conference or a ruling from this Court where necessary on any issues relating to a nominee,

- 9 -

broker, or omnibus account's duty and obligation to provide to the Claims Administrator a beneficial owner's or a subaccount holder's identity and transactional information in a usable, economic, and efficient form.

13.    **Participation in Settlement** – Exchange Act Settlement Class Members who wish to participate in the Federal Action Settlement and to be eligible to receive a distribution from the Net Federal Settlement Fund must complete, sign, and return the Proof of Claim and Release Form in accordance with the instructions contained therein.  Unless this Court orders otherwise, all Proof of Claim and Release Forms must be submitted to the Claims Administrator either: (i) electronically through the Claims Administrator's website, www.strategicclaims.net, by 11:59 p.m. EST on _____, 202__; or (ii) at the Post Office Box indicated in the Long Notice, Summary Notice, and Postcard Notice, postmarked no later than _____, 202__ (ninety (90) calendar days from the Notice Date).  Notwithstanding the foregoing, Federal Class Counsel shall have the discretion to accept late-submitted Proof of Claim and Release Forms for processing by the Claims Administrator so long as distribution of the Net Federal Settlement Fund to the Exchange Act Settlement Class is not materially delayed as a result of such acceptance.  By submitting a Proof of Claim and Release Form, a person or entity shall be deemed to have submitted to the jurisdiction of this Court with respect to his, her, or its claim and the subject matter of the Federal Action Settlement.

14.    Each Proof of Claim and Release Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker

- 10 -

containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Federal Class Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Exchange Act Settlement Class Member must be included in the Proof of Claim and Release Form to the satisfaction of Federal Class Counsel or the Claims Administrator; and (d) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

15.    Any Exchange Act Settlement Class Member who does not timely and validly submit a Proof of Claim and Release Form or whose claim is not otherwise approved by this Court:  (a) shall be deemed to have waived his, her, or its right to share in the Net Federal Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Federal Stipulation and the Federal Action Settlement and all proceedings, determinations, orders, and judgments in the Federal Action relating thereto, including, without limitation, the Federal Order and Final Judgment and the releases provided for therein, whether favorable or unfavorable to the Exchange Act Settlement Class; and (d) shall fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge each and every Released Plaintiffs' Claim against the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against the Released Defendant Parties, as more fully described in the Long Notice.

16.     All Exchange Act Settlement Class Members shall be bound by all determinations and judgments in the Federal Action concerning the Federal Action Settlement, whether favorable or unfavorable to the Exchange Act Settlement Class.

17.     **Exclusion From the Exchange Act Settlement Class** – Any Exchange Act Settlement Class Member may, upon request, be excluded or "opt out" from the Exchange Act Settlement Class.  Any Exchange Act Settlement Class Member who wishes to exclude himself, herself, or itself from the Exchange Act Settlement Class must submit to the Claims Administrator a request for exclusion in writing no later than _____ \_\_\_, 202\_\_ (twenty-one (21) calendar days prior to the earlier of the Federal Final Settlement Approval Hearing and the State Final Settlement Approval Hearing (collectively, "Final Settlement Approval Hearings")) ("Request for Exclusion").  A Request for Exclusion must be signed by the Person requesting exclusion or an authorized representative and state: (i) the name, address, telephone number, and email address (if any) of the Person requesting exclusion; (ii) that such Person "requests exclusion from the Exchange Act Settlement Class in *In re Jumia Technologies AG Securities Litigation*, 1:19-cv-04397-PKC"; (iii) the number of Jumia ADSs held at the start of the Class Period; (iv) the Person's purchases or acquisitions of Jumia's ADSs during the Class Period, including the dates of such purchases or acquisitions, the number of Jumia ADSs purchased or acquired, and the price paid for each such purchase or acquisition; and (v) the Person's sales or dispositions of Jumia's ADSs during the Class Period, including the dates of such sales or dispositions, the number of Jumia ADSs sold or disposed, and the price received for each such sale or disposition.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by this Court.  All Persons who submit valid and timely Requests for Exclusion in the manner set

forth in this Federal Preliminary Approval Order shall have no rights under the Federal Stipulation, shall not share in the distribution of the Net Federal Settlement Fund, and shall not be bound by the Federal Stipulation or any Federal Order and Final Judgment.

18.     Federal Class Counsel shall cause to be provided to Federal Defendants' counsel copies of all Requests for Exclusion, as well as any written revocations of previous requests for exclusion, as expeditiously as possible and in any event no later than fourteen (14) calendar days prior to the earlier of the Final Settlement Approval Hearings.

19.     Any Exchange Act Settlement Class Member who or which does not timely and validly request exclusion from the Exchange Act Settlement Class in the manner stated in this Federal Preliminary Approval Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Exchange Act Settlement Class; (b) shall be fully and forever barred from requesting exclusion from the Exchange Act Settlement Class; (c) shall be bound by the provisions of the Federal Stipulation and Federal Action Settlement, all proceedings, determinations, orders, and judgments in the Federal Action, including, but not limited to, the Federal Order and Final Judgment and the releases provided for therein, whether favorable or unfavorable to the Exchange Act Settlement Class; and (d) shall fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge each and every Released Plaintiffs' Claim against the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against the Released Defendant Parties, as more fully described in the Long Notice.

20.     **Appearance and Objections at Settlement Hearing** – Any Exchange Act Settlement Class Member who does not request exclusion from the Exchange Act Settlement

Class may enter an appearance in the Federal Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Federal Class Counsel and Federal Defendants' counsel as set forth in Paragraph 20 below such that it is received no later than twenty (20) calendar days prior to the Federal Final Settlement Approval Hearing, or as this Court may otherwise direct. Any Exchange Act Settlement Class Member who does not enter an appearance will be represented by Federal Class Counsel.

21.    Any Exchange Act Settlement Class Member who does not request exclusion from the Exchange Act Settlement Class may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Federal Action should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees and expenses should not be awarded to Federal Class Counsel; provided, however, that no Exchange Act Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Federal Action Settlement, or, if approved, the Federal Order and Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to Federal Class Counsel, unless written objections in the manner provided in the Long Notice and copies of any papers and briefs are received by counsel listed below and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, no later than _____ ___, 202__  (twenty-one (21) calendar days prior to the Federal Final Settlement Approval Hearing) at:

- 14 -

| | |
|---|---|
| Clerk of Court<br>United States District Court for the<br>Southern District of New York<br>Daniel Patrick Moynihan<br>U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | **Counsel for Federal Class Representatives and the Exchange Act Settlement Class**<br>Phillip Kim<br>The Rosen Law Firm, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br><br>Jeremy Lieberman<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, NY 10016 |
| **Counsel for Jumia and the Individual Defendants**<br>David M.J. Rein<br>Julia A. Malkina<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004 | **Counsel for the Underwriter Defendants**<br>Jonathan Rosenberg<br>William J. Sushon<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, NY 10036 |

22.     Any objections, filings, and other submissions by the objecting Exchange Act Settlement Class Member:  (a) must state the full name, address, telephone number, and email address (if any) of the Person objecting and must be signed by the objector; (b) must contain a written statement of the Exchange Act Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Exchange Act Settlement Class Member wishes to bring to this Court's attention; (c) copies of any papers, briefs, or other documents on which the objection is based; (d) a statement of whether the objector intends to appear at the Federal Final Settlement Approval Hearing; and (e) must include documents sufficient to prove membership in the Exchange Act Settlement Class, including the number of Jumia ADSs that the objector purchased/acquired and sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale.

23.     Any Exchange Act Settlement Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Federal Action Settlement, the proposed Plan of Allocation, or any award of attorneys' fees and expenses to Federal Class Counsel, and shall forever be foreclosed from otherwise being heard concerning the Federal Action Settlement, the Plan of Allocation, and the requested attorneys' fees and expenses in this or any other proceeding.

24.     **Federal Settlement Fund** – All funds held by the Escrow Agent, including the contents of the Federal Settlement Fund, shall be deemed and considered to be in *custodia legis* of this Court, and shall remain subject to the jurisdiction of this Court, until such time as such funds shall be distributed pursuant to the Federal Stipulation and/or further order(s) of this Court.

25.     **Settlement Administration Fees and Expenses** – All reasonable expenses incurred in identifying and notifying Exchange Act Settlement Class Members, as well as administering the Federal Settlement Fund, shall be paid as set forth in the Federal Stipulation. In the event this Court does not approve the Federal Action Settlement, or it otherwise fails to become Final, neither Federal Class Representatives nor Federal Class Counsel shall have any obligation to repay any Class Notice and Administration Expenses actually and properly incurred or disbursed from the Federal Settlement Fund, except as provided for in the Federal Stipulation.

26.     **Plan of Allocation and Attorneys' Fees and Expenses** – At or after the Federal Final Settlement Approval Hearing, this Court shall determine whether the Plan of Allocation

proposed by Federal Class Counsel and any application for attorneys' fees and expenses should be approved.

27.     Neither Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Federal Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Federal Action Settlement.

28.     **Stay** – All proceedings in this Federal Action are stayed until further order of this Court, except as may be necessary to implement the Federal Action Settlement, comply with the terms of the Federal Stipulation, and/or enforce the terms and conditions of the Federal Stipulation.  Pending final determination of whether the Federal Action Settlement should be approved, (i) Federal Class Representatives, (ii) each and all of the Exchange Act Settlement Class Members and anyone claiming through or on behalf of any of them, and (iii) Federal Class Counsel agree and covenant not to file or pursue any of the Released Plaintiffs' Claims against the Released Defendant Parties.

29.     **Termination of Settlement** – If the Federal Stipulation is terminated as provided in the Federal Stipulation, the Federal Action Settlement is not approved, or the Effective Date of the Federal Action Settlement otherwise fails to occur:  (a) this Federal Preliminary Approval Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Federal Stipulation; (b) ¶ 7.6 of the Federal Stipulation shall apply; (c) the Exchange Act Settlement Class shall be decertified; (d) the balance of the Federal Settlement Fund, including interest accrued therein, less any Class Notice and Administration Expenses actually incurred or due and owing, shall be returned to Jumia (or such other Persons as Jumia may direct), in accordance with the Federal Stipulation; and (e) this Federal

- 17 -

Preliminary Approval Order may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Federal Settling Party shall be restored to his, her, or its respective position in the Federal Action as it existed as of August 11, 2020.

30.     **Use of this Federal Preliminary Approval Order** – This Federal Preliminary Approval Order, the Federal Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings relating to the Federal Stipulation, the Federal Action Settlement, and any matters arising in connection therewith shall not be offered or received against any Defendant for any purpose, and in particular:

(a)     do not constitute, and shall not be offered or received against any Defendant as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant of:  (i) the truth of any allegations by Federal Class Representatives or State Plaintiff, or any other Exchange Act Settlement Class Member or Securities Act Settlement Class Member; (ii) the validity of any claim that has been or could have been asserted in the Federal Action or the State Action, or in any other litigation, including, but not limited to, the Released Plaintiffs' Claims; (iii) the deficiency of any defense that has been or could have been asserted in the Federal Action or the State Action, or in any other litigation; or (iv) any liability, negligence, fault, or wrongdoing, on the part of, or damages owed by, any Defendant;

(b)     do not constitute, and shall not be offered or received (i) against any Defendant as evidence of, or construed as evidence of, a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or (ii) against Federal Class Representatives or any

Exchange Act Settlement Class Member as evidence of any infirmity in the claims of Federal Class Representatives and the Exchange Act Settlement Class;

(c)    do not constitute, and shall not be offered or received against any Defendant as evidence of, or construed as evidence of, a presumption, concession, or admission of any liability, negligence, fault, infirmity, or wrongdoing on the part of, or any damages owed by, or in any way referred to for any other reason as against any of the parties to the Federal Stipulation in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or effectuate the provisions of the Federal Stipulation; provided, however, that the Released Defendant Parties may refer to the Federal Stipulation to effectuate the release granted thereunder;

(d)    do not constitute, and shall not be offered or received against any Defendant, Federal Class Representatives, or any Exchange Act Settlement Class Member as evidence of, or construed as evidence of, a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be offered or construed as evidence that a class should be certified in the Federal Action if the Federal Action Settlement is not consummated.

31.    **Supporting Papers** – All papers in support of the Federal Action Settlement, Plan of Allocation, and any application by Federal Class Counsel for attorneys' fees and expenses shall be filed and served no later than twenty-eight (28) calendar days prior to the Federal Final Settlement Approval Hearing, and any reply papers shall be filed and served seven (7) calendar days prior to the Federal Final Settlement Approval Hearing.

32.     **Retention of Jurisdiction** – This Court retains jurisdiction over the Federal Action to consider all further matters arising out of or connected with the proposed Federal Action Settlement.

IT IS SO ORDERED.


DATED: _____    _____
                                   THE HONORABLE P. KEVIN CASTEL
                                   UNITED STATES DISTRICT JUDGE