# EXHIBIT A-1

*In re Jumia Technologies AG Securities Litigation*
**Case No. 19-cv-4397 (S.D.N.Y.) (Castel, J.)**

*Convery v. Jumia Technologies AG, et al.,*
**Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.) (Masley, J.)**

**NOTICE OF (I) PENDENCY OF CLASS ACTIONS AND PROPOSED SETTLEMENT OF FEDERAL ACTION AND STATE ACTION; (II) MOTIONS FOR AWARDS OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT HEARINGS**

**TO: (i) All persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia Technologies AG ("Jumia") American Depositary Shares ("ADSs") from April 12, 2019, through and including December 9, 2019, and were damaged thereby (the "Exchange Act Settlement Class"); and (ii) All persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia ADSs pursuant and/or traceable to the Registration Statement issued in connection with the initial public offering of Jumia ADSs ("IPO") during the period from April 12, 2019, through and including December 9, 2019, and were damaged thereby (the "Securities Act Settlement Class," and together with the Exchange Act Settlement Class, the "Settlement Classes" or "Classes").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROPOSED CLASS ACTION SETTLEMENTS IN LAWSUITS PENDING IN FEDERAL AND STATE COURTS.

IF YOU ARE A SECURITIES ACT SETTLEMENT CLASS MEMBER AND/OR AN EXCHANGE ACT SETTLEMENT CLASS MEMBER, YOU MUST SUBMIT A PROOF OF CLAIM AND RELEASE FORM TO OBTAIN YOUR SHARE OF THE SETTLEMENTS. IF YOU DO NOT SUBMIT A CLAIM, YOU WILL NOT HAVE ANY RIGHT TO COMPENSATION UNLESS YOU OPT OUT OF THE CLASSES.

This Notice concerns lawsuits pending in federal and state courts on behalf of investors (individuals and entities) who purchased Jumia ADSs from April 12, 2019 through December 9, 2019, inclusive. The federal lawsuit is referred to as *In re Jumia Technologies AG Securities Litigation*, No. 19-cv-4397 (S.D.N.Y.) (the "Federal Action"), and is pending before the Honorable P. Kevin Castel in the United States District Court for the Southern District of New York (the "Federal Court"). The state lawsuit is referred to as *Convery v. Jumia Technologies AG, et al.*, Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.) (the "State Action," and together with the Federal Action, the "Actions"), and is pending before the Honorable Andrea Masley of the Supreme Court of the State of New York, County of New York (the "State Court," and together with the Federal Court, the "Courts"). The plaintiffs in the Federal Action are Hexuan Cai; Kalyan Venkataraman; Kalyanasundaram Venkataraman; Matthew Sacks; and Yifeng Zhu (collectively, "Federal Plaintiffs"). The plaintiff in the State Action is Mark Convery ("State Plaintiff," and together with Federal Plaintiffs, "Plaintiffs"). The defendants in the Federal Action are: (i) Jumia; (ii) Jeremy Hodara; Sacha Poignonnec; Antoine Maillet-Mezeray; Gilles Bogaert; Andre T.

1

Iguodala; Blaise Judja-Sato; Jonathan D. Klein; Angela Kaya Mwanza; Alioune Ndiaye; Matthew Odgers; John H. Rittenhouse; and Donald J. Puglisi (collectively, the "Individual Defendants"); and (iii) Berenberg Capital Markets, LLC; Citigroup Global Markets Inc.; Morgan Stanley & Co. LLC; RBC Capital Markets, LLC; Raymond James & Associates, Inc.; Stifel, Nicolaus & Company, Incorporated; and William Blair & Company, L.L.C. (collectively, the "Underwriter Defendants," and together with Jumia and the Individual Defendants, "Federal Defendants"). The defendants in the State Action are Jumia, the Individual Defendants, the Underwriter Defendants, and Ernst & Young, Société Anonyme ("E&Y") (collectively, "State Defendants," and together with Federal Defendants, "Defendants").

This Notice is to inform you that Federal Plaintiffs, on behalf of themselves and each of the Exchange Act Settlement Class Members, and State Plaintiff, on behalf of himself and each of the Securities Act Settlement Class Members, have reached proposed settlement agreements with Federal Defendants and State Defendants.

Federal Plaintiffs and Federal Defendants have agreed to settle the Federal Action (the "Federal Action Settlement") pursuant to the terms and conditions set forth in the Stipulation of Settlement dated October 9, 2020 (the "Federal Stipulation"). The Federal Action Settlement resolves claims asserted on behalf of the Exchange Act Settlement Class under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). State Plaintiff and State Defendants have agreed to settle the State Action (the "State Action Settlement") pursuant to the terms and conditions set forth in the Stipulation of Settlement dated October 9, 2020 (the "State Stipulation"). The State Action Settlement resolves claims asserted on behalf of the Securities Act Settlement Class under the Securities Act of 1933 (the "Securities Act").[1]

**Overview of the Actions and Settlements**:

The Federal Action asserts four claims: (i) a claim for violation of Section 11 of the Securities Act against all Federal Defendants; (ii) a claim for violation of Section 15 of the Securities Act against the Individual Defendants; (iii) a claim for violation of Section 10(b) of the Exchange Act against Jumia, Hodara, Poignonnec, and Maillet-Mezeray; and (iv) a claim for violation of Section 20(a) of the Exchange Act against Hodara, Poignonnec, and Maillet-Mezeray. Federal Plaintiffs allege that Federal Defendants made materially false or misleading statements and/or omitted to disclose material information required to be disclosed in connection with Jumia's April 12, 2019 IPO, and caused the price of Jumia ADSs to be artificially inflated during the period from April 12, 2019, through and including December 9, 2019.

The State Action asserts three claims: (i) a claim for violation of Section 11 of the Securities Act against all State Defendants; (ii) a claim for violation of Section 12(a)(2) of the Securities Act against Jumia, Hodara, Poignonnec, and the Underwriter Defendants; and (iii) a claim for a violation of Section 15 of the Securities Act against the Individual Defendants. State Plaintiff alleges that State Defendants made materially false or misleading statements and/or omitted to

---

[1] Capitalized terms that are not defined in this Notice are defined in the Federal Stipulation and the State Stipulation, which are available at www.strategicclaims.net.

disclose material information required to be disclosed in connection with Jumia's April 12, 2019 IPO.

On May 12, 2020, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants engaged in a mediation via videoconference before Jed Melnick, an experienced mediator with JAMS (the "Mediator").  While the mediation failed to settle the claims alleged for either the State Action or the Federal Action, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants continued negotiating through the Mediator. On August 11, 2020, after further arm's-length negotiations with the assistance of the Mediator, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants agreed to settlements of the Federal Action and the State Action on terms that included total settlement consideration of $5,000,000.00 (five million U.S. dollars), to be allocated, as set forth in further detail below, between the Federal Action and the State Action. The proposed settlement terms were memorialized in a term sheet executed on August 11, 2020 by Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants.  Thereafter, all parties executed the Federal Stipulation and the State Stipulation to resolve the Federal Action and the State Action, respectively, subject to approval by the Federal Court and the State Court.

**Overview of the Recovery**: Federal Plaintiffs have agreed to settle all claims on behalf of the Exchange Act Settlement Class and grant Federal Defendants and the Released Defendant Parties a full and complete release of all Released Plaintiffs' Claims in exchange for a cash payment of $2,000,000.00 (two million U.S. dollars) (the "Federal Settlement Amount").  Separately, State Plaintiff agreed to settle all claims on behalf of the Securities Act Settlement Class and grant State Defendants and the Released Defendant Parties a full and complete release of all Released Plaintiffs' Claims in exchange for a cash payment of $3,000,000.00 (three million U.S. dollars) (the "State Settlement Amount").

The Federal Settlement Amount, plus any interest earned thereon, is called the "Federal Settlement Fund." The State Settlement Amount, plus any interest earned thereon, is called the "State Settlement Fund." The "Net Federal Settlement Fund" (the Federal Settlement Fund less any attorneys' fees and expenses provided for herein or approved by the Federal Court and less Class Notice and Administration Expenses, Taxes and Tax Expenses, and other Federal Court-approved deductions) and the "Net State Settlement Fund" (the State Settlement Fund less any attorneys' fees and expenses provided for herein or approved by the State Court and less Class Notice and Administration Expenses, Taxes and Tax Expenses, and other State Court-approved deductions) will be distributed pursuant to the plan of allocation that is approved by the Courts (the "Plan of Allocation"), which determines how the Net Federal Settlement Fund and the Net State Settlement Fund will be allocated among Members of the Settlement Classes who become eligible to participate in the distribution of the Net Federal Settlement Fund and the Net State Settlement Fund by submitting a timely and valid Proof of Claim and Release Form. The proposed Plan of Allocation is described at pages 26-31 below.

The estimated average recovery per share for Members of the Settlement Classes from the Settlement Fund (before the deduction of any Court-approved fees, expenses, and costs as described herein) would be approximately $0.095 per share from the Federal Action Settlement and $0.193 per share from the State Action Settlement.

These amounts assume all eligible Members of the Settlement Classes submit timely and valid Proof of Claim and Release Forms. If fewer than all Members of the Settlement Classes submit timely and valid Proof of Claim and Release Forms (which is likely), the distributions per share will be higher. A Class Member's actual recovery will be a proportion of the Net Federal Settlement Fund and/or the Net State Settlement Fund determined by a Class Member's number of eligible ADSs as compared to the total number of eligible ADSs of all Members of the Settlement Classes who submit timely and valid Proof of Claim and Release Forms. (*See* the Plan of Allocation beginning on page 26 below for details and more information.)

Federal Lead Counsel and State Plaintiff's Counsel intend to seek attorneys' fees in the Federal Court and the State Court, respectively.  If the Federal Action Settlement is approved by the Federal Court, Federal Lead Counsel will apply to the Federal Court for an award of attorneys' fees, not to exceed one-third of the Federal Settlement Amount, or $666,666.67, for reimbursement of expenses not to exceed $125,000.00 incurred in investigating the facts, prosecuting the case, and negotiating the Settlements, and an award to Federal Plaintiffs of up to $2,500.00 each or $12,500.00 in total.  Likewise, if the State Action Settlement is approved by the State Court, State Plaintiff's Counsel will apply to the State Court for an award of attorneys' fees, not to exceed one-third of the State Settlement Amount, or $1,000,000.00, for reimbursement of expenses not to exceed $75,000.00 incurred in investigating the facts, prosecuting the case, and negotiating the Settlements, and an award to State Plaintiff of up to $2,500.00.  Please note that these amounts are only estimates and are subject to approval by the Federal Court and the State Court.

Defendants deny that the Federal Action and the State Action are subject to proper class certification, that they engaged in any wrongdoing, that they are liable to either Federal Plaintiffs and the Exchange Act Settlement Class or State Plaintiff and the Securities Act Settlement Class, and that Federal Plaintiffs, State Plaintiff, or other Exchange Act Settlement Class Members or Securities Act Settlement Class Members suffered any injury.  Moreover, the parties in the Federal Action and the State Action do not agree on the amount of recoverable damages, if any, or on the average amount of damages, if any, per share that would be recoverable if Federal Plaintiffs and State Plaintiff were to prevail in the Actions.  The issues on which the parties in the Federal Action and the State Action disagree include, but are not limited to:  (i) whether the statements made or facts allegedly omitted were material, false, or misleading; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) whether Defendants are otherwise liable under the securities laws for those statements or omissions; and (iv) whether all or part of the damages allegedly suffered by the Settlement Classes were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

Federal Plaintiffs and State Plaintiff believe that the Settlements represent a fair and reasonable recovery in light of the risks of continued litigation and are in the best interests of the Settlement Classes.  For Federal Plaintiffs and State Plaintiff, the principal reason for the Federal Action Settlement and the State Action Settlement is the guaranteed cash benefit to the Settlement Classes. This benefit must be compared to:  (i) the uncertainty of being able to prove the allegations in the Actions; (ii) the uncertainty inherent in the parties' competing theories of liability and damages; (iii) the risks of litigation, especially in complex actions like these; and (iv) the difficulties and delays inherent in such litigation (including any trials or appeals).  For Defendants, who deny all

allegations of wrongdoing or liability whatsoever and deny that any Exchange Act Settlement Class Member or Securities Act Settlement Class Member was damaged, the sole reason for entering into the Federal Action Settlement and the State Action Settlement is to end the burden, expense, uncertainty, and risk of further protracted litigation.

**Identification of Attorneys**: Federal Plaintiffs, State Plaintiff, and all other Exchange Act Settlement Class Members and Securities Act Settlement Class Members are represented by counsel identified on page 6 below.

PLEASE DO NOT TELEPHONE THE FEDERAL COURT, THE STATE COURT, THE CLERK'S OFFICE OF EITHER COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL TO INQUIRE ABOUT THESE SETTLEMENTS OR THE CLAIM PROCESS.

## YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS:

**SUBMIT A CLAIM FORM:**  The only way to possibly receive a payment from the Settlements.

> **Deadline:  _____, 202__.**

**EXCLUDE YOURSELF:** You get no payment from the Settlements.  This is the only option that might allow you to bring an individual lawsuit against Defendants asserting the legal claims being released in these Settlements, if you have a valid and timely claim.

> **Deadline:  _____, 202__.**

**OBJECT:** You may write to the Federal Court and/or the State Court if you do not like the Federal Action Settlement and/or the State Action Settlement, the Plan of Allocation, the fee and expense awards requested by State Plaintiff's Counsel in the State Action and/or Federal Lead Counsel in the Federal Action.  If you object, you will still be a member of the Exchange Act Settlement Class and/or the Securities Act Settlement Class.

> **Deadline:  _____, 202__.**

**GO TO A HEARING:**  You may ask to speak in the Federal Court about the fairness of the Federal Action Settlement and/or in the State Court about the fairness of the State Action Settlement.

> **Federal Action Hearing Date:  _____, 202__.**

> **State Action Hearing Date:  _____, 202__.**

**DO NOTHING:** You get no payment and give up your rights relating to the claims described in this Notice.

5

- These rights and options *and the deadlines to exercise them* are explained in this Notice.

- The Federal Court and the State Court must decide whether to approve the respective Settlements pending before them.  If approved, payments will be made to claimants from the Federal Settlement Fund and the State Settlement Fund after the Effective Date, *i.e.*, after both the Federal Court approves the Federal Action Settlement and enters a final judgment, and after all appeals and subsequent proceedings (if any) are resolved, and the State Court approves the State Action Settlement and enters a final judgment, and after all appeals and subsequent proceedings (if any) are resolved.

These rights and options are explained in further detail later in this Notice.

**Further Information**

For further information regarding these Settlements, you may contact a representative of Federal Lead Counsel:

| Phillip Kim<br>The Rosen Law Firm, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Telephone: 212-686-1060<br>Fax: 212-202-3827<br>Email: pkim@rosenlegal.com | or | Jeremy Lieberman<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: 212-661-1100<br>Fax: 917-463-1044<br>Email: jalieberman@pomlaw.com |
|---|---|---|

You may also contact a representative of State Plaintiff's Counsel:

| Jeffrey P. Campisi<br>Kaplan Fox & Kilsheimer LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>Fax: (212) 687-7714<br>Email: jcampisi@kaplanfox.com |
|---|

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................................**Page**

1. Why did I get this Notice package? .................................................................................

2. What are the lawsuits about? ..........................................................................................

3. What is a class action?....................................................................................................

4. Why are there Settlements? ............................................................................................


**WHO IS INCLUDED IN THE SETTLEMENTS?** ............................................................**Page**

5. How do I know if I am a Member of the Settlement Classes? ...........................................

6. Are there any exceptions to being included as a Member of the Settlement Classes? ........

7. I am still not sure if I'm included.....................................................................................


**BENEFITS OF THE SETTLEMENTS** ...............................................................................**Page**

8. What do the Settlements provide? ...................................................................................

9. How much will my payment be? ......................................................................................

10. How can I get a payment?................................................................................................

11. When will I receive my payment? ....................................................................................

12. What am I giving up to get a payment or stay in the Settlement Classes? .........................


**EXCLUDING YOURSELF FROM THE SETTLEMENTS**...........................................**Page**

13. How do I exclude myself from the Settlements?...............................................................

14. If I don't exclude myself, can I sue Defendants for the same things later?.........................

15. If I exclude myself, can I get money from the Settlements? .............................................


**THE LAWYERS REPRESENTING YOU** .........................................................................**Page**

16. Do I have a lawyer in these cases?...................................................................................

17. How will the lawyers be paid?..........................................................................................

7

**THE COURTS' SETTLEMENT HEARINGS** ...................................................................**Page**

18.     When and where will the Federal Court and the State Court decide whether to approve the Settlements? ........................................................................................................................

19.     Do I have to come to the settlement hearings? ....................................................................


**OBJECTING TO THE SETTLEMENTS**.........................................................................**Page**

20.     How do I tell the Federal Court or the State Court that I do not like the Federal Action Settlement or the State Action Settlement? ..................................................................................

21.     What's the difference between objecting and excluding? ....................................................


**IF YOU DO NOTHING** ................................................................................................**Page**

22.     What happens if I do nothing at all? ....................................................................................


**OBTAINING MORE INFORMATION**...........................................................................**Page**

23.     Are there more details about the Settlements?.....................................................................


**SPECIAL NOTICE TO NOMINEES**..............................................................................**Page**

24.     Special Notice to Non-Defendant Banks, Trustees, Brokerage Firms, or Other Nominees ....................................................................................................................................


25.     Understanding Your Payment – The Plan of Allocation ...........................................**Page**

### BASIC INFORMATION

| 1.  Why did I get this Notice package? |
|---|

You or someone in your family may have purchased Jumia ADSs during the period from April 12, 2019, through and including December 9, 2019, the Class Period for the Settlements.

The Federal Court and the State Court caused this Notice to be sent to you because you have a right to know about the proposed Settlements, hearings to be held by the Federal Court and the State Court to consider the fairness, reasonableness, and adequacy of the Settlements, and about all of your options, before the Federal Court and the State Court decide whether

to approve the Settlements.  If the Federal Court and the State Court approve the Settlements, and after any objections or appeals are resolved, a claims administrator appointed by the Federal Court and the State Court will make the payments that the Settlements allow.

This Notice explains the Federal Action and the State Action, the Federal Action Settlement and the State Action Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  It is not an expression of any opinion by the Federal Court or the State Court with respect to the truth of the allegations of the litigations or the merits of the claims or defenses asserted.  It also does not mean that you are a Member of either the Exchange Act Settlement Class or the Securities Settlement Class or that you will be entitled to receive a payment from the Federal Action Settlement or the State Action Settlement.

---

**2.  What are the lawsuits about?**

---

### The Federal Action

The Federal Action involves allegations that Federal Defendants violated certain federal securities laws by allegedly making false and misleading statements concerning certain reported metrics, including gross merchandise value, active consumers, and active sellers. The Second Amended Complaint alleges that the misstatements or omissions artificially inflated Jumia's share price, and that the share price dropped in response to certain subsequent disclosures. Federal Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Federal Action. The Federal Action Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of Federal Defendants or the Released Defendant Parties, or of any infirmity of any of Federal Defendants' defenses, or of any damages to Federal Plaintiffs or any other Exchange Act Settlement Class Member. The Federal Action Settlement resolves all of the claims in the Federal Action, as well as certain other claims or potential claims, whether known or unknown.

### The State Action

The State Action involves allegations that State Defendants violated certain federal securities laws by allegedly making false and misleading statements in Jumia's Registration Statement and Prospectus, issued in connection with Jumia's IPO, concerning certain reported metrics including gross merchandise value, active consumers, and active sellers.  The State Action further alleges that Jumia's financial statements, audited by Defendant E&Y, were materially false and misleading because Jumia materially overstated its reported revenue in violation of international accounting standards.  It is further alleged that the misstatements or omissions artificially inflated Jumia's share price, and that the share price dropped in response to certain subsequent disclosures.  State Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the State Action. The State Action Settlement shall in no event be construed as, or deemed to be

9

evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of State Defendants or the Released Defendant Parties, or of any infirmity of any of State Defendants' defenses, or of any damages to State Plaintiff or any other Securities Act Settlement Class Member. The State Action Settlement resolves all of the claims in the State Action, as well as certain other claims or potential claims, whether known or unknown.

**Settlement Proceedings**

On May 12, 2020, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants engaged in a mediation via videoconference before Jed Melnick, an experienced mediator with JAMS.  While the mediation failed to settle the claims alleged for either the State Action or the Federal Action, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants continued negotiating through the Mediator. On August 11, 2020, after further arm's-length negotiations with the assistance of the Mediator, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants agreed to a settlement of the Federal Action and the State Action on terms that included total settlement consideration of $5,000,000.00 (five million U.S. dollars), to be allocated, as set forth in further detail below, between the Federal Action and the State Action.  The proposed settlement terms were memorialized in a term sheet executed on August 11, 2020 by Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants.  Thereafter, all parties executed the Federal Stipulation and the State Stipulation to resolve the Federal Action and the State Action, respectively, subject to approval by the Federal Court and the State Court, respectively.

On _____ and _____, 2020, the Federal Court and the State Court, respectively, entered orders preliminarily approving the proposed State Action Settlement and the proposed Federal Action Settlement, respectively, approving this Notice, setting deadlines, and scheduling the settlement hearings to consider whether to grant final approval of the Settlements.

**3.  What is a class action?**

In a class action, one or more persons or entities sue on behalf of people and entities who have similar claims. Together, these people and entities are referred to as a "class," and each is a "class member." One court resolves the issues for all class members at the same time, except for those class members who exclude themselves from the class.  In this case, there are two classes, the Exchange Act Settlement Class and the Securities Act Settlement Class.

---

**4. Why are there Settlements?**

---

Federal Plaintiffs and State Plaintiff asserted claims against Federal Defendants and State Defendants on behalf of the Exchange Act Settlement Class and the Securities Act Settlement Class. Defendants deny that they have done anything wrong or violated any statute and admit no liability. No court has decided in favor of Federal Plaintiffs, State Plaintiff, or the Settlement Classes or in favor of Defendants. Instead, all parties agreed to the Settlements to avoid the costs and risks of further litigation, including trial and post-trial appeals, and Federal Plaintiffs and State Plaintiff agreed to the Settlements to ensure that Members of the Settlement Classes will receive compensation. Federal Plaintiffs, State Plaintiff, Federal Lead Counsel, and State Plaintiff's Counsel all believe the Settlements are in the best interest of all Members of the Settlement Classes in light of the real possibility that continued litigation could result in no recovery at all.

Defendants have denied and continue to deny any wrongdoing and deny that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that: (i) they knowingly, or otherwise, made any material misstatements or omissions; (ii) any Exchange Act Settlement Class Member or Securities Act Settlement Class Member has suffered damages; (iii) the price of Jumia ADSs was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; and (iv) the Exchange Act Settlement Class Members and the Securities Act Settlement Class Members were harmed by the conduct alleged in the Federal Action and the State Action. Nonetheless, Defendants have concluded that continuation of the Federal Action and the State Action would be protracted, time-consuming, and expensive, and that it is desirable that the Federal Action and the State Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Federal Stipulation and the State Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially complex cases like the Federal Action and the State Action, and believe that it is desirable and beneficial that the Federal Action and the State Action be settled in the manner and upon the terms and conditions set forth in the Federal Stipulation and the State Stipulation.

## WHO IS INCLUDED IN THE SETTLEMENTS?

---

**5. How do I know if I am a Member of the Settlement Classes?**

---

Everyone who fits the following descriptions is a Member of one or both of the Settlement Classes:

(i) All persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia ADSs from April 12, 2019, through and including December 9, 2019, and were damaged thereby; and (ii) All persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia ADSs pursuant and/or

11

traceable to the Registration Statement issued in connection with the IPO during the period from April 12, 2019, through and including December 9, 2019, and were damaged thereby.  Excluded are the Released Defendant Parties,[2] except for any Investment Vehicle.[3]  Also excluded are those Persons who timely and validly request exclusion from the Settlement Classes pursuant to the Notice.

---

**6.  Are there any exceptions to being included as a Member of the Settlement Classes?**

---

Yes.  As mentioned in the description above, you are not a member of the Settlement Classes if any of the following applies to you:

☐        You do not meet the definition of the Settlement Classes above.

☐        You are one of the Released Defendant Parties, except for any Investment Vehicle.

☐        You timely and validly request exclusion from the Settlement Classes pursuant to this Notice.

---

[2] "Released Defendant Parties" is defined as any and all Defendants and each of their Related Parties.

"Related Parties" is defined as the Individual Defendants, in their individual or official capacities, Jumia, the Underwriter Defendants, and E&Y, as well as (i) with respect to each Individual Defendant, his or her assigns, assignees, attorneys, advisors, auditors, accountants, representatives, members of his or her immediate family, heirs, executors, estates, administrators, and insurers and reinsurers, in their respective capacities as such; (ii) with respect to all other Defendants, each of their predecessors, successors, past, present, or future parents, subsidiaries, affiliates, and divisions, whether direct or indirect, and each of their respective past, present, or future officers, directors, management and supervisory board members, agents, partners, principals, members, employees, attorneys, advisors, auditors, accountants, underwriters, investment bankers, and insurers and reinsurers, in their respective capacities as such; (iii) with respect to all Defendants, any firm, trust, corporation, or other entity in which any of Defendants has or had a controlling interest, in their respective capacities as such; and (iv) with respect to E&Y, Ernst & Young Global Limited and all member firms of Ernst & Young Global Limited, including, but not limited to, Ernst & Young LLP.

[3] "Investment Vehicle" is defined as any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, funds of funds, and hedge funds, in which Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor but of which any Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

---

**7. I'm still not sure if I'm included.**

---

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator, Strategic Claims Services, at P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, Tel. (866) 274-4004, Email: info@strategicclaims.net, or you can fill out the Proof of Claim and Release Form described in question 10, to see if you qualify.

**BENEFITS OF THE SETTLEMENTS**

---

**8. What do the Settlements provide?**

---

The following description of the proposed Settlements is only a summary, and reference is made to the text of the Federal Stipulation and the State Stipulation, on file with the Federal Court and the State Court, respectively, or accessible at https://www.strategicclaims.net/, for a full statement of the provisions of the Settlements.

Jumia and its insurer caused $5,000,000.00 (five million U.S. dollars) to be paid into escrow accounts that are earning interest for the benefit of the Settlement Classes.  As agreed between State Plaintiff and Federal Plaintiffs, of the total consideration, Jumia and its insurers paid the State Settlement Amount ($3,000,000.00 (three million U.S. dollars)) into an escrow account for the benefit of the Securities Act Settlement Class (the "State Settlement Fund"), and separately paid the Federal Settlement Amount ($2,000,000.00 (two million U.S. dollars)) into an escrow account for the benefit of the Exchange Act Settlement Class (the "Federal Settlement Fund").

The Federal Settlement Fund and the State Settlement Fund will be used to pay for this Notice and the processing of claims submitted by Members of the Settlement Classes, to pay Taxes and Tax Expenses, and to pay attorneys' fees and reimbursement of expenses, if approved by the Federal Court in the Federal Action and the State Court in the State Action, respectively.

The Net Federal Settlement Fund and the Net State Settlement Fund will be distributed, in accordance with the Plan of Allocation described below, to Exchange Act Settlement Class Members and Securities Act Settlement Class Members, respectively, who submit valid and timely Proof of Claim and Release Forms.

The effectiveness of the Settlements are subject to a number of conditions and reference to the Stipulations is made for further particulars regarding these conditions.

---

**9.  How much will my payment be?**

---

Your share of the fund will depend on several things, including how many Members of the Settlement Classes submit a timely and valid Proof of Claim and Release Form, the total dollar amount of the claims represented by the valid Proof of Claim and Release Forms that Members of the Settlement Classes submit, the number of Jumia ADSs you purchased or acquired, how much you paid for the ADSs, when you purchased or acquired them, and if you sold your ADSs and for how much.

By following the instructions in the Plan of Allocation, you can calculate your claim. It is unlikely that you will get a payment for the full amount of your claim. After all Members of the Settlement Classes have submitted their Proof of Claim and Release Forms, the payment you get will be a part of the Net Federal Settlement Fund and/or the Net State Settlement Fund equal to your claim divided by the total of all valid claimants' claims. (*See* the Plan of Allocation in paragraph 25 below for more information on your claim.)

---

**10. How can I get a payment?**

---

To qualify for payment, you must timely submit a Proof of Claim and Release Form to the Claims Administrator.  A Proof of Claim and Release Form is attached to this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, and sign it where indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically via the Claims Administrator's website at https://www.strategicclaims.net by **11:59 p.m. EST on  _____, 202_**; or (2) by mailing the Proof of Claim and Release Form together with all documentation requested in the Proof of Claim and Release Form, **postmarked no later than _____, 202_** to the Claims Administrator at Jumia Technologies AG Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063.

Unless the Federal Court or the State Court orders otherwise, if you do not timely submit a Proof of Claim and Release Form, you will be barred from receiving any payments from the Net Federal Settlement Fund or the Net State Settlement Fund, but will in all other respects be bound by the Federal Order and Final Judgment and the State Order and Final Judgment in the Federal Action and the State Action, respectively.

---

**11. When will I receive my payment?**

---

The Federal Court will hold a hearing on _____, 202_, to decide whether to approve the Federal Action Settlement, and the State Court will hold a hearing on

_____, 202_, to decide whether to approve the State Action Settlement.  If the Courts approve the Settlements, there may be appeals.  If there are any appeals, it is uncertain when these appeals will be resolved, and resolving them can take time, typically more than a year.  The Claims Administrator will also need time to process the submitted claims before any distribution can be made to Federal Authorized Claimants and State Authorized Claimants.  The claims administration process is complicated and will take many months, even when there is no delay due to an appeal.  Please be patient.

---

**12. What am I giving up to get a payment or stay in the Settlement Classes?**

---

If you do not make a valid and timely request in writing to be excluded from the Exchange Act Settlement Class and/or the Securities Act Settlement Class, you will be bound by any and all determinations or judgments in the Federal Action and/or the State Action in connection with the Settlements entered into or approved by the Federal Court and the State Court, whether favorable or unfavorable to the Settlement Classes, and you shall be deemed to have, and by operation of the Federal Order and Final Judgment and the State Order and Final Judgment in the Federal Action and the State Action, respectively, shall have, fully released all of the Released Plaintiffs' Claims against the Released Defendant Parties, whether or not you submit a valid Proof of Claim and Release Form or share in the Federal Settlement Fund or the State Settlement Fund.

As a Member of the Exchange Act Settlement Class and/or the Securities Act Settlement Class, in consideration for the benefits of the Settlements, you will be bound by the terms of the Federal Action Settlement and/or the State Action Settlement, respectively, and you will release the Released Defendant Parties from the Released Plaintiffs' Claims as defined below.

"Released Claims" means both the Released Defendants' Claims and the Released Plaintiffs' Claims.

"Released Defendants' Claims" means any and all (a) claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, claims, controversies, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal, state, local, or foreign statutory, common, or administrative law, or any other law, rule, or regulation, whether foreign or domestic, that (b) arise out of or are based upon the institution, prosecution, or settlement of the claims against Defendants in the Actions.  Notwithstanding the foregoing, Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlements; (ii) any claims against any person or entity who or which submits a request for

15

exclusion from the Settlements that is accepted by the Federal Court or the State Court as valid; and (iii) any claims that any Defendant may have under or relating to any policy of liability or any other insurance policy.

"Released Plaintiffs' Claims" means any and all (a) claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, claims, controversies, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal, state, local, or foreign statutory, common, or administrative law, or any other law, rule, or regulation, whether foreign or domestic, that (b) State Plaintiff, Federal Plaintiffs, or any other member of the Settlement Classes:  (i) asserted in any of the complaints filed in the Actions; or (ii) could have asserted in the Actions or in any other action or in any other forum that (c) have arisen, arise now, or hereafter arise out of, are based upon, or relate, directly or indirectly, in any manner, or are in consequence of any of the facts, allegations, transactions, matters, events, practices, conduct, disclosures, nondisclosures, occurrences, representations, statements, acts, omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Actions, and that (d) relate, directly or indirectly, in any manner to the trading, purchase, acquisition, holding, disposition, or sale of Jumia ADSs during the Class Period, including without limitation, any claims related to statements, disclosures, nondisclosures, or omissions allegedly made or not made by Defendants or any other of the Released Defendant Parties, or that otherwise would have been barred by res judicata had the Actions been litigated to a final judgment.  Released Plaintiffs' Claims include all rights of appeal from any prior decision of the State Court and the Federal Court in the Actions. Released Plaintiffs' Claims do not include any claims relating to the enforcement of the Settlements.

"Unknown Claims" means any of the Released Plaintiffs' Claims which Federal Plaintiffs or any Exchange Act Settlement Class Member does not know or suspect to exist in such party's favor at the time of the release of the Released Defendant Parties which, if known by such party, might have affected such party's settlement with and release of the Released Defendant Parties, or might have affected such party's decision not to object to the Federal Action Settlement and the State Action Settlement.  With respect to any and all Released Plaintiffs' Claims, upon the Effective Date, Federal Plaintiffs, State Plaintiff, the Exchange Act Settlement Class Members, and the Securities Act Settlement Class Members shall expressly waive, and by operation of the Federal Order and Final Judgment and the State Order and Final Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is or has an effect which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

16

*A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.*

Federal Plaintiffs, State Plaintiff, the Exchange Act Settlement Class Members, and the Securities Act Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Federal Plaintiffs, State Plaintiff, the Exchange Act Settlement Class Members, and the Securities Act Settlement Class Members, upon the Effective Date, by operation of the Federal Order and Final Judgment and the State Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Federal Plaintiffs, State Plaintiff, the Exchange Act Settlement Class Members, and the Securities Act Settlement Class Members acknowledge that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims was separately bargained for and was a material element of the Federal Action Settlement and the State Action Settlement.

If the proposed Settlements are approved, the Federal Court and the State Court, respectively, will enter the Federal Order and Final Judgment and the State Order and Final Judgment. In addition, upon the Effective Date, Federal Plaintiffs, State Plaintiff, and each Member of the Settlement Classes, for themselves and for any other Person claiming (now or in the future) through or on behalf of any of them, and regardless of whether any such Plaintiff or Member of the Settlement Classes ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release Form, any distribution from the Federal Settlement Fund or the State Settlement Fund, shall be deemed to have, and by operation of the Federal Order and Final Judgment and State Order and Final Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against the Released Defendant Parties, except to enforce the releases and other terms and conditions contained in the Federal Stipulation and the State Stipulation or the Federal Order and Final Judgment and the State Order and Final Judgment entered pursuant thereto.

17

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

If you do not want to be bound by the Federal Order and Final Judgment and/or the State Order and Final Judgment or recover money from the Federal Settlement Fund and/or the State Settlement Fund, and instead want to keep any claims you may have and any right you may have to sue Defendants on your own about the legal issues in these Actions, then you must take steps to get out.  This is called excluding yourself from – or opting out of – the Settlement Classes.

---

**13. How do I exclude myself from the Settlements?**

---

If you do not wish to be included in the Exchange Act Settlement Class and/or the Securities Act Settlement Class and you do not wish to participate in the proposed Federal Action Settlement and/or the proposed State Action Settlement described in this Notice, you may request to be excluded.  To do so, you must submit a written request for exclusion that must be received on or before _____, 202_ (twenty-one (21) calendar days prior to the earlier of the Federal Final Settlement Approval Hearing and the State Final Settlement Approval Hearing) and must: (a) state the name, address, telephone number, and email address (if any) of the Person(s) requesting exclusion; (b) state that the Person wishes to be excluded from the Settlement in *In re Jumia Technologies AG Securities Litigation*, Case No. 1:19-cv-04397-PKC (S.D.N.Y.) and/or *Convery v. Jumia Technologies AG, et al*., Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.); (c) state the number of Jumia ADSs held at the start of the Class Period; (d) state the Person's purchases or acquisitions of Jumia ADSs during the Class Period, including the dates of such purchases or acquisitions, the number of Jumia ADSs purchased or acquired, and the price paid for each such purchase or acquisition; (e) state the Person's sales or dispositions of Jumia ADSs during the Class Period, including the dates of such sales or dispositions, the number of Jumia ADSs sold or disposed, and the price received for each such sale or disposition; and (f) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Federal Court and/or the State Court.  The request must be addressed as follows:

EXCLUSIONS - Jumia Technologies AG Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by phone or by e-mail.**

**If you ask to be excluded from the Exchange Act Settlement Class and/or the Securities Act Settlement Class, you will not get any settlement payment.**  If you exclude yourself, you will not be legally bound by anything that happens in the Federal Action and/or the State Action.  You might be able to sue (or continue to sue) Jumia and the other Defendants in the

18

future about the claims in the Federal Action and/or the State Action, but your claims may not be timely, valid, or you may not prevail on the merits.

---

**14. If I don't exclude myself, can I sue Defendants for the same things later?**

---

**NO.** Unless you exclude yourself, you give up any right to sue Defendants about the claims that these Settlements resolve.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from *these* Settlement Classes to continue or file any lawsuit alleging the same claims as are resolved by these Settlements.  Remember, the exclusion deadline is _____, 202_.

---

**15. If I exclude myself, can I get money from the Settlements?**

---

**NO.**  If you exclude yourself, you will not be entitled to receive any money from the Federal Settlement Fund or the State Settlement Fund.  If you exclude yourself, do not send in a Proof of Claim and Release Form to ask for any money.

---

### THE LAWYERS REPRESENTING YOU

---

**16. Do I have a lawyer in these cases?**

---

The Federal Court appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Federal Lead Counsel to represent Federal Plaintiffs and the Exchange Act Settlement Class Members. These lawyers are called Federal Lead Counsel, or Lead Counsel.

Kaplan Fox & Kilsheimer LLP represents State Plaintiff and the Securities Act Settlement Class Members.  These lawyers are called State Plaintiff's Counsel.

Federal Lead Counsel and State Plaintiff's Counsel are called collectively "Plaintiffs' Counsel."

You will not be charged for these lawyers. They will be paid from the Federal Settlement Fund and the State Settlement Fund to the extent the Courts approve their application for fees and expenses.

If you want to be represented by your own lawyer, you may hire one at your own expense. If you are a Member of the Settlement Classes, you may, but are not required to, enter an appearance in either or both of the Actions through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or

19

before _____, 202_, and must serve copies of such appearance on the attorneys listed under question 20 below no later than twenty (20) calendar days prior to the Federal Final Settlement Approval Hearing or the State Final Settlement Approval Hearing, or as the Federal Court or the State Court may otherwise direct. If you do not enter an appearance through counsel of your own choosing, you will be represented by Plaintiffs' Counsel.

---

**17. How will the lawyers be paid?**

---

Federal Lead Counsel will apply to the Federal Court for attorneys' fees not to exceed one-third of the Federal Settlement Amount, or $666,666.67, for reimbursement of their out-of-pocket expenses not to exceed $125,000.00, and an award to Federal Plaintiffs for up to $2,500.00 each, or $12,500.00 in total. These payments, if approved, will reduce the amount to be divided among all Federal Authorized Claimants by approximately $0.038 per damaged share. *Such sums as may be approved by the Federal Court will be paid from the Federal Settlement Amount.* Pursuant to S.D.N.Y. Local Rule 23.1, Federal Lead Counsel intends to share part of any attorneys' fees awarded by the Court in the Federal Action with Robbins Geller Rudman & Dowd LLP, the Schall Law Firm, and the HAO Law Firm, in accordance with their level of contribution to the initiation, prosecution, and resolution of the Action. Additionally, Federal Lead Counsel also intends to share in the fees awarded by the State Court in the State Action with State Plaintiff's Counsel, Kaplan Fox & Kilsheimer LLP.

Separately, State Plaintiff's Counsel will apply to the State Court for attorneys' fees not to exceed one-third of the State Settlement Amount, or $1,000,000.00, for reimbursement of their out-of-pocket expenses not to exceed $75,000.00, and an award to State Plaintiff for up to $2,500.00. These payments, if approved, will reduce the amount to be divided among all State Authorized Claimants by approximately $0.069 per damaged share. *Such sums as may be approved by the State Court will be paid from the State Settlement Amount.*

Members of the Settlement Classes are <u>not</u> personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving the Settlements and for their risk in undertaking this representation on a wholly contingent basis. To date, Plaintiffs' Counsel have not been paid anything for their services for conducting these litigations on behalf of State Plaintiff and Federal Plaintiffs and the Securities Act Settlement Class and the Exchange Act Settlement Class nor for their substantial out-of-pocket expenses. The Federal Court and the State Court may, however, award less than these amounts in their discretion.

**THE FEDERAL COURT'S AND THE STATE COURT'S SETTLEMENT HEARINGS**

---

**18. When and where will the Federal Court and the State Court decide whether to approve the Settlements?**

---

The Federal Court will hold a hearing at _____ on _____, 202\_ before the Honorable P. Kevin Castel at the United States District Court, 500 Pearl Street, New York, NY 10007, Courtroom 11D, New York, NY 10007 (the "Federal Final Settlement Approval Hearing").  At this hearing, the Federal Court will consider whether:  (i) the Exchange Act Settlement Class should be certified for purposes of the Federal Action Settlement only; (ii) the Federal Action Settlement should be approved as fair, reasonable, and adequate; (iii) the Federal Action should be dismissed with prejudice, and the releases specified and described in the Federal Stipulation (and above) should be entered; (iv) the proposed Plan of Allocation for the Settlements should be approved as fair and reasonable; and (v) Federal Lead Counsel's application for an award of attorneys' fees of up to one-third of the Federal Settlement Fund, expenses of up to $125,00.00 in the Federal Action, and awards to Federal Plaintiffs in the amount of up to $2,500.00 each should be approved.  If there are objections, the Federal Court will hear them.  Any Exchange Act Settlement Class Member who has not previously submitted a request for exclusion from the Exchange Act Settlement Class, and who fulfills the requirements for objecting set out below, may appear and be heard, to the extent allowed by the Federal Court, to state any objections.

The State Court will hold a hearing at _____ on _____, 202\_ before the Honorable Justice Andrea Masley at the Supreme Court of the State of New York, County of New York, Room 647, 60 Centre Street, New York, NY 10007 (the "State Final Settlement Approval Hearing").  At this hearing, the State Court will consider whether: (i) the Securities Act Settlement Class should be certified for purposes of the State Action Settlement only; (ii) the State Action Settlement should be approved as fair, reasonable, and adequate; (iii) the State Action should be dismissed with prejudice, and the releases specified and described in the State Stipulation (and above) should be entered; (iv) the proposed Plan of Allocation for the Settlements should be approved as fair and reasonable; and (v) State Plaintiff's Counsel's application for an award of attorneys' fees of up to one-third of the State Settlement Fund, expenses of up to $75,000.00 in the State Action, and an award to State Plaintiff in the amount of up to $2,500.00 should be approved.  If there are objections, the State Court will hear them.  Any Securities Act Settlement Class Member who has not previously submitted a request for exclusion from the Securities Act Settlement Class, and who fulfills the requirements for objecting set out below, may appear and be heard, to the extent allowed by the State Court, to state any objections.

The Federal Final Settlement Approval Hearing and the State Final Settlement Approval Hearing are collectively called the "Final Approval Hearings."

21

The Courts reserve the right to hold the Final Approval Hearings telephonically or by other virtual means. The Courts may also reschedule the Final Approval Hearings at any time, so if you plan to attend or participate, you should check with the respective Clerk of the Court for the U.S. District Court for the Southern District of New York, or the Supreme Court of the State of New York, New York County, to know whether there have been any changes of the place, date, and time for the Final Approval Hearings. In the event that the Courts decide to hold the Final Approval Hearings telephonically or by other virtual means and/or reschedule the Final Approval Hearings, the Claims Administrator will update its website, www.strategicclaims.net, on the webpage dedicated to these Settlements, to note these changes.

---

**19. Do I have to come to the settlement hearings?**

---

No.  Plaintiffs' Counsel will answer questions the Judges may have.  But you are welcome to come at your own expense, and the Federal Court and/or the State Court will give you the opportunity to be heard.  If you send a written objection, the Federal Court and/or the State Court will consider it.  You don't have to come to court to talk about it.  You may also pay your own lawyer to attend, but it is not necessary.  Information about sending a written objection is provided below.

If you or your representative intend to appear in person at either the Federal Final Settlement Approval Hearing or the State Final Settlement Approval Hearing, you or your representative must provide written objections and copies of any papers and briefs to Federal Lead Counsel and Federal Defendants' counsel no later than _____ ___, 202__  (twenty-one (21) calendar days prior to the Federal Final Settlement Approval Hearing) or to State Plaintiff's Counsel and State Defendants' counsel no later than _____ ___, 202__  (twenty-one (21) calendar days prior to the State Final Settlement Approval Hearing).  You may contact them at the addresses provided in response to question 20 below.

**OBJECTING TO THE SETTLEMENTS**

---

**20. How do I tell the Federal Court or the State Court that I do not like the Federal Action Settlement or the State Action Settlement?**

---

If you are a Member of the Exchange Act Settlement Class and/or the Securities Act Settlement Class, do not exclude yourself, and do not like any part of the Federal Action Settlement and/or the State Action Settlement, including the terms and conditions of the Settlements, you can object to the Federal Action Settlement and/or the State Action Settlement, the Federal Order and Final Judgment and/or the State Order and Final Judgment to be entered approving the Federal Action Settlement and the State Action Settlement,

22

respectively, the Plan of Allocation, the attorneys' fees and expenses to be awarded to Federal Lead Counsel and State Plaintiff's Counsel, and awards to Federal Plaintiffs and State Plaintiff at the Federal Final Approval Hearing and the State Final Approval Hearing, respectively.  Please note, however, that the Courts can only approve or deny the Settlements; they cannot change the terms of the Settlements.

You can object to the Federal Action Settlement and/or the State Action Settlement by mailing a letter stating that you object to the Federal Action Settlement and/or the State Action Settlement. All written objections must be postmarked no later than _____, 202_, to the Federal Court and/or the State Court at the addresses below and to all counsel listed below.  The written objection is a statement saying that you object to one or both Settlements in the Jumia Technologies AG Securities Litigation.  The objection must include: (a) the full name, address, and telephone number of the Person objecting and must be signed by the objector; (b) a written statement of the objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court(s)' attention; (c) copies of any papers, briefs, or other documents on which the objection is based; (d) a statement of whether the objector intends to appear at the Federal Final Settlement Approval Hearing and/or the State Final Settlement Approval Hearing; and (e) documents sufficient to prove membership in the Exchange Act Settlement Class and/or the Securities Act Settlement Class, including the number of Jumia ADSs that the objector purchased/acquired and sold during the Class Period, as well as the dates, number of ADSs, and prices of each such purchase/acquisition and sale.

Only Members of the Settlement Class(es) who have submitted written notices of objection in the manner and time provided above will be heard at the Final Approval Hearing(s), unless the Court(s) order otherwise. Any Member of the Settlement Class(es) who does not make his, her, or its objection in the manner and time provided above shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed Settlements, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court(s).

| Please send your objections to the Federal Action Settlement to:<br><br>Clerk of the Court<br>Daniel Patrick Moynihan<br>U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Please send your objections to the State Action Settlement to:<br><br>County Clerk of New York County<br>Hon. Milton Tingling<br>New York County Courthouse<br>60 Centre Street, Room 161<br>New York, NY 10007 |
|---|---|
| **Lead Counsel for Federal Plaintiffs and the Exchange Act Settlement Class**<br>Phillip Kim<br>The Rosen Law Firm, P.A.<br>275 Madison Avenue, 40th Floor | **Plaintiff's Counsel for State Plaintiff and the Securities Act Settlement Class**<br>Jeffrey P. Campisi<br>Kaplan Fox & Kilsheimer LLP<br>850 Third Avenue, 14th Floor |

23

| New York, NY 10016,<br><br>Jeremy Lieberman<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, NY 10016 | New York, NY 10022 |
|---|---|
| **Counsel for Jumia and the Individual Defendants**<br>David M.J. Rein<br>Julia A. Malkina<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004 | **Counsel for the Underwriter Defendants**<br>Jonathan Rosenberg<br>William J. Sushon<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, NY 10036 |
| **Counsel for Defendant E&Y**<br>Richard T. Marooney<br>King & Spalding LLP<br>1185 Avenue of the Americas, 34th Floor<br>New York, NY 10036 | |

You may also file your objection in person at the Federal Court or the State Court, at the addresses above.

You do not need to go to the Final Approval Hearing(s) to have your written objection considered by the Court(s). However, if you intend to appear at either or both of the Final Approval Hearings, you will be responsible for paying for your attorney's costs and expenses.

---

**21. What's the difference between objecting and excluding?**

---

Objecting is telling the Court(s) that you don't like something about the Settlement(s), the Plan of Allocation, or the Fee and Expense Application(s). Excluding yourself is telling the Court(s) that you don't want to be part of the Settlement Class(es). If you exclude yourself, you have no basis to object because the Settlement(s) no longer affect you.

If the Courts approve the Settlements despite your objections, you are still bound by the Settlements.

24

**IF YOU DO NOTHING**

> **22. What happens if I do nothing at all?**

If you do nothing, you will not receive any money from these Settlements, **but the judgments of the Courts will still be binding upon you**.  **You must file a Proof of Claim and Release Form to be eligible to receive anything from the Settlements**.  Also, unless you exclude yourself, you will be bound by the judgments and will have released the Released Plaintiffs' Claims against the Released Defendant Parties even if you do not file a Proof of Claim and Release Form.  This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Defendant Parties relating to the Released Plaintiffs' Claims.

**OBTAINING MORE INFORMATION**

> **23. Are there more details about the Settlements?**

This Notice summarizes the most important aspects of the proposed Settlements, but it is not a complete description of the Settlements.  You can get a copy of the Federal Stipulation by writing to Federal Lead Counsel or the State Stipulation by writing to State Plaintiff's Counsel at the addresses on page 6 above.  You can also obtain a copy of both the Federal Stipulation and the State Stipulation by visiting www.strategicclaims.net.

You can also contact the Claims Administrator at the address, phone number, email, and website listed in question 10 above to find answers to common questions about the Settlements and obtain information about the status of the approval process for the Settlements.

You can also review a copy of the entire Federal Stipulation or the State Stipulation and other documents filed in the Federal Action or the State Action during normal business hours at the office of the Clerk of the Court of the Federal Court, or the Clerk of the Court of the State Court, whose addresses are set forth above.

**PLEASE DO NOT CALL THE FEDERAL COURT, THE
FEDERAL CLERK'S OFFICE, THE STATE COURT, THE STATE CLERK'S OFFICE,
DEFENDANTS, OR DEFENDANTS' COUNSEL ABOUT THESE SETTLEMENTS.**

25

## SPECIAL NOTICE TO NOMINEES

**24. Special Notice to Non-Defendant Banks, Trustees, Brokerage Firms, or Other Nominees**

If, between April 12, 2019, through and including December 9, 2019, you purchased, otherwise acquired, or sold Jumia ADSs for the beneficial interest of a person or organization other than yourself, the Courts have directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom you are the nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice, and email the Summary Notice in electronic format to each beneficial owner for whom you are the nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice or Postcard Notice to such beneficial owners.  Upon full compliance with the foregoing requirements of the Federal Preliminary Approval Order and the State Preliminary Approval Order, you may seek reimbursement of your reasonable expenses in complying with the Federal Preliminary Approval Order and the State Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice mailed; $0.05 per each Summary Notice emailed; or $0.05 per each name and address provided to the Claims Administrator.  Such properly documented expenses incurred by non-Defendant nominees in compliance with the terms of the Federal Preliminary Approval Order and the State Preliminary Approval Order shall be paid from the Federal Settlement Fund and the State Settlement Fund in accordance with the provisions of the Federal Stipulation and the State Stipulation.  Federal Lead Counsel and State Plaintiff's Counsel shall promptly bring to the Federal and State Courts' attention and request a conference or a ruling from the Court(s) where necessary on any issues relating to a nominee, broker, or omnibus account's duty and obligation to provide to the Claims Administrator a beneficial owner's or a subaccount holder's identity and transactional information in a usable, economic, and efficient form. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 13 above.

**25. Understanding Your Payment** – **The Plan of Allocation**

## PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlements, and any decision by the Courts concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlements.  The Courts may approve the Plan of Allocation with or without

26

modifications agreed to among the Parties, or another plan of allocation, without further notice to Exchange Act Settlement Class Members and Securities Act Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted on the Claims Administrator's website, www.strategicclaims.net.

The Claims Administrator shall determine each Federal Authorized Claimant's and each State Authorized Claimant's (together, "Authorized Claimants") *pro rata* share for each of the Net Settlement Funds based upon each Authorized Claimant's Recognized Loss. **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount that Exchange Act Settlement Class Members and Securities Act Settlement Class Members might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlements. The Recognized Loss formula is the basis upon which the Net Settlement Funds will be proportionately allocated to Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Funds, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Funds is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Funds that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Funds by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Funds cash their distribution checks, then any balance remaining in the Net Settlement Funds six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlements; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Funds and in making second distributions, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Funds after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in these Settlements cash their checks, any funds remaining in the Net Settlement Funds shall be donated to a non-sectarian charitable organization(s) selected by State Plaintiff's Counsel and Federal Lead Counsel, subject to approval by the State Court and the Federal Court.

**THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:**

**(I)**  **In the Exchange Act Settlement Class, Recognized Loss for the Jumia ADSs purchased or otherwise acquired during the Class Period will be calculated as follows:**

(A)  For ADSs purchased or otherwise acquired during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per ADS will be the *lesser* of: (1) the alleged inflation per ADS upon purchase (as set forth in Inflation Table A below) less the alleged inflation per ADS upon sale (as set forth in Inflation Table A below); or (2) the purchase price per ADS minus the sales price per ADS.

(B)  For ADSs purchased or otherwise acquired during the Class Period <u>and sold during the period from December 10, 2019 through March 8, 2020</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the alleged inflation per ADS upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per ADS and the average closing stock price as of the date of sale provided in Table B below.

(C)  For ADSs purchased or otherwise acquired during the Class Period <u>and retained as of the close of trading on March 8, 2020</u>, the Recognized Loss will be the *lesser* of: (1) the alleged inflation per ADS upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per ADS minus $5.81[4] per ADS.

| INFLATION TABLE A | |
|---|---|
| Jumia ADSs Purchased During the Class Period | |
| **Period** | **Alleged Inflation** |
| April 12, 2019 to May 8, 2019, inclusive | $13.31 per ADS |
| May 9, 2019 | $7.73 per ADS |
| May 10, 2019 to August 20, 2019, inclusive | $5.73 per ADS |
| August 21, 2019 to September 19, 2019, inclusive | $3.14 per ADS |

---

[4] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $5.81 per ADS was the mean (average) daily closing trading price of Jumia's ADSs during the 90-day period beginning on December 9, 2019, and ending on March 8, 2020.

| | |
|---|---|
| September 20, 2019 to September 22, 2019, inclusive | $3.09 per ADS |
| September 23, 2019 | $2.30 per ADS |
| September 24, 2019 | $1.71 per ADS |
| September 25, 2019 to November 11, 2019, inclusive | $1.07 per ADS |
| November 12, 2019 to December 8, 2019, inclusive | $0.27 per ADS |
| December 9, 2019 and thereafter | $0.00 per ADS |

**Table**
**B**

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 12/10/2019 | $5.53 | $5.56 | 1/24/2020 | $8.28 | $6.29 |
| 12/11/2019 | $5.43 | $5.51 | 1/27/2020 | $7.33 | $6.32 |
| 12/12/2019 | $5.46 | $5.50 | 1/28/2020 | $7.10 | $6.34 |
| 12/13/2019 | $5.38 | $5.48 | 1/29/2020 | $6.50 | $6.35 |
| 12/16/2019 | $5.44 | $5.47 | 1/30/2020 | $6.02 | $6.34 |
| 12/17/2019 | $5.75 | $5.51 | 1/31/2020 | $6.00 | $6.33 |
| 12/18/2019 | $5.48 | $5.51 | 2/3/2020 | $5.64 | $6.31 |
| 12/19/2019 | $5.66 | $5.52 | 2/4/2020 | $5.64 | $6.30 |
| 12/20/2019 | $5.44 | $5.52 | 2/5/2020 | $5.58 | $6.28 |
| 12/23/2019 | $5.49 | $5.51 | 2/6/2020 | $5.47 | $6.26 |
| 12/24/2019 | $5.50 | $5.51 | 2/7/2020 | $5.20 | $6.23 |
| 12/26/2019 | $5.78 | $5.53 | 2/10/2020 | $5.24 | $6.21 |
| 12/27/2019 | $6.13 | $5.58 | 2/11/2020 | $5.65 | $6.20 |
| 12/30/2019 | $6.25 | $5.62 | 2/12/2020 | $5.52 | $6.18 |
| 12/31/2019 | $6.73 | $5.69 | 2/13/2020 | $5.33 | $6.16 |
| 1/2/2020 | $6.60 | $5.74 | 2/14/2020 | $5.90 | $6.16 |
| 1/3/2020 | $6.51 | $5.79 | 2/18/2020 | $5.72 | $6.15 |
| 1/6/2020 | $6.40 | $5.82 | 2/19/2020 | $5.80 | $6.14 |
| 1/7/2020 | $6.31 | $5.84 | 2/20/2020 | $6.20 | $6.14 |
| 1/8/2020 | $6.25 | $5.86 | 2/21/2020 | $5.88 | $6.14 |
| 1/9/2020 | $5.90 | $5.86 | 2/24/2020 | $5.52 | $6.13 |
| 1/10/2020 | $5.72 | $5.86 | 2/25/2020 | $3.99 | $6.09 |
| 1/13/2020 | $6.20 | $5.87 | 2/26/2020 | $4.07 | $6.05 |
| 1/14/2020 | $6.14 | $5.88 | 2/27/2020 | $4.15 | $6.01 |
| 1/15/2020 | $6.06 | $5.89 | 2/28/2020 | $4.11 | $5.98 |
| 1/16/2020 | $7.75 | $5.96 | 3/2/2020 | $3.99 | $5.94 |
| 1/17/2020 | $7.24 | $6.00 | 3/3/2020 | $3.84 | $5.91 |
| 1/21/2020 | $8.38 | $6.09 | 3/4/2020 | $4.02 | $5.88 |
| 1/22/2020 | $8.13 | $6.15 | 3/5/2020 | $3.97 | $5.84 |

| | | | 3/6/2020- | | |
|---|---|---|---|---|---|
| 1/23/2020 | $8.39 | $6.23 | 3/8/2020 | $3.70 | $5.81 |

**(II)** **In the Securities Act Settlement Class, Recognized Loss for Jumia ADSs purchased or otherwise acquired during the Class Period pursuant and/or traceable[5] to the Initial Public Offering ("IPO") on April 12, 2019 will be calculated as follows:**

(A) For ADSs sold between April 12, 2019 and August 2, 2019, inclusive, the Recognized Loss shall be zero.[6]

(B) For ADSs sold between August 3, 2019 and December 9, 2019, inclusive, the Recognized Loss shall be the lesser of: (1) purchase price per ADS (not to exceed the IPO offering price of $14.50 per ADS) minus the sale price; or (2) $7.72 per ADS.[7]

(C) For ADSs held as of the close of trading on December 9, 2019, the Recognized Loss shall be the purchase price per ADS (not to exceed the IPO price of $14.50 per ADS) minus $6.78 per ADS.[8]

To the extent a claimant had a trading gain or "broke even" from his, her, or its overall transactions in Jumia's ADSs during the Class Period, the value of the Recognized Loss will be zero, and the claimant will not be entitled to a share in the Net Settlement Funds. To the extent that a claimant suffered a trading loss on his, her, or its overall transactions in Jumia's ADSs during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss for each of the Settlements.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition, or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Jumia ADSs shall not be deemed a purchase, acquisition, or sale of ADSs for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions, and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form attached to this Notice, you must provide all of your purchases

---

[5] ADSs purchased after October 8, 2019 are no longer traceable to the IPO.

[6] During this time period, Jumia ADSs traded above the IPO offering price of $14.50 per ADS.

[7] $7.72 per ADS is the difference between the $14.50 IPO price and the $6.78 per ADS price on the date the State Action was filed on October 15, 2019.

[8] This represents the value of Jumia ADSs on October 15, 2019, the date the State Action was filed.

and acquisitions of Jumia ADSs during the time period April 12, 2019, through and including March 8, 2020.

There shall be no Recognized Loss attributed to any Jumia securities other than ADSs. Exchange Act Settlement Class Members and Securities Act Settlement Class Members who do not submit valid Proof of Claim and Release Forms will not share in the proceeds of the Settlements. Exchange Act Settlement Class Members and Securities Act Settlement Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim and Release Form will nevertheless be bound by the Settlements and the Federal Order and Final Judgment of the Federal Court and the State Order and Final Judgment of the State Court dismissing the Actions with prejudice.

Payment pursuant to the Plan of Allocation approved by the Courts shall be conclusive against all Authorized Claimants.  No person shall have any claim against Defendants, Defendants' counsel, Released Defendants' Parties, State Plaintiff, Federal Plaintiffs, State Plaintiff's Counsel, Federal Lead Counsel, or the Claims Administrator or other agent designated by State Plaintiff's Counsel or Federal Lead Counsel based on distributions made substantially in accordance with the Stipulations and the Settlements contained therein, the Plan of Allocation, or further orders of the Courts.  Each claimant shall be deemed to have submitted to the jurisdiction of the Courts with respect to the claimant's Proof of Claim and Release Form.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlements, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds shall be released and discharged from any and all claims arising out of such involvement, and all Securities Act Settlement Class Members and all Exchange Act Settlement Class Members, whether or not they are to receive payment from the Net Settlement Funds, will be barred from making any further claim against the Net Settlement Funds beyond the amount allocated to them as provided in any distribution orders entered by the Courts.

| DATED: _____, 2020<br><br>BY ORDER OF THE COURT | United States District Court<br>Southern District of New York |
|---|---|
| DATED: _____ __, 2020<br><br>BY ORDER OF THE COURT | Supreme Court of the State of New York<br>New York County |

31