# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE JUMIA TECHNOLOGIES AG SECURITIES LITIGATION, | Case No. 1:19-cv-04397-PKC<br><br>**DECLARATION OF JED MELNICK** |

I, Jed Melnick, hereby declare as follows:

1.     I submit this Declaration in my capacity as the mediator of the proposed settlement of the putative securities class actions captioned *In re Jumia Technologies AG Securities Litigation*, Case No. 1:19-cv-04397 (Castel, J.), pending in the United States District Court for the Southern District of New York (the "Federal Action"), and *Convery* v. *Jumia Technologies AG*, *et al*., Index No. 656021/2019 (Masley, J.), pending in the Supreme Court of the State of New York, New York County (the "State Action," and with the Federal Action, the "Actions"). I have been asked to provide this Declaration to give my views on the global mediation process that culminated in the proposed settlements that will be presented to the Federal Court and State Court for final approval.

2.     I have personal knowledge of the facts stated herein from my role as mediator of the Actions, and I am competent to testify to the matters set forth in this Declaration.

3.     All of the parties, entities, and individuals who were represented at the mediation session executed a Confidentiality Agreement stating that the mediation process is a settlement negotiation for the purpose of all rules protecting settlement negotiations from later discovery and/or use in evidence. The parties further agreed that the Confidentiality Agreement extends to all present and future civil, judicial, quasi-judicial, arbitral, administrative, or other proceedings. Nothing in my Declaration divulges any privileged information, and the filing of this Declaration does not constitute a waiver of any such confidentiality or privilege.

4.     I have been a full-time mediator and arbitrator for more than fifteen years. I am a panelist at JAMS.

5.     Prior to my time as a neutral, I was an attorney in Pennsylvania for more than five years.

1

6.    Since serving as a neutral, I have extensive experience assisting the settlement of many different types of complex class actions, including such matters as bankruptcy and securities claims, often involving numerous parties and multiple, related lawsuits.

7.    Many cases in which I have served as a neutral have included numerous plaintiffs and plaintiffs' counsel, as well as many defendants, defense counsel, and insurers.

8.    I provide my professional background as context for the statements in my Declaration and to establish that my perspective on the settlement of the Actions is grounded in my significant experience in resolving complex litigation.

9.    While the Federal Court and State Court will make their own determinations as to the proposed settlements' fairness under applicable legal standards, from my viewpoint as mediator, I recommend the proposed settlements as reasonably reflective of the risks and potential rewards of the claims being settled. As described below, the current matters presented complex and substantial legal, factual, and practical issues. The parties were represented during the mediation process by well-prepared and competent counsel, who negotiated zealously and at arm's length for their clients. Thus, I believe that the proposed settlement of these cases represents a fair and pragmatic resolution of these Actions.

10.    The parties initially contacted me in early 2020 about the possibility of mediating both Actions with the goal of reaching a global settlement. At that time, I understood no briefing on a motion to dismiss had been submitted in either of the Actions.

11.    Pursuant to my custom and practice, and without waiving mediation confidentiality, the mediation was preceded by an exchange of detailed mediation statements between the parties. These submissions contained extensive analyses of the factual and legal issues in the Actions and other issues material to the settlements.

2

12. On May 12, 2020, the parties to the Actions participated in a mediation via videoconference. In attendance at the mediation were counsel from each of the Actions, as well as representatives from Jumia Technologies AG ("Jumia" or the "Company") and its insurers.

13. After encountering obstacles to reaching a resolution at the mediation session, the session adjourned without a resolution. Thereafter, I understand that the litigation proceeded in both Actions with a motion to dismiss filed in the Federal Action and the motion to stay the action denied in the State Action.

14. During May through July, and into August 2020, counsel for the parties and I persisted and continued negotiations through numerous communications by email and telephone. After considering the respective merits of the claims and defenses, the estimated damages, and the risk of continued litigation, on August 11, 2020, I issued a mediator's proposal to reach a definitive, global settlement of both Actions, and the parties reached an agreement on the monetary terms of the settlements.

15. Counsel for all parties are capable, zealous, and qualified. They came to the mediation well prepared and knowledgeable about the strengths and weaknesses of their respective positions and on the applicable law, and the proposed settlements are the result of their robust arm's length negotiations.

16. To recap, in my view—based on my knowledge of this matter, my review of the relevant materials submitted to me, the litigation risks, the benefits obtained, and the arm's-length negotiation and diligent efforts of accomplished counsel—the proposed settlements represent a fair, reasonable, and adequate resolution of all of the claims the Actions assert. I believe that the settlements provide fair and adequate compensation to the putative Settlement Classes as well as the benefits of avoiding the litigation proceedings and/or appeals that would inevitably occur if

not for these settlements. I also believe the proposed settlements flow from the parties' assessment of the litigation risks. I respectfully recommend that the settlements be approved.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on  February 9, 2021

Jed Melnick

4