# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE JUMIA TECHNOLOGIES AG
SECURITIES LITIGATION,

Master File No. 1:19-cv-04397-PKC

**DECLARATION OF SARAH EVANS CONCERNING**
**(A) MAILING OF THE POSTCARD NOTICE;**
**(B) PUBLICATION OF THE SUMMARY NOTICE;**
**AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Sarah Evans, declare as follows:

1.       I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.   SCS was established in April 1999 and has administered over four hundred and twenty-five (425) class action cases since its inception.   I have over seven years of experience specializing in the administration of class action cases.   I am over 21 years of age and am not a party to the Federal Action[1].   I have personal knowledge of the facts set forth herein.

**MAILING OF POSTCARD NOTICE**

2.       Pursuant to the Court's Order Preliminarily Approving Proposed Settlement, Certifying Exchange Act Settlement Class, Providing for Notice, and Scheduling Settlement Hearing, dated October 19, 2020 (the "Federal Preliminary Approval Order"), SCS was appointed as Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims in connection with the settlement in the above-captioned Federal Action ("Federal Action Settlement").

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation of Settlement, dated as of October 9, 2020 (ECF No. 109, the "Federal Stipulation").

3.      To provide actual notice to those persons and entities who purchased or otherwise acquired Jumia Technologies AG ("Jumia") American Depositary Shares ("ADSs") from April 12, 2019 through and including December 9, 2019, ("Class Period"), pursuant to the Federal Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Exchange Act Settlement Class.  A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

4.      First, SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 722 individuals and organizations identified in the transfer records which were provided to SCS by Defendants' Counsel.  These records reflect persons and entities that purchased Jumia ADSs for their own account, or for the account(s) of their clients, during the Class Period.  The transfer record mailing was completed on January 12, 2021[2].

5.      As in most class actions of this nature, the large majority of potential Exchange Act Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 682 banks and brokerage companies ("Nominee Account Holders"), as well as 590 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  Additionally, SCS received a list from Defendants'

---

[2] The Order Preliminarily Approving Proposed Settlement, Certifying Securities Act Settlement Class, Providing for Notice, and Scheduling Settlement Hearing ("State Preliminary Approval Order") in the action captioned *Convery v. Jumia Technologies AG, et al*., Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.) (Masley, J.) ("State Action") was entered on January 5, 2021. Pursuant to the Federal Preliminary Approval Order, the deadlines were set at January 26, 2021, for providing mailed or emailed notice and for establishing the website, and February 4, 2021, for publishing the Summary Notice.

Counsel containing names and addresses of 197 Nominee Account Holders and Institutional Groups who were Depository Trust Company ("DTC") participants during the Class Period. On January 8, 2021, SCS caused a letter to be mailed or e-mailed to the 1,469 nominees contained in the SCS master mailing list and identified in the DTC participant list sent by Defendants' Counsel.  The letter notified them of the Federal Action Settlement and requested that they, within 10 calendar days from the date of the letter, either (a) send a Postcard Notice to their customers who may be beneficial purchasers/owners, (b) email the Summary Notice of (I) Pendency of Class Actions and Proposed Settlement of Federal and State Actions; (II) Motions for Awards of Attorneys' Fees and Litigation Expenses; and (III) Settlement Hearings ("Summary Notice") supplied by SCS to beneficial purchasers/owners; or (c)  provide SCS with a list of the names, mailing addresses, and email addresses, to the extent email addresses were available, of such beneficial owners so that SCS could promptly mail the Postcard Notice or email Summary Notice directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

6.     Following these mailings, SCS received additional names and addresses of potential Exchange Act Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, and SCS received requests from nominees for Postcard Notices so that the nominees could forward them to their customers.  To date, SCS has mailed a total of 31,993 Postcard Notices[3]. Of the Postcard Notices mailed, 722 were mailed to the potential Exchange Act Settlement Class Members identified on the records received from

---

[3] Out of the 31,993 Postcard Notices mailed, SCS received 37 requests from potential Exchange Act Settlement Class Members to mail them the Notice of (I) Pendency of Class Actions and Proposed Settlement of Federal Action and State Action; (II) Motions for Awards of Attorneys' Fees and Litigation Expenses; and (III) Settlement Hearings ("Long Notice") and Proof of Claim and Release Form ("Claim Form").

Defendants' Counsel; the remaining 31,271 were requested by, and mailed to, Nominee Account Holders and Institutional Groups and other individuals.

7.     In addition to the Postcard Notices mailed, SCS was notified by one of the Nominee Account Holders that they emailed a total of 18,802 of their customers to notify them of this settlement and provide direct links to the Long Notice and Claim Form on the settlement webpage. SCS also received valid email addresses for 8 potential Exchange Act Settlement Class Members, and an email containing a link to the Long Notice and Claim Form was sent to those potential Exchange Act Settlement Class Members at the email addresses provided.

8.     SCS also sent the DTC a Long Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on January 11, 2021. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

## PUBLICATION OF THE SUMMARY NOTICE

9.     Pursuant to the Court's Federal Preliminary Approval Order, the Summary Notice was published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* on January 25, 2021, as shown in the confirmations of publication attached hereto as **Exhibit C.**

## TOLL-FREE PHONE LINE

10.     SCS maintains a toll-free telephone number (1-866-274-4004) for Exchange Act Settlement Class Members to call and obtain information about the Federal Action Settlement and/or request a Long Notice and Claim Form. SCS has promptly responded to each telephone inquiry and will continue to address Exchange Act Settlement Class Member inquiries.

## WEBSITE

11.    On January 11, 2021, SCS established a webpage for the Settlements on its website at www.strategicclaims.net.  The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status of the cases; the deadlines for the cases; the online claim filing link; and important documents such as the Long Notice and Claim Form, the Postcard Notice, the Federal Preliminary Approval Order, the State Preliminary Approval Order, the Federal Stipulation, and the State Stipulation.  A copy of the Long Notice and Claim Form is attached as **Exhibit D**.

## REPORT ON EXCLUSIONS AND OBJECTIONS

12.    The Postcard Notice, Long Notice, Summary Notice, and the webpage informed potential Exchange Act Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than February 24, 2021.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received one exclusion request. SCS has reviewed the list of transactions in Jumia ADS provided on the exclusion request; under the Plan of Allocation, the request would not have a valid recognized loss, as the transactions result in an overall trading gain. A copy of the exclusion request is attached as **Exhibit E.**

13.    According to the Long Notice, Summary Notice, Postcard Notice, and webpage, Exchange Act Settlement Class Members seeking to object to the Federal Action Settlement, any part of the Federal Action Settlement, and/or Federal Lead Counsel's motion for attorneys' fees and expenses are required to submit their objection in writing such that the request is received by Federal Lead Counsel and Federal Defendants' Counsel, as well as filed with the Court, no later

than February 24, 2021.  As of the date of this Declaration, SCS has neither received any objections nor been notified that Federal Lead Counsel has received any objections.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 17th day of February 2021, in Media, Pennsylvania.

_____
Sarah Evans

# EXHIBIT A

*Jumia Technologies AG Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

Case No. 1:19-cv-4397 (S.D.N.Y.)
Index No. 656021/2019 (N.Y. Supreme Ct., N.Y. Cty.)

Cases Pending in the United States District Court for the
Southern District of New York and the New York
Supreme Court, New York County

**Court-Ordered Legal Notice**
**Forwarding Service**
**Requested**

*Important Notice about*
*Securities Class Action*
*Settlements*

*You may be entitled to a*
*payment.*
*This Notice may affect your*
*legal rights.*

*Please read it carefully.*

*In re Jumia Technologies AG Securities Litigation*, Case No. 1:19-cv-4397 (S.D.N.Y.)
*Convery v. Jumia Technologies AG, et al.*, Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.)
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENTS.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The U.S. District Court for the Southern District of New York and the New York Supreme Court for New York County have preliminarily approved proposed Settlements of claims against Jumia Technologies AG ("Jumia"), several of Jumia's management and supervisory board members, its underwriters, and its auditor ("Federal and State Defendants"). The proposed Settlements resolve class action lawsuits alleging that Federal and State Defendants made false and misleading statements concerning certain metrics reported by Jumia, including gross merchandise value, active consumers, and active sellers in connection with Jumia's April 12, 2019 IPO. Defendants deny the allegations.

You received this notice because you may have purchased or acquired Jumia ADSs between April 1, 2019, through and including December 9, 2019, and you may be a member of one of the Settlement Classes. The Settlements provide that, in exchange for the dismissal and release of claims against Federal and State Defendants, a fund consisting of $5,000,000.00 in total for both Settlements ($2,000,000.00 allocated for the Federal Action and $3,000,000.00 allocated for the State Action), less attorneys' fees and expenses, will be divided among Federal Authorized Claimants and State Authorized Claimants who timely submit valid Proof of Claim and Release Forms ("Claim Form"). For a full description of the Settlements and your rights and to submit a claim, please view the Stipulation of Settlement for each Action and obtain a copy of the Notice Of (I) Pendency Of Class Actions And Proposed Settlement Of Federal Action and State Action; (II) Motions For Awards Of Attorneys' Fees And Litigation Expenses; and (III) Settlement Hearings ("Long Notice") and Claim Form by visiting the website: www.strategicclaims.net. You may request copies of the Long Notice and Claim Form from the Claims Administrator by: (1) mail: Jumia Technologies AG Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) toll-free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Claim Form, available at www.strategicclaims.net. CLAIM FORMS ARE DUE BY FEBRUARY 19, 2021 TO JUMIA TECHNOLOGIES AG SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N.JACKSON ST, STE 205, MEDIA, PA 19063, or submitted electronically at www.strategicclaims.net NO LATER THAN FEBRUARY 24, 2021. Subject to the Courts' approval, the Claims Administrator will continue to accept as timely submitted Proof of Claim and Release Forms received by April 26, 2021. If you do not want to be legally bound by the Settlements, you must exclude yourself by February 24, 2021. If you exclude yourself, you cannot get money from these Settlements. If you stay in the Settlements, you may object to them by February 24, 2021. The Long Notice explains how to exclude yourself or to object.

Hearings are scheduled in the Federal Action on March 17, 2021 at 2:00 p.m. at 500 Pearl Street, Courtroom 11D, New York, NY 10007, and in the State Action on March 18, 2021 at 2:30 p.m. at 60 Centre Street, Room 647, New York, NY 10007, to consider whether to certify the Settlement Classes for purposes of the Settlements only and to approve the Settlements, the Plan of Allocation, and a request by Plaintiffs' Counsel for up to one-third of the Settlement Funds allocated to each Action for their attorneys' fees, plus up to $200,000.00 in expenses, and Awards to Plaintiffs of no more than $15,000.00 in total. You may, but do not have to, attend the hearing(s) and ask to be heard by the Courts. The Courts may change the date of the hearings and reserve the right to hold the hearings telephonically or by other virtual means.

EXHIBIT B

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net    FAX: (610) 565-7985

January 8, 2021

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO (I) PURCHASED OR OTHERWISE AQUIRED JUMIA TECHNOLOGIES AG ("JUMIA") AMERICAN DEPOSITARY SHARES ("ADSs") FROM APRIL 12, 2019, THROUGH AND INCLUDING DECEMBER 9, 2019 (THE "EXCHANGE ACT SETTLEMENT CLASS"); AND (II) ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED JUMIA ADSs PURSUANT AND/OR TRACEABLE TO THE REGISTRATION STATEMENT ISSUED IN CONNECTION WITH THE INITIAL PUBLIC OFFERING OF JUMIA ADSs ("IPO") FROM APRIL 12, 2019, THROUGH AND INCLUDING DECEMBER 9, 2019 (THE "SECURITIES ACT SETTLEMENT CLASS").

Excluded from the Class are any and all Defendants and each of their Related Parties, except for any Investment Vehicle.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Jumia Technologies AG Securities Litigation*<br>Case No. 19-cv-4397 (S.D.N.Y.) (Castel, J.)<br>Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.) (Masley, J.)<br>Mailed Claim Filing Deadline: February 19, 2021<br>Online Claim Filing Deadline: February 24, 2021<br>Objection Deadline: February 24, 2021<br>Exclusion Deadline: February 24, 2021<br>Federal Action Hearing: March 17,2021<br>State Action Hearing: March 18, 2021 | Cusip Number: 48138M105 |

## PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have ten (10) calendar days to mail them; or
4. Request a copy of the Summary Notice in electronic format and advise us that you will email the notice to your beneficial purchasers/owners.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email if you email the Summary Notice** OR
- **$0.05 per name and address or email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current postcard rate if** you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of this legal matter. A copy of the Notice of (I) Pendency of Class Actions and Proposed Settlement of Federal Action and State Action; (II) Motions for Awards of Attorneys' Fees and Litigation Expenses; and (III) Settlement Hearings and Proof of Claim Form and Release Form and all important documents are available on our website at www.strategicclaims.net. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.
Sincerely,
Claims Administrator
Jumia Technologies AG Securities Litigation

EXHIBIT C

**Josephine Bravata**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, January 25, 2021 9:01 AM |
| **To:** | jbravata@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; lrosen@rosenlegal.com |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |



# Release Distribution Confirmation

1

**The Rosen Law Firm, P.A., Pomerantz LLP, and Kaplan Fox & Kilsheimer LLP Announce Proposed Class Action Settlements on Behalf of Purchasers of American Depositary Shares of Jumia Technologies AG – JMIA**

*Cross time: **01/25/21 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

# INVESTOR'S BUSINESS DAILY

### Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

| | |
|---|---|
| Name of Publication: | IBD Weekly |
| Address: | 12655 Beatrice Street |
| City, State, Zip: | Los Angeles, CA 90066 |
| Phone #: | 310.448.6700 |
| State of: | California |
| County of: | Los Angeles |

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for __Jumia Technologies__ was printed in said publication on the following date(s):

**JANUARY 25, 2021**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __25th__ day of __January__ , __2021__ , by _____ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

# EXCHANGE TRADED FUNDS

Exchange Traded Funds continued from previous page

| YTD% Chg | RS | Acc Dis | 52-wk High | Fund | Symbol | Div Yld | Close Price | Chg | Vol% Chg |
|---|---|---|---|---|---|---|---|---|---|
| 7.3 | 84 | D+ | 124.8 | ProS Ultra QQQ | QLD | 0.1 | 123.55 | -0.78 | -2 |
| 6.9 | 81 | C+ | 78.5 | DX LC Bull 3X Shrs | SPXL | 0.2 | 77.21 | -0.85 | -22 |
| 4.1 | 73 | B | 137.4 | ProS UltPro Dow30 | UDOW | 0.2 | 106.64 | -1.98 | -38 |
| 4.6 | 70 | C+ | 96.7 | ProS Ultra S&P 500 | SSO | 0.2 | 95.59 | -0.73 | -21 |
| 2.8 | 60 | B- | 59.6 | ProS Ultra Dow 30 | DDM | 0.3 | 58.03 | -0.68 | -44 |
| -2.4 | 3 | D- | 33.8 | DX Dly S&P 500 Bear 1X | SPDN | 1.1 | 17.97 | 0.05 | -45 |
| -3.0 | 2 | D- | 44.5 | ProS UltSht Dow 30 | DXD | 2.8 | 12.11 | 0.13 | -36 |
| -7.2 | 1 | D | 288.5 | DX Bear 3X Shrs | SPXS | 0.3 | 36.27 | 0.38 | 56 |
| -19.4 | 1 | E | 1437.4 | DX Dly S&P500 BtBr 3X | HIBS | 0.2 | 26.92 | 0.47 | 15 |
| -25.9 | 1 | E | 118.7 | DX SC Bear 3X Shrs | TZA | 9.6 | 5.09 | -0.19 | 26 |
| -4.5 | 1 | E | 95.9 | ProS UltP Shrt Dow 30 | SDOW | 5.9 | 12.17 | 0.21 | -25 |
| -26.1 | 1 | E | 301.4 | ProS UltP Shrt R 2000 | SRTY | 2.5 | 12.85 | -0.48 | 92 |
| -11.7 | 1 | B- | 162.2 | ProS UltPro Shrt QQQ | SQQQ | 4.5 | 13.40 | 0.12 | -26 |
| -7.5 | 1 | D | 218.4 | ProS UltPro Sht SP500 | SPXU | 1.4 | 27.39 | 0.30 | 108 |
| -7.8 | 1 | C+ | 128.4 | ProS UltSht QQQ | QID | 2.1 | 26.18 | 0.17 | 88 |
| -17.9 | 1 | D+ | 120.3 | ProS UltSht Russ 2000 | TWM | 1.0 | 16.46 | -0.39 | 191 |

## Sector/Industry

| YTD% Chg | RS | Acc Dis | 52-wk High | Fund | Symbol | Div Yld | Close Price | Chg | Vol% Chg |
|---|---|---|---|---|---|---|---|---|---|
| 27.0 | 97 | A- | 130.4 | Inv WH Clean Energy | PBW | 0.3 | 131.30 | 1.29 | -12 |
| 23.5 | 96 | A+ | 87.2 | FirstTr Nas Cln GrnEngy | QCLN | 0.2 | 86.71 | 0.93 | -18 |
| 17.7 | 96 | B+ | 123.7 | Inv Solar | TAN | 0.1 | 120.97 | -0.46 | 26 |
| 18.5 | 94 | B- | 114.8 | ARK Genomic | ARKG | .. | 110.54 | 1.00 | -13 |
| 16.5 | 94 | A | 34.3 | IS Glbl Clean Energy | ICLN | 0.2 | 32.90 | 0.24 | -5 |
| 17.3 | 92 | B | 149.8 | ARK Innovation | ARKK | .. | 146.08 | 1.27 | 7 |
| 12.6 | 91 | B+ | 164.8 | ARK Next Gen Int | ARKW | .. | 164.81 | 1.38 | -29 |
| 18.7 | 89 | A | 91.1 | ARK Auto Tech & Robo | ARKQ | .. | 90.57 | 0.54 | 40 |
| 9.8 | 86 | A | 54.7 | ARK Fintech Inno | ARKF | .. | 54.58 | 0.44 | 9 |
| 16.4 | 84 | B- | 74.1 | SPDR S&P Retail | XRT | 0.9 | 74.87 | 1.70 | 24 |
| 4.8 | 82 | C+ | 57.4 | WT Cloud Computing | WCLD | .. | 56.16 | 0.38 | -32 |
| 17.6 | 80 | B- | 89.4 | KS CSI China Internet | KWEB | 0.2 | 90.29 | 1.17 | 0 |
| 35.3 | 79 | A+ | 21.0 | ETFMG Alt Harvest | MJ | 3.4 | 19.42 | -0.04 | -5 |
| 10.3 | 79 | B | 246.8 | VV Semicndctr | SMH | 0.6 | 240.93 | -4.62 | 7 |
| 10.1 | 78 | A- | 426.3 | IS Phlx Sox Smcdct | SOXX | 0.7 | 417.35 | -7.20 | 1 |
| 3.2 | 77 | C+ | 38.0 | SPDR S&P Metal&Mng | XME | 1.0 | 34.50 | 0.00 | 18 |
| 6.9 | 75 | A- | 35.7 | GX Robo & Artfl Itel | BOTZ | 0.3 | 35.42 | -0.19 | -25 |
| 8.4 | 75 | B+ | 156.7 | SPDR S&P Biotech | XBI | 0.2 | 152.56 | 1.78 | 13 |
| 3.0 | 71 | A+ | 46.1 | FirstTr Nas Cybersecrty | CIBR | 1.0 | 45.72 | 0.21 | -40 |
| 2.5 | 71 | B+ | 29.3 | Global X Cloud Comp | CLOU | .. | 28.60 | 0.12 | -47 |
| 11.5 | 71 | B+ | 59.9 | SPDR KBW Regnl Bnk | KRE | 2.5 | 57.95 | 0.70 | 15 |
| 5.8 | 70 | B- | 23.3 | Global X US Infra Dev | PAVE | 0.4 | 22.44 | 0.04 | 47 |
| 10.3 | 70 | D+ | 63.7 | SPDR S&P Homebldrs | XHB | 0.7 | 63.56 | 0.39 | -18 |
| 8.7 | 66 | B | 47.3 | SPDR KBW Bank | KBE | 2.2 | 45.44 | 0.31 | -16 |
| 16.3 | 65 | A- | 88.7 | SPDR S&P O&G Expl | XOP | 2.0 | 68.05 | 0.30 | -31 |
| 2.8 | 63 | C- | 365.8 | VG Info Tech | VGT | 0.8 | 363.79 | -1.07 | -13 |
| 6.1 | 60 | B+ | 57.2 | Inv KBW Bank | KBWB | 2.5 | 53.43 | -0.10 | -79 |
| 1.3 | 60 | C+ | 366.0 | IS Expnd Tech Softwr | IGV | 0.3 | 358.83 | 0.41 | -50 |
| 2.2 | 59 | D+ | 133.8 | SPDR Technology | XLK | 0.9 | 132.83 | -0.51 | -16 |
| 8.7 | 58 | B- | 166.4 | IS Nasdaq Biotech | IBB | 0.2 | 164.69 | 1.16 | -51 |
| 5.8 | 58 | C+ | 171.8 | SPDR Cnsmr Discrtnry | XLY | 0.8 | 170.10 | -0.58 | -31 |
| -0.6 | 54 | C | 32.0 | US Global Jets | JETS | 0.0 | 22.25 | -0.13 | -5 |
| 2.7 | 53 | B- | 77.8 | SPDR Materials | XLB | 1.7 | 74.36 | -0.38 | 4 |
| 3.4 | 52 | B+ | 78.2 | VG Financials | VFH | 2.1 | 75.30 | -0.46 | 169 |
| 2.1 | 51 | B- | 69.2 | Comm Srv SelSec SPDR | XLC | 0.7 | 68.87 | 0.06 | -40 |
| 6.4 | 51 | B+ | 35.8 | Flx Glb Upstr NatRes | GUNR | 2.6 | 34.61 | -0.29 | 9 |
| 2.8 | 51 | B | 89.0 | IS ESG MSCI USA ETF | ESGU | 1.2 | 88.40 | -0.30 | -11 |
| 1.3 | 51 | B+ | 19.7 | IS MSCI Europe Fncl | EUFN | 1.4 | 17.77 | -0.26 | -43 |
| 1.9 | 49 | B- | 48.4 | IS Mort RE Cap | REM | 7.6 | 32.48 | 0.12 | -16 |
| 2.9 | 48 | B+ | 31.6 | SPDR Financial | XLF | 1.9 | 30.34 | -0.22 | -26 |
| 11.7 | 47 | B- | 15.7 | Fidelity MSCI Energy | FENY | 4.1 | 11.34 | -0.04 | -4 |
| 11.9 | 46 | B+ | 79.6 | VG Energy | VDE | 4.2 | 58.01 | -0.19 | -30 |
| 0.0 | 44 | B | 90.7 | SPDR Industrial | XLI | 1.5 | 88.51 | -0.46 | -7 |
| 11.0 | 42 | B | 31.4 | IS DJ US Energy Idx | IYE | 4.3 | 22.47 | -0.11 | -36 |
| 11.0 | 41 | A- | 58.8 | SPDR Energy | XLE | 5.1 | 42.07 | -0.22 | -25 |
| 9.1 | 40 | A- | 30.4 | IS S&P Glb Energy | IXC | 4.4 | 22.15 | -0.28 | 235 |
| 3.7 | 34 | B | 118.7 | SPDR Health Care | XLV | 1.4 | 117.60 | -0.34 | -39 |
| 8.0 | 33 | B+ | 22.6 | JPMorgan Alerian ETN | AMJ | 10.1 | 15.00 | -0.12 | -49 |
| 0.4 | 31 | A- | 28.9 | IS Global REIT | REET | 2.6 | 24.03 | 0.04 | -15 |
| -0.7 | 31 | C | 59.2 | VG Glbl X-US Real Est | VNQI | 0.9 | 53.91 | -0.31 | -19 |
| 8.0 | 29 | B- | 44.1 | Alerian MLP | AMLP | 11.4 | 27.70 | -0.25 | 2 |
| -6.7 | 29 | C | 52.9 | Global X Silver Miners | SIL | 2.0 | 42.58 | -0.62 | -25 |
| 1.0 | 24 | C+ | 99.7 | VG REIT | VNQ | 3.9 | 85.76 | 0.19 | 16 |
| 0.4 | 21 | B | 100.8 | IS DJ US Real Est | IYR | 2.6 | 85.97 | 0.17 | 14 |
| 5.1 | 18 | B | 26.5 | FirstTr NAm EngyInf | EMLP | 4.4 | 22.03 | -0.11 | -34 |
| 0.7 | 18 | C+ | 42.0 | Real Est SelSec SPDR | XLRE | 3.1 | 36.82 | 0.09 | -32 |
| 0.6 | 17 | B | 48.6 | Schwab US REIT | SCHH | 2.8 | 38.19 | 0.09 | -16 |
| -3.6 | 17 | C- | 68.2 | SPDR Consmr Stpls | XLP | 2.6 | 65.05 | -0.19 | -4 |
| -7.2 | 12 | C- | 66.0 | VV Jr Gold Mine | GDXJ | 1.7 | 50.34 | -1.03 | -17 |
| 0.2 | 10 | B | 71.1 | Util Sel Sec SDPR | XLU | 3.1 | 62.84 | 0.09 | -15 |
| -2.2 | 9 | B- | 45.8 | VV Gold Miners | GDX | 0.5 | 35.23 | -0.48 | 8 |
| -6.6 | 1 | E | 68.3 | ProS Ultra BB Nat Gas | BOIL | .. | 19.68 | -0.75 | -29 |

### Leveraged

| YTD% Chg | RS | Acc Dis | 52-wk High | Fund | Symbol | Div Yld | Close Price | Chg | Vol% Chg |
|---|---|---|---|---|---|---|---|---|---|
| 31.2 | 97 | B | 652.8 | DX Semicon Bull 3X | SOXL | 0.0 | 611.85 | -35.53 | 24 |
| 17.8 | 97 | C | 340.9 | MicroS FANG+ 3X Lev | FNGU | .. | 337.67 | 1.82 | -41 |
| 25.7 | 95 | B- | 136.6 | DX SP Biotch Bul 3X | LABU | .. | 126.23 | 4.35 | -18 |
| 35.3 | 92 | B+ | 496.9 | DX Dly Reg Bks Bull 3X | DPST | 1.4 | 162.49 | 5.80 | -13 |
| 35.6 | 91 | B- | 98.5 | DX Dly Hmblds & Sp 3X | NAIL | 0.0 | 62.59 | 1.90 | -26 |
| 8.0 | 85 | A- | 108.1 | DX Finl Bull 3X | FAS | 0.4 | 65.68 | -1.19 | -15 |
| 33.3 | 77 | A | 1176.8 | DX SP OilGs Exp Bul3X | GUSH | 0.2 | 50.89 | 0.39 | -50 |
| -0.7 | 67 | B- | 26.7 | CS Xlinks 2X Mort REIT | REML | 30.8 | 5.68 | -0.01 | -40 |
| 22.3 | 58 | B+ | 163.6 | DX Energy Bull 3X | ERX | 2.5 | 17.55 | -0.16 | -37 |
| -3.7 | 49 | B+ | 72.3 | DX Dly Aero & Def 3X | DFEN | 0.5 | 16.28 | 0.02 | -54 |
| 1.0 | 3 | D- | 445.0 | DX GldMnrs Bear 3X | DUST | 5.2 | 20.10 | 0.47 | 5 |
| -5.5 | 2 | C | 214.1 | DX Gld Mnr Bull 2X | NUGT | .. | 65.58 | -1.81 | -4 |
| 10.7 | 2 | D- | 1062.5 | DX JrGldMnrs Br 3X | JDST | 16.9 | 10.79 | 0.39 | -24 |
| -15.2 | 2 | C- | 1052.4 | DX JrGldMnrs Bul 3X | JNUG | 0.2 | 102.26 | -4.29 | 7 |
| -10.0 | 1 | E | 77.6 | DX Finl Bear 3X | FAZ | 5.4 | 6.51 | 0.11 | -18 |
| -27.0 | 1 | E | 462.2 | DX Semicon Bear 3X | SOXS | 2.8 | 13.09 | 0.67 | 74 |
| -29.4 | 1 | E | 596.3 | DX SP OilGs Exp Br3X | DRIP | 0.0 | 18.74 | -0.17 | -3 |
| -7.7 | 1 | D+ | 104.4 | Dx Tech Bear 3X | TECS | 4.5 | 8.05 | 0.09 | -38 |
| -20.4 | 1 | D- | 146.6 | MicroS FANG 3XInv | FNGD | .. | 3.87 | -0.02 | -16 |
| -32.7 | 1 | E | 304.7 | MicroS US Big Oil 3X | NRGD | .. | 4.11 | 0.01 | 0 |
| -23.8 | 1 | E | 575.0 | SPDR Biotech Bear 3X | LABD | 0.6 | 19.26 | -0.72 | -19 |

## Global

| YTD% Chg | RS | Acc Dis | 52-wk High | Fund | Symbol | Div Yld | Close Price | Chg | Vol% Chg |
|---|---|---|---|---|---|---|---|---|---|
| 11.9 | 88 | C- | 39.8 | Global X MSCI Chna Con | CHIQ | 0.1 | 39.80 | 0.20 | -49 |
| 9.0 | 80 | A- | 96.3 | IS MSCI South Korea | EWY | 0.7 | 93.82 | -2.22 | -19 |
| 10.2 | 70 | A | 58.8 | IS MSCI Taiwan | EWT | 1.7 | 58.48 | -0.22 | -9 |
| 8.9 | 69 | A | 43.6 | WT EmMkts ex St. Own | XSOE | 0.9 | 43.19 | -0.28 | 11 |
| 6.9 | 68 | A- | 43.7 | Dxt CSI 300 | ASHR | 0.7 | 42.81 | -0.38 | 6 |
| 2.9 | 67 | A- | 30.8 | WT India Earn | EPI | 0.7 | 30.05 | -0.28 | -1 |
| 9.5 | 66 | B | 99.1 | IS MSCI Asia Ex Jpn | AAXJ | 1.0 | 98.14 | -0.86 | -53 |
| 8.4 | 64 | B+ | 46.0 | IS ESG MSCI EM | ESGE | 1.2 | 45.49 | -0.42 | -36 |
| 12.5 | 64 | B- | 91.6 | IS MCSI China | MCHI | 0.9 | 91.06 | -0.04 | 27 |
| 7.7 | 63 | A | 67.6 | IS Core MSCI EM | IEMG | 1.7 | 66.84 | -0.62 | -7 |
| 8.1 | 63 | B+ | 56.5 | IS MSCI Emrg Mkts | EEM | 1.3 | 55.83 | -0.49 | 12 |
| 1.2 | 62 | B+ | 29.5 | Innovator IBD ETF Ldrs | LDRS | 0.7 | 28.95 | -0.06 | -22 |
| 2.8 | 61 | B+ | 42.0 | IS MSCI India | INDA | 0.2 | 41.35 | -0.45 | -7 |
| 4.4 | 60 | C+ | 26.3 | IS MSCI Indonesia | EIDO | 1.4 | 24.44 | -0.49 | -14 |
| 7.8 | 59 | A- | 33.5 | Schwab Emerg Mkt | SCHE | 1.9 | 33.04 | -0.33 | 176 |
| 7.8 | 59 | A- | 54.5 | VG MSCI Em Mkt | VWO | 1.8 | 54.00 | -0.39 | -33 |
| 7.1 | 58 | A- | 45.8 | SPDR Emrg Mkt | SPEM | 1.8 | 45.16 | -0.41 | 109 |
| 3.5 | 57 | A | 83.1 | VG MSCI Pacifc | VPL | 1.7 | 82.36 | -0.41 | -40 |
| 3.9 | 55 | A- | 25.1 | IS MSCI Australia | EWA | 3.0 | 24.88 | -0.18 | -23 |
| -3.0 | 55 | A- | 33.5 | IS S&P Latin Am 40 | ILF | 1.9 | 28.48 | -0.57 | 208 |
| 4.7 | 54 | B+ | 31.2 | Schwab Fndmtl Intl LC | FNDF | 2.1 | 30.66 | -0.32 | -37 |
| -0.1 | 53 | A | 48.2 | IS MSCI Mexico | EWW | 1.4 | 42.96 | -0.64 | -2 |
| 4.4 | 52 | B | 70.7 | IS Core MSCI Ttl Intl Stk | IXUS | 1.8 | 70.15 | -0.47 | 0 |
| 4.4 | 52 | B+ | 55.8 | IS MSCI ACWI Ex US | ACWX | 1.8 | 55.39 | -0.38 | -52 |
| 4.5 | 52 | A- | 61.5 | VG FTSE Wrld X-US | VEU | 1.9 | 61.00 | -0.41 | -21 |
| 4.4 | 52 | B+ | 63.3 | VG Total Intl Stk | VXUS | 2.0 | 62.80 | -0.43 | -19 |
| 3.5 | 52 | A | 96.4 | VG Total World Stock | VT | 1.6 | 95.83 | -0.45 | -19 |
| 11.4 | 51 | B+ | 52.3 | IS FTSE China 25 | FXI | 2.0 | 51.71 | -0.26 | 3 |
| 3.4 | 51 | B | 94.4 | IS MSCI ACWI | ACWI | 1.4 | 93.77 | -0.44 | 19 |
| 2.3 | 51 | B | 29.0 | JPM BetaBldrs Japan | BBJP | 1.1 | 28.65 | -0.01 | 430 |
| 3.5 | 51 | A- | 35.2 | SPDR Devl Wrld x-US | SPDW | 1.8 | 34.93 | -0.24 | 4 |
| 2.5 | 50 | B | 70.1 | IS MSCI Japan | EWJ | 1.0 | 69.24 | 0.04 | -32 |
| 5.1 | 49 | B- | 22.8 | Inv FTSE RAFI EM | PXH | 2.7 | 22.24 | -0.40 | -64 |
| 4.6 | 49 | A- | 33.4 | IS MSCI Chile Index | ECH | 2.1 | 31.61 | -1.07 | -40 |
| 3.2 | 49 | B+ | 37.5 | Schwab Intl Equity | SCHF | 2.0 | 37.16 | -0.26 | -2 |
| 3.2 | 49 | B | 49.2 | VG MSCI Eafe | VEA | 2.0 | 48.70 | -0.34 | 15 |
| 3.0 | 47 | A- | 71.8 | IS Core MSCI EAFE | IEFA | 1.8 | 71.18 | -0.39 | -33 |
| 2.4 | 47 | A- | 36.8 | IS MSCI Intl Quality Fctr | IQLT | 1.6 | 36.52 | -0.16 | 24 |
| 4.5 | 47 | A- | 30.3 | Schwab EM LC | FNDE | 2.4 | 29.52 | -0.51 | -8 |
| 1.8 | 46 | B- | 45.8 | IS MSCI Emu Indx | EZU | 2.1 | 44.87 | -0.32 | -45 |
| 3.0 | 45 | B | 53.5 | IS Core MSCI Europe | IEUR | 2.1 | 52.80 | -0.32 | -54 |
| 3.0 | 45 | C+ | 75.8 | IS MSCI Eafe Idx | EFA | 2.1 | 75.15 | -0.36 | -15 |
| 3.5 | 45 | B+ | 49.9 | IS MSCI EAFE Value | EFV | 2.3 | 48.85 | -0.39 | -11 |
| 2.9 | 45 | B+ | 62.8 | VG MSCI Europn | VGK | 2.0 | 61.97 | -0.45 | -7 |
| 0.7 | 44 | B+ | 34.5 | IS MSCI France | EWQ | 1.0 | 33.48 | -0.22 | -53 |
| -0.5 | 44 | B | 30.6 | IS MSCI Italy | EWI | 1.6 | 29.29 | -0.49 | -75 |
| 3.1 | 44 | C+ | 27.2 | JPM BetaBldrs Europe | BBEU | 2.2 | 26.92 | -0.17 | -9 |
| 3.2 | 43 | B+ | 48.4 | IS MSCI So Africa | EZA | 5.3 | 45.24 | -0.78 | -19 |
| 1.6 | 43 | B | 43.2 | SPDR Euro Stoxx 50 | FEZ | 2.1 | 42.39 | -0.26 | 48 |
| 2.5 | 42 | B- | 33.0 | IS MSCI Germany | EWG | 1.3 | 32.55 | -0.13 | -42 |
| 5.7 | 42 | B+ | 26.5 | IS MSCI Hong Kong | EWH | 2.4 | 26.05 | -0.37 | 9 |
| 0.3 | 42 | B | 29.5 | IS MSCI Spain | EWP | 2.5 | 27.11 | -0.32 | -42 |
| 3.8 | 41 | B | 34.1 | IS DJ Intl Selct Divnd | IDV | 5.3 | 30.59 | -0.32 | -2 |
| 2.6 | 41 | B+ | 32.3 | IS MSCI Canada | EWC | 2.0 | 31.65 | -0.41 | 109 |
| 3.6 | 41 | B+ | 57.2 | WT Jpn Hedged | DXJ | 2.4 | 56.36 | 0.18 | -48 |
| -5.5 | 40 | B | 47.2 | IS MSCI Brazil | EWZ | 1.8 | 35.04 | -0.94 | 29 |
| 4.2 | 38 | A- | 24.4 | IS MSCI Singapore | EWS | 2.5 | 22.39 | -0.38 | 11 |
| 4.5 | 38 | B- | 34.0 | IS MSCI Untd Kingdm | EWU | 2.4 | 30.62 | -0.30 | -28 |
| 2.2 | 38 | B+ | 26.5 | VV Russia | RSX | 3.2 | 24.67 | -0.64 | 5 |
| 2.3 | 36 | B | 45.8 | IS MSCI Switzerland | EWL | 1.4 | 45.69 | -0.02 | -24 |
| 3.2 | 35 | C+ | 34.9 | Dxt MSCI EAFE Hedg | DBEF | 2.3 | 34.69 | -0.08 | 50 |
| 2.4 | 35 | B+ | 29.7 | Hrtfrd MltiFctr Dev Mkt | RODM | 2.7 | 28.98 | -0.14 | 14 |
| 1.1 | 28 | B- | 75.9 | IS MSCI EAFE Min Vol | EFAV | 1.3 | 74.20 | 0.06 | 40 |
| -1.5 | 22 | C+ | 34.0 | VV Emrg Mkt Bnd | EMLC | 4.9 | 32.77 | -0.23 | -14 |
| 9.1 | 1 | D+ | 55.0 | ProS UlSht MSCI Brazil | BZQ | 3.2 | 9.38 | 0.46 | 0 |

### Leveraged

| YTD% Chg | RS | Acc Dis | 52-wk High | Fund | Symbol | Div Yld | Close Price | Chg | Vol% Chg |
|---|---|---|---|---|---|---|---|---|---|
| 36.0 | 86 | B+ | 28.6 | DX FTSE China Bul 3X | YINN | 0.5 | 27.45 | -0.56 | -10 |

## Bond/Income

| YTD% Chg | RS | Acc Dis | 52-wk High | Fund | Symbol | Div Yld | Close Price | Chg | Vol% Chg |
|---|---|---|---|---|---|---|---|---|---|
| 5.8 | 72 | A | 88.0 | SPDR Brcly Conv Sec | CWB | 2.2 | 87.58 | 0.09 | -34 |
| 0.1 | 29 | C- | 32.4 | VV Fall Angel HY Bnd | ANGL | 4.6 | 32.13 | -0.17 | -35 |
| 1.5 | 26 | D- | 24.2 | GX Nasd 100 CovCall | QYLD | 11.1 | 23.14 | -0.02 | -7 |
| 1.7 | 24 | B | 28.5 | Quadratic Intrst Rt Vol | IVOL | 3.4 | 28.45 | -0.09 | 105 |
| 0.1 | 23 | B- | 41.5 | IS Broad USD HY Crp | USHY | 5.3 | 41.29 | -0.11 | -52 |
| 0.2 | 22 | C | 20.5 | FrstTr Pref Sec & Inc | FPE | 4.8 | 20.24 | 0.01 | 3 |
| -2.1 | 22 | B- | 30.3 | Inv Emrg Mkt Sovgn | PCY | 4.5 | 28.24 | 0.01 | 16 |
| -0.3 | 22 | C+ | 38.6 | IS S&P US Pfd Stk | PFF | 4.8 | 38.38 | 0.07 | -17 |
| 0.4 | 22 | A- | 27.1 | SPDR Brcly St HY Bnd | SJNK | 5.3 | 27.07 | -0.02 | 2 |
| 0.1 | 20 | C+ | 50.7 | Dxt USD HY Corp Bnd | HYLB | 5.2 | 50.12 | -0.10 | -33 |
| -0.3 | 20 | D | 25.9 | Global X Preferred | PFFD | 5.2 | 25.72 | 0.06 | 5 |
| -0.3 | 20 | C | 19.5 | Inv High Yld Corp | PHB | 3.9 | 19.38 | -0.03 | 26 |
| -1.8 | 20 | D+ | 117.2 | IS JPM USD Emg Mkts | EMB | 3.9 | 113.80 | 0.00 | -100 |
| 0.9 | 20 | B+ | 46.9 | SPDR BlkStn GSO Snr Ln | SRLN | 4.9 | 46.08 | 0.01 | -2 |
| 0.0 | 20 | C | 110.2 | SPDR Brcly HiYld Bnd | JNK | 5.1 | 108.94 | -0.24 | -25 |
| 1.5 | 20 | A- | 66.3 | VV High-Yield Muni | HYD | 4.0 | 62.48 | 0.09 | 28 |
| 0.4 | 18 | B | 22.8 | Inv Senior Loan | BKLN | 3.4 | 22.36 | -0.02 | 4 |
| 0.2 | 18 | B+ | 46.7 | IS 0-5 Yr HY Corp Bnd | SHYG | 5.1 | 45.51 | -0.06 | -44 |
| 0.1 | 17 | B+ | 128.0 | IS Brcly TIPS | TIP | 1.2 | 127.77 | -0.20 | -28 |
| 0.0 | 17 | C | 88.5 | IS Iboxx Hi Yd C Bd | HYG | 4.9 | 87.30 | -0.17 | -1 |
| 0.1 | 17 | B | 62.3 | Schwab US TIPS | SCHP | 1.1 | 62.15 | -0.11 | 20 |
| -0.1 | 17 | B- | 31.2 | SPDR Portfolio TIPS | SPIP | 2.0 | 31.15 | -0.05 | -24 |
| -1.5 | 16 | D | 15.3 | Inv Preferred | PGX | 4.9 | 15.03 | 0.06 | -37 |
| -0.8 | 16 | B- | 61.8 | IS Brcly Intmd CrpBnd | IGIB | 2.8 | 61.32 | -0.04 | 98 |
| 3.5 | 16 | B | 19.1 | ProS Short 20+ Yr Trs | TBF | 1.8 | 16.34 | -0.05 | -19 |
| -0.5 | 16 | C+ | 37.2 | SPDR Intrm Crp Bond | SPIB | 2.2 | 37.00 | -0.01 | -16 |
| -0.8 | 16 | D+ | 97.2 | VG Intmd Corp Bond | VCIT | 2.6 | 96.32 | -0.11 | -8 |
| 0.5 | 16 | A | 51.5 | VG Shrt Trm Infl-Protc | VTIP | 1.2 | 51.35 | -0.03 | 53 |
| 0.0 | 16 | B | 55.4 | VG Tax-Exmpt Bond | VTEB | 2.0 | 55.21 | 0.08 | 17 |
| -1.5 | 14 | E | 19.3 | Inv Financial Prfd | PGF | 4.9 | 18.93 | 0.07 | -69 |
| -0.1 | 14 | B- | 55.3 | IS Brcly 1-3 Yr Cr | IGSB | 2.4 | 55.13 | 0.01 | 32 |
| -1.2 | 14 | B | 62.3 | IS Brd USD InvGrd Crp | USIG | 2.8 | 61.22 | -0.07 | -27 |
| -1.8 | 14 | E | 139.4 | IS Iboxx $ Invgrdcp | LQD | 2.7 | 135.70 | -0.10 | 26 |
| -0.1 | 14 | C+ | 118.2 | IS S&P Natl Muni | MUB | 2.1 | 117.09 | -0.05 | -13 |
| -2.8 | 14 | D | 33.7 | SPDR Port LT Corp Bnd | SPLB | 3.1 | 32.17 | -0.06 | 19 |
| -2.8 | 14 | E | 113.3 | VG LngTrm Corp Bond | VCLT | 3.2 | 108.01 | -0.24 | 87 |
| -0.1 | 14 | D | 83.5 | VG Shrt Trm Corp Bond | VCSH | 2.3 | 83.13 | -0.02 | 20 |
| -0.6 | 12 | D+ | 58.7 | FirstTr TCWOpp Fix In | FIXD | 2.0 | 54.38 | 0.05 | 16 |
| 0.0 | 12 | B | 72.3 | FrstTr Enh Shrt Matur | FTSM | 1.2 | 60.04 | 0.00 | 6 |
| -0.2 | 12 | E | 23.8 | Inv Bullet 2022 Crp Bnd | BSCM | 2.2 | 21.71 | 0.00 | -22 |
| 0.0 | 12 | C | 51.8 | IS Core 1-5 Yr USD Bnd | ISTB | 2.2 | 51.66 | 0.02 | -24 |
| -0.6 | 12 | D | 55.2 | IS Core Total USD Bnd | IUSB | 2.5 | 54.25 | 0.00 | -26 |
| 0.2 | 12 | B+ | 51.1 | IS Fltng Rate Bond | FLOT | 1.2 | 50.80 | -0.01 | -15 |
| 0.1 | 12 | E | 50.4 | IS Shrt Matr Bond | NEAR | 1.5 | 50.23 | -0.01 | -19 |
| 0.1 | 12 | C | 50.6 | IS Ultra S-T Bond | ICSH | 1.2 | 50.55 | 0.00 | -29 |
| 0.0 | 12 | A+ | 50.5 | Janus Hend Srt Dur Inc | VNLA | 1.2 | 50.45 | -0.03 | -15 |
| 0.1 | 12 | D+ | 102.1 | Pimco Enhn ShrtMat | MINT | 1.1 | 102.12 | 0.00 | -22 |
| -0.5 | 12 | D | 59.3 | Schwab Intrm US Treas | SCHR | 1.6 | 57.93 | 0.04 | -53 |
| 0.0 | 12 | A+ | 52.0 | Schwab ST US Treas | SCHO | 1.3 | 51.40 | 0.01 | -40 |
| -0.7 | 12 | C+ | 57.0 | Schwab US Aggr Bnd | SCHZ | 2.4 | 55.61 | 0.00 | -30 |
| -0.7 | 12 | D- | 31.4 | SPDR Agg Bond | SPAB | 2.4 | 30.56 | 0.02 | -53 |
| 0.2 | 12 | C- | 30.8 | SPDR BB InvGrd Flt Rt | FLRN | 1.2 | 30.64 | 0.00 | -17 |
| 0.0 | 12 | D | 31.4 | SPDR Brcly St Crd Bnd | SPSB | 1.9 | 31.39 | 0.00 | 53 |
| -0.5 | 12 | D- | 33.4 | SPDR Portf Int Term | SPTI | 0.7 | 32.91 | 0.03 | -63 |
| -0.1 | 12 | B | 31.4 | SPDR Short Trm Treas | SPTS | 0.7 | 30.69 | 0.00 | -20 |
| 0.0 | 12 | C+ | 54.7 | VG Mrtg Backed Sec | VMBS | 1.9 | 54.05 | -0.01 | -42 |
| -0.6 | 12 | C- | 58.8 | VG Totl Intl Bond | BNDX | 0.9 | 58.22 | 0.03 | 2 |
| 0.0 | 11 | A+ | 86.8 | IS Brcly 1-3 Yr Trsy | SHY | 0.9 | 86.38 | 0.00 | 20 |
| -0.3 | 11 | E | 134.1 | IS Brcly 3-7 Yr Trsy | IEI | 1.1 | 132.55 | 0.07 | -9 |
| -0.8 | 11 | E | 119.7 | IS Brcly Agg Bd Fd | AGG | 2.2 | 117.25 | 0.00 | -40 |
| -0.8 | 11 | C | 94.4 | VG Intrmed-Term Bd | BIV | 2.3 | 92.10 | 0.00 | -24 |
| -0.1 | 11 | A | 83.3 | VG Short-Term Bond | BSV | 1.8 | 82.79 | -0.04 | -3 |
| 0.0 | 10 | D- | 53.0 | FrstTr Low Dur Opps | LMBS | 2.3 | 51.49 | 0.03 | -3 |
| -0.1 | 10 | E | 21.5 | Inv Bullet 2021 Crp Bnd | BSCL | 2.1 | 21.18 | 0.02 | -10 |
| -1.1 | 10 | E | 123.4 | IS Brcly 7-10 Yr Trs | IEF | 1.1 | 118.58 | 0.18 | -28 |
| 0.0 | 10 | A+ | 113.0 | IS Brcly Shrt Trsy | SHV | 0.6 | 110.52 | 0.01 | -47 |
| 0.0 | 10 | C- | 96.0 | SPDR Brcly 1-3MoTbill | BIL | 0.3 | 91.51 | -0.01 | -48 |
| 0.0 | 10 | B | 27.2 | SPDR Port Mor B Bnd | SPMB | 2.9 | 26.42 | 0.01 | -41 |
| -0.5 | 10 | D- | 70.9 | VG Intrmed-Trm Treas | VGIT | 1.4 | 69.07 | 0.04 | -14 |
| 0.0 | 10 | D- | 62.5 | VG ST Treasury | VGSH | 1.1 | 61.62 | 0.01 | -27 |
| -0.9 | 10 | D- | 89.6 | VG Total Bond Mkt | BND | 2.3 | 87.38 | 0.04 | -16 |
| 0.0 | 10 | A- | 25.1 | WT Flt Rate Treas | USFR | 0.4 | 25.10 | -0.01 | -41 |
| -0.5 | 9 | C+ | 28.5 | IS Core US Trsy | GOVT | 1.3 | 27.11 | 0.03 | 2 |
| -3.0 | 8 | E | 118.0 | VG Long-Term Bond | BLV | 3.0 | 106.40 | 0.10 | -45 |
| -3.6 | 8 | D- | 109.8 | VG Long-Term Treasury | VGLT | 1.9 | 92.39 | 0.22 | -8 |
| -3.7 | 7 | E | 179.7 | IS Brcly 20+ Yr Trsy | TLT | 1.6 | 151.88 | 0.49 | -36 |
| -3.6 | 7 | E | 51.3 | SPDR LT Treasury | SPTL | 1.8 | 43.49 | 0.12 | -50 |

### Leveraged

| YTD% Chg | RS | Acc Dis | 52-wk High | Fund | Symbol | Div Yld | Close Price | Chg | Vol% Chg |
|---|---|---|---|---|---|---|---|---|---|
| 7.7 | 20 | A- | 25.3 | ProS UltSht 20+ Yr | TBT | 2.0 | 17.68 | -0.10 | -13 |

## Commodity/Currency

| YTD% Chg | RS | Acc Dis | 52-wk High | Fund | Symbol | Div Yld | Close Price | Chg | Vol% Chg |
|---|---|---|---|---|---|---|---|---|---|
| 17.6 | 71 | A- | 11.3 | FirstTr Natural Gas | FCG | 3.2 | 10.37 | 0.02 | -23 |
| 6.7 | 65 | B | 20.6 | US Brent Oil | BNO | .. | 13.74 | -0.18 | -36 |
| 7.5 | 60 | A | 10.3 | Inv DB Oil | DBO | .. | 9.06 | -0.15 | -16 |
| -3.7 | 57 | C+ | 28.4 | Aberdeen Stan Phy Silv | SIVR | .. | 24.61 | -0.51 | -18 |
| -3.7 | 55 | D- | 27.4 | IS Silver Trust | SLV | .. | 23.66 | -0.49 | -32 |
| -10.5 | 43 | B- | 17.6 | ETFMG Pri Jr Silv Mnr | SILJ | 1.4 | 14.59 | -0.29 | -17 |
| 2.7 | 43 | B | 15.7 | Inv DB Commdty Idx | DBC | .. | 15.09 | -0.26 | 6 |
| 3.6 | 43 | A | 15.9 | IS S&P GSCI Cmd ETN | GSG | .. | 12.77 | -0.19 | -16 |
| 2.8 | 41 | B+ | 16.3 | Inv Optm Yld Dvrs Com | PDBC | .. | 15.69 | -0.24 | -36 |
| 6.7 | 41 | B | 98.7 | United States Oil LP | USO | .. | 35.23 | -0.53 | -13 |
| 0.4 | 33 | B | 16.6 | Inv DB Agriculture | DBA | .. | 16.21 | -0.26 | 22 |
| 0.3 | 28 | E | 69.8 | ProS Short VIX ST Fut | SVXY | .. | 41.57 | -0.26 | -20 |
| -1.5 | 22 | B | 6.5 | Teucrium Wheat | WEAT | .. | 6.10 | -0.22 | 63 |
| -2.5 | 18 | D | 20.6 | Goldman Sachs Phy Gld | AAAU | .. | 18.47 | -0.15 | -6 |
| -2.4 | 18 | C- | 20.6 | GraniteShares Gold | BAR | .. | 18.43 | -0.14 | -26 |
| -2.5 | 18 | C+ | 20.6 | SPDR Gold MiniShares | GLDM | .. | 18.46 | -0.16 | -46 |
| -2.5 | 17 | E | 19.9 | Aberdeen Stan Gold | SGOL | .. | 17.82 | -0.15 | 62 |
| -2.4 | 17 | D+ | 19.8 | IS Gold Trust | IAU | .. | 17.69 | -0.13 | -11 |
| -2.5 | 17 | E | 194.4 | SPDR Gold Trust | GLD | .. | 173.90 | -1.38 | -30 |
| 0.4 | 7 | C | 28.9 | Inv DB US$ Bullish | UUP | .. | 24.34 | 0.05 | -9 |
| -2.3 | 2 | B- | 64.6 | ProS VIX ST Futures | VIXY | .. | 13.42 | 0.19 | -2 |
| -2.1 | 2 | D- | 15.7 | United States NatGas | UNG | .. | 9.01 | -0.18 | -11 |

### Leveraged

| YTD% Chg | RS | Acc Dis | 52-wk High | Fund | Symbol | Div Yld | Close Price | Chg | Vol% Chg |
|---|---|---|---|---|---|---|---|---|---|
| -9.2 | 66 | C | 71.6 | ProS Ultra Silver | AGQ | .. | 46.54 | -1.94 | -36 |
| 3.3 | 43 | D | 87.3 | ProS Ult Shrt BB N Gas | KOLD | .. | 48.96 | 1.67 | -32 |
| -21.2 | 1 | E | 379.4 | DX Dly Energy Bear 2X | ERY | 1.3 | 27.25 | 0.22 | 0 |
| -4.1 | 1 | B | 135.0 | ProS Ult VIX ShrtTrm | UVXY | .. | 10.21 | 0.21 | 24 |
| 4.1 | 1 | D+ | 56.6 | ProS UltraShort Silver | ZSL | .. | 7.13 | 0.29 | -16 |

**ETF abbreviations:** Bldrs=Builders; Brcly=Barclays; DB=Deutsche Bank; DX=Direxion; Dxt=Deutsche X-trackers; FrstTr=First Trust; GS=Goldman Sachs; GX=Global X; HT=Holdrs Trust; Inv=Invesco; IP=iPath; IS=iShares; KS=KraneShares; Nv=Nuveen; ProS=ProShares; RX=Rydex; VG=Vanguard; VS=VelocityShares; VV=VanEck Vectors; WT=WisdomTree

Faster trades.
Bigger profits. Less work!

SWINGTrader BY INVESTOR'S BUSINESS DAILY

Start your free 4-week trial today!
1.800.831.2525 | www.investors.com/Swing1

© 2021 Investor's Business Daily, Inc. Investor's Business Daily, IBD and CAN SLIM and corresponding logos are registered trademarks owned by Investor's Business Daily, Inc.

CARUSO HOMES

INVESTMENT OPPORTUNITY

Caruso Homes, Inc. (est. 1986) – Regional, award winning homebuilder with substantial footprint in Maryland, Pennsylvania, Delaware, and North Carolina, as well as having significant experience and market share in the Washington, D.C. suburbs is looking for a select group of accredited Investors for direct real estate investments in support of the Company's continued growth. We offer a variety of capital structures with compelling returns that can be aligned with your investment needs/criteria.

If interested, please contact :

Mitchell Gordon
Chief Financial Officer
mgordon@carusohomes.com

www.CarusoHomes.com

*In re Jumia Technologies AG Securities Litigation*, Case No. 19-cv-4397 (S.D.N.Y.) (Castel, J.)

*Convery v. Jumia Technologies AG, et al.*, Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.) (Masley, J.)

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTIONS AND PROPOSED SETTLEMENT OF FEDERAL AND STATE ACTIONS; (II) MOTIONS FOR AWARDS OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT HEARINGS**

**TO: (i) All persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia Technologies AG ("Jumia") American Depositary Shares ("ADSs") from April 12, 2019, through and including December 9, 2019, and were damaged thereby (the "Exchange Act Settlement Class"); and (ii) All persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia ADSs pursuant and/or traceable to the Registration Statement issued in connection with the initial public offering of Jumia ADSs ("IPO") during the period from April 12, 2019, through and including December 9, 2019, and were damaged thereby (the "Securities Act Settlement Class," and together with the Exchange Act Settlement Class, the "Classes" or "Settlement Classes").** Certain persons and entities are excluded from the Classes as set forth in detail in the Stipulations of Settlement for the Federal Action and the State Action and the Long Notice described below.

**PLEASE READ THIS SUMMARY NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY PENDING CLASS ACTION LAWSUITS.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and an order of the United States District Court for the Southern District of New York in a lawsuit captioned *In re Jumia Technologies AG Securities Litigation*, No. 19-cv-4397 (S.D.N.Y.) (the "Federal Action"), and further, pursuant to Article 9 of the New York Civil Practice Law and Rules, and an order of the Supreme Court of New York, New York County, in a lawsuit captioned *Convery v. Jumia Technologies AG, et al.*, Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.) (the "State Action"), that the parties in the Federal Action and the State Action have reached proposed settlements in the amount of $2,000,000.00 in cash in the Federal Action (the "Federal Action Settlement") and $3,000,000.00 in cash in the State Action (the "State Action Settlement," and together with the Federal Action Settlement, the "Settlements").[1]

If approved, the Settlements will resolve all claims in the Federal Action and the State Action. A hearing will be held in the Federal Action on **March 17, 2021 at 2:00 p.m.**, before the Honorable P. Kevin Castel at the United States District Court, 500 Pearl Street, Courtroom 11D New York, NY 10007 (the "Federal Court"), and a hearing will be held in the State Action on **March 18, 2021 at 2:30 p.m.**, before the Honorable Justice Andrea Masley at the Supreme Court of the State of New York, County of New York, Room 647, 60 Centre Street, New York, NY 10007 (the "State Court") to determine whether: (i) the Exchange Act Settlement Class and the Securities Act Settlement Class should be certified only for purposes of the Federal Action Settlement and the State Action Settlement, respectively; (ii) the Federal Action Settlement and the State Action Settlement should be approved as fair, reasonable, and adequate; (iii) the Federal Action and the State Action should be dismissed with prejudice, and the releases specified and described in the Federal Stipulation and the State Stipulation (and in the Long Notice described below) should be entered; (iv) the proposed Plan of Allocation for the Settlements should be approved as fair and reasonable; and (v) Federal Lead Counsel's and State Plaintiff's Counsel's applications for awards of attorneys' fees of up to one-third of the Settlements, expenses of up to $125,000.00 in the Federal Action and $75,000.00 in the State Action, and awards to Plaintiffs in the Actions in the amount of up to $2,500.00 each should be approved. The Federal Court and the State Court may change the date of the settlement approval hearings and reserve the right to hold the hearings telephonically or by other virtual means. You do NOT need to attend the settlement approval hearings to receive a distribution of the proceeds from the Settlements.

**The Settlements will not become effective until both the Federal Action Settlement and the State Action Settlement receive final approval from their respective Courts, and both have become Final. If approved, the Settlements will resolve all claims in the Federal and State Actions.**

**If you are a member of one or both Classes, your rights will be affected by the pending Federal and State Actions and the Settlements, and you may be entitled to share in the proceeds of the Settlements**. This Summary Notice provides only a summary of the information contained in the detailed Notice of (I) Pendency of Class Actions and Proposed Settlement of Federal Action and State Action; (II) Motions for Awards of Attorneys' Fees and Litigation Expenses; and (III) Settlement Hearings (the "Long Notice"). You may obtain copies of the Long Notice, along with the Proof of Claim and Release Form, by writing to or calling the Claims Administrator: Jumia Technologies AG Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (Tel) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net. You can also download copies of the Long Notice and submit your Proof of Claim and Release Form online at https://www.strategicclaims.net.

If you are a member of one or both of the Settlement Classes, in order to be eligible to receive a payment under the proposed Settlements, you must submit a Proof of Claim and Release Form to the Claims Administrator either: (1) electronically at https://www.strategicclaims.net by ***11:59 p.m. EST on February 24, 2021;*** or (2) by mail ***postmarked no later than February 19, 2021***, in accordance with the instructions set forth in the Proof of Claim and Release Form. Subject to the Courts' approval, the Claims Administrator will continue to accept as timely submitted Proof of Claim and Release Forms received by April 26, 2021. If you are a member of one or both Classes and do not submit a valid and timely Proof of Claim and Release Form, you will not be eligible to share in the distribution of the net proceeds of the Federal Action Settlement or the State Action Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Federal Court in the Federal Action and/or the State Court in the State Action.

If you are a member of one or both of the Settlement Classes and wish to exclude yourself from one or both Classes, you must submit a request for exclusion to the Claims Administrator such that it is ***received no later than February 24, 2021***, in accordance with the instructions set forth in the Long Notice. If you properly exclude yourself from one or both Classes, you will not be bound by any releases, judgments, or orders entered by the Federal Court in the Federal Action and/or the State Court in the State Action, and you will not be eligible to share in the net proceeds of the Settlements. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims released in the Settlements. Please note, however, that if you decide to exclude yourself, you may be time-barred from asserting certain of the claims covered by the Federal and/or State Actions by a statute of limitations or repose.

Objections, if any, to the proposed Federal Action Settlement or the proposed State Action Settlement, the proposed Plan of Allocation (as contained in the Long Notice), and/or Federal Lead Counsel's and State Plaintiff's Counsel's motions for attorneys' fees and expenses, must be filed with the Federal Court or the State Court, respectively, and delivered to the respective counsel at the addresses listed below such that they are ***received no later than February 24, 2021***, in accordance with the instructions set forth in the Long Notice.

**Federal Court**
Clerk of the Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**State Court**
County Clerk of New York County
Hon. Milton Tingling
New York County Courthouse
60 Centre Street, Room 161
New York, NY 10007

**Lead Counsel for Federal Plaintiffs and the Exchange Act Settlement Class**
Phillip Kim
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

Jeremy Lieberman
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016

**Plaintiff's Counsel for State Plaintiff and the Securities Act Settlement Class**
Jeffrey P. Campisi
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022

**Counsel for Jumia and the Individual Defendants**
David M.J. Rein
Julia A. Malkina
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

**Counsel for the Underwriter Defendants**
Jonathan Rosenberg
William J. Sushon
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

**Counsel for Defendant E&Y**
Richard T. Marooney
King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036

**PLEASE DO NOT CONTACT THE FEDERAL COURT, THE STATE COURT, THE CLERK'S OFFICE OF EITHER COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS SUMMARY NOTICE.** All questions about this Summary Notice, the Settlements, or your eligibility to participate in the Settlements should be directed to the counsel set forth below or the Claims Administrator.

Requests for the Long Notice and the Proof of Claim and Release Form should be made to the Claims Administrator:

*Jumia Technologies AG Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205, Media, PA 19063
Toll-Free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net

Inquiries, other than requests for the Long Notice and Proof of Claim and Release Form, may be made to Federal Lead Counsel, The Rosen Law Firm, P.A., and Pomerantz LLP, and State Plaintiff's Counsel, Kaplan Fox & Kilsheimer LLP, as provided below.

**Federal Lead Counsel**

Phillip Kim
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

Jeremy Lieberman
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Fax: (917) 463-1044
Email: jalieberman@pomlaw.com

**State Plaintiff's Counsel**

Jeffrey P. Campisi
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Fax: (212) 687-7714
Email: jcampisi@kaplanfox.com

DATED: OCTOBER 19, 2020 United States District Court, Southern District of New York

DATED: JANUARY 5, 2021 Supreme Court of the State of New York, New York County

[1] Capitalized terms that are not defined in this Summary Notice are defined in the Federal Stipulation of Settlement, dated October 9, 2020, in the Federal Action, and the State Stipulation of Settlement, dated October 9, 2020, in the State Action, which are available at www.strategicclaims.net.

IBDLive
BY INVESTOR'S BUSINESS DAILY
TRADE LIVE WITH THE PROFESSIONALS
"It was like one-on-one coaching during market hours."
-Rafael O.
Try 2 weeks free at
investors.com/ibdlive
© 2021 Investor's Business Daily, Inc. Investor's Business Daily, IBD and CAN SLIM and corresponding logos are registered trademarks owned by Investor's Business Daily, Inc.

**Copyright** 2021 Investor's Business Daily Inc.

*In re Jumia Technologies AG Securities Litigation*
**Case No. 19-cv-4397 (S.D.N.Y.) (Castel, J.)**

*Convery v. Jumia Technologies AG, et al.,*
**Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.) (Masley, J.)**

**NOTICE OF (I) PENDENCY OF CLASS ACTIONS AND PROPOSED SETTLEMENT OF FEDERAL ACTION AND STATE ACTION; (II) MOTIONS FOR AWARDS OF ATTORNEYS' FEES AND LITIGATION EXPENSES; AND (III) SETTLEMENT HEARINGS**

**TO: (i) All persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia Technologies AG ("Jumia") American Depositary Shares ("ADSs") from April 12, 2019, through and including December 9, 2019, and were damaged thereby (the "Exchange Act Settlement Class"); and (ii) All persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia ADSs pursuant and/or traceable to the Registration Statement issued in connection with the initial public offering of Jumia ADSs ("IPO") during the period from April 12, 2019, through and including December 9, 2019, and were damaged thereby (the "Securities Act Settlement Class," and together with the Exchange Act Settlement Class, the "Settlement Classes" or "Classes").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROPOSED CLASS ACTION SETTLEMENTS IN LAWSUITS PENDING IN FEDERAL AND STATE COURTS.

IF YOU ARE A SECURITIES ACT SETTLEMENT CLASS MEMBER AND/OR AN EXCHANGE ACT SETTLEMENT CLASS MEMBER, YOU MUST SUBMIT A PROOF OF CLAIM AND RELEASE FORM TO OBTAIN YOUR SHARE OF THE SETTLEMENTS. IF YOU DO NOT SUBMIT A CLAIM, YOU WILL NOT HAVE ANY RIGHT TO COMPENSATION UNLESS YOU OPT OUT OF THE CLASSES.

This Notice concerns lawsuits pending in federal and state courts on behalf of investors (individuals and entities) who purchased Jumia ADSs from April 12, 2019 through December 9, 2019, inclusive. The federal lawsuit is referred to as *In re Jumia Technologies AG Securities Litigation*, No. 19-cv-4397 (S.D.N.Y.) (the "Federal Action"), and is pending before the Honorable P. Kevin Castel in the United States District Court for the Southern District of New York (the "Federal Court"). The state lawsuit is referred to as *Convery v. Jumia Technologies AG, et al.*, Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.) (the "State Action," and together with the Federal Action, the "Actions"), and is pending before the Honorable Andrea Masley of the Supreme Court of the State of New York, County of New York (the "State Court," and together with the Federal Court, the "Courts"). The plaintiffs in the Federal Action are Hexuan Cai; Kalyan Venkataraman; Kalyanasundaram Venkataraman; Matthew Sacks; and Yifeng Zhu (collectively, "Federal Plaintiffs"). The plaintiff in the State Action is Mark Convery ("State Plaintiff," and together with Federal Plaintiffs, "Plaintiffs"). The defendants in the Federal Action are: (i) Jumia; (ii) Jeremy Hodara; Sacha Poignonnec; Antoine Maillet-Mezeray; Gilles Bogaert; Andre T. Iguodala; Blaise Judja-Sato; Jonathan D. Klein; Angela Kaya Mwanza; Alioune Ndiaye; Matthew Odgers; John H. Rittenhouse; and Donald J. Puglisi (collectively, the "Individual Defendants"); and (iii) Berenberg Capital Markets, LLC; Citigroup Global Markets Inc.; Morgan Stanley & Co. LLC; RBC Capital Markets, LLC; Raymond James & Associates, Inc.; Stifel, Nicolaus & Company, Incorporated; and William Blair & Company, L.L.C. (collectively, the "Underwriter Defendants," and together with Jumia and the Individual Defendants, "Federal Defendants"). The defendants in the State Action are Jumia, the Individual Defendants, the Underwriter Defendants, and Ernst & Young, Société Anonyme ("E&Y") (collectively, "State Defendants," and together with Federal Defendants, "Defendants").

This Notice is to inform you that Federal Plaintiffs, on behalf of themselves and each of the Exchange Act Settlement Class Members, and State Plaintiff, on behalf of himself and each of the Securities Act Settlement Class Members, have reached proposed settlement agreements with Federal Defendants and State Defendants.

Federal Plaintiffs and Federal Defendants have agreed to settle the Federal Action (the "Federal Action Settlement") pursuant to the terms and conditions set forth in the Stipulation of Settlement dated October 9, 2020 (the "Federal Stipulation"). The Federal Action Settlement resolves claims asserted on behalf of the Exchange Act Settlement Class under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). State Plaintiff and State Defendants have agreed to settle the State Action (the "State Action Settlement") pursuant to the terms and conditions set forth in the Stipulation of Settlement dated October 9, 2020 (the "State Stipulation"). The State Action Settlement resolves claims asserted on behalf of the Securities Act Settlement Class under the Securities Act of 1933 (the "Securities Act").[1]

**Overview of the Actions and Settlements**:

The Federal Action asserts four claims: (i) a claim for violation of Section 11 of the Securities Act against all Federal Defendants; (ii) a claim for violation of Section 15 of the Securities Act against the Individual Defendants; (iii) a claim for violation of Section 10(b) of the Exchange Act against Jumia, Hodara, Poignonnec, and Maillet-Mezeray; and (iv) a claim for violation of Section 20(a) of the Exchange Act against Hodara, Poignonnec, and Maillet-Mezeray. Federal Plaintiffs allege that Federal Defendants made materially false or misleading statements and/or omitted to disclose material information required to be disclosed in connection with Jumia's April 12, 2019 IPO, and caused the price of Jumia ADSs to be artificially inflated during the period from April 12, 2019, through and including December 9, 2019.

The State Action asserts three claims: (i) a claim for violation of Section 11 of the Securities Act against all State Defendants; (ii) a claim for violation of Section 12(a)(2) of the Securities Act against Jumia, Hodara, Poignonnec, and the Underwriter Defendants; and (iii) a claim for a violation of Section 15 of the Securities Act against the Individual Defendants. State Plaintiff alleges that State Defendants made materially false or misleading statements and/or omitted to disclose material information required to be disclosed in connection with Jumia's April 12, 2019 IPO.

On May 12, 2020, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants engaged in a mediation via videoconference before Jed Melnick, an experienced mediator with JAMS (the "Mediator"). While the mediation failed to settle the claims alleged for either the State Action or the Federal Action, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants continued negotiating through the Mediator. On August 11, 2020, after further arm's-length negotiations with the assistance of the Mediator, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants agreed to settlements of the Federal Action and the State Action on terms that included total settlement consideration of $5,000,000.00 (five million U.S. dollars), to be allocated, as set forth in further detail below, between the Federal Action and the State Action. The proposed settlement terms were memorialized in a term sheet executed on August 11, 2020 by Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants. Thereafter, all parties executed the Federal Stipulation and the State Stipulation to resolve the Federal Action and the State Action, respectively, subject to approval by the Federal Court and the State Court.

**Overview of the Recovery**: Federal Plaintiffs have agreed to settle all claims on behalf of the Exchange Act Settlement Class and grant Federal Defendants and the Released Defendant Parties a full and complete release of all Released Plaintiffs' Claims in exchange for a cash payment of $2,000,000.00 (two million U.S. dollars) (the "Federal Settlement Amount"). Separately, State Plaintiff agreed to settle all claims on behalf of the

---

[1] Capitalized terms that are not defined in this Notice are defined in the Federal Stipulation and the State Stipulation, which are available at www.strategicclaims.net.

Securities Act Settlement Class and grant State Defendants and the Released Defendant Parties a full and complete release of all Released Plaintiffs' Claims in exchange for a cash payment of $3,000,000.00 (three million U.S. dollars) (the "State Settlement Amount").

The Federal Settlement Amount, plus any interest earned thereon, is called the "Federal Settlement Fund." The State Settlement Amount, plus any interest earned thereon, is called the "State Settlement Fund." The "Net Federal Settlement Fund" (the Federal Settlement Fund less any attorneys' fees and expenses provided for herein or approved by the Federal Court and less Class Notice and Administration Expenses, Taxes and Tax Expenses, and other Federal Court-approved deductions) and the "Net State Settlement Fund" (the State Settlement Fund less any attorneys' fees and expenses provided for herein or approved by the State Court and less Class Notice and Administration Expenses, Taxes and Tax Expenses, and other State Court-approved deductions) will be distributed pursuant to the plan of allocation that is approved by the Courts (the "Plan of Allocation"), which determines how the Net Federal Settlement Fund and the Net State Settlement Fund will be allocated among Members of the Settlement Classes who become eligible to participate in the distribution of the Net Federal Settlement Fund and the Net State Settlement Fund by submitting a timely and valid Proof of Claim and Release Form. The proposed Plan of Allocation is described at pages 21-25 below.

The estimated average recovery per share for Members of the Settlement Classes from the Settlement Fund (before the deduction of any Court-approved fees, expenses, and costs as described herein) would be approximately $0.095 per share from the Federal Action Settlement and $0.193 per share from the State Action Settlement.

These amounts assume all eligible Members of the Settlement Classes submit timely and valid Proof of Claim and Release Forms. If fewer than all Members of the Settlement Classes submit timely and valid Proof of Claim and Release Forms (which is likely), the distributions per share will be higher. A Class Member's actual recovery will be a proportion of the Net Federal Settlement Fund and/or the Net State Settlement Fund determined by a Class Member's number of eligible ADSs as compared to the total number of eligible ADSs of all Members of the Settlement Classes who submit timely and valid Proof of Claim and Release Forms. (*See* the Plan of Allocation beginning on page 21 below for details and more information.)

Federal Lead Counsel and State Plaintiff's Counsel intend to seek attorneys' fees in the Federal Court and the State Court, respectively. If the Federal Action Settlement is approved by the Federal Court, Federal Lead Counsel will apply to the Federal Court for an award of attorneys' fees, not to exceed one-third of the Federal Settlement Amount, or $666,666.67, for reimbursement of expenses not to exceed $125,000.00 incurred in investigating the facts, prosecuting the case, and negotiating the Settlements, and an award to Federal Plaintiffs of up to $2,500.00 each or $12,500.00 in total. Likewise, if the State Action Settlement is approved by the State Court, State Plaintiff's Counsel will apply to the State Court for an award of attorneys' fees, not to exceed one-third of the State Settlement Amount, or $1,000,000.00, for reimbursement of expenses not to exceed $75,000.00 incurred in investigating the facts, prosecuting the case, and negotiating the Settlements, and an award to State Plaintiff of up to $2,500.00. Please note that these amounts are only estimates and are subject to approval by the Federal Court and the State Court.

Defendants deny that the Federal Action and the State Action are subject to proper class certification, that they engaged in any wrongdoing, that they are liable to either Federal Plaintiffs and the Exchange Act Settlement Class or State Plaintiff and the Securities Act Settlement Class, and that Federal Plaintiffs, State Plaintiff, or other Exchange Act Settlement Class Members or Securities Act Settlement Class Members suffered any injury. Moreover, the parties in the Federal Action and the State Action do not agree on the amount of recoverable damages, if any, or on the average amount of damages, if any, per share that would be recoverable if Federal Plaintiffs and State Plaintiff were to prevail in the Actions. The issues on which the parties in the Federal Action and the State Action disagree include, but are not limited to: (i) whether the statements made or facts allegedly omitted were material, false, or misleading; (ii) whether any such allegedly materially false

or misleading statements or omissions were made with the required level of intent or recklessness; (iii) whether Defendants are otherwise liable under the securities laws for those statements or omissions; and (iv) whether all or part of the damages allegedly suffered by the Settlement Classes were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

Federal Plaintiffs and State Plaintiff believe that the Settlements represent a fair and reasonable recovery in light of the risks of continued litigation and are in the best interests of the Settlement Classes.  For Federal Plaintiffs and State Plaintiff, the principal reason for the Federal Action Settlement and the State Action Settlement is the guaranteed cash benefit to the Settlement Classes.  This benefit must be compared to:  (i) the uncertainty of being able to prove the allegations in the Actions; (ii) the uncertainty inherent in the parties' competing theories of liability and damages; (iii) the risks of litigation, especially in complex actions like these; and (iv) the difficulties and delays inherent in such litigation (including any trials or appeals).  For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Exchange Act Settlement Class Member or Securities Act Settlement Class Member was damaged, the sole reason for entering into the Federal Action Settlement and the State Action Settlement is to end the burden, expense, uncertainty, and risk of further protracted litigation.

**Identification of Attorneys**: Federal Plaintiffs, State Plaintiff, and all other Exchange Act Settlement Class Members and Securities Act Settlement Class Members are represented by counsel identified on page 5 below.

PLEASE DO NOT TELEPHONE THE FEDERAL COURT, THE STATE COURT, THE CLERK'S OFFICE OF EITHER COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL TO INQUIRE ABOUT THESE SETTLEMENTS OR THE CLAIM PROCESS.

### YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS:

**SUBMIT A CLAIM FORM:**  The only way to possibly receive a payment from the Settlements.
**Deadline:  February 19, 2021 (for mailing) or February 24, 2021 (for online).  Subject to the Courts' approval, the Claims Administrator will continue to accept as timely submitted Proof of Claim and Release Forms received by April 26, 2021.**

**EXCLUDE YOURSELF:** You get no payment from the Settlements.  This is the only option that might allow you to bring an individual lawsuit against Defendants asserting the legal claims being released in these Settlements, if you have a valid and timely claim.
**Deadline:  February 24, 2021.**

**OBJECT:** You may write to the Federal Court and/or the State Court if you do not like the  Federal Action Settlement and/or the State Action Settlement, the Plan of Allocation, the fee and expense awards requested by State Plaintiff's Counsel in the State Action and/or Federal Lead Counsel in the Federal Action.  If you object, you will still be a member of the Exchange Act Settlement Class and/or the Securities Act Settlement Class.
**Deadline:  February 24, 2021.**

**GO TO A HEARING:**  You may ask to speak in the Federal Court about the fairness of the Federal Action Settlement and/or in the State Court about the fairness of the State Action Settlement.
**Federal Action Hearing Date:  March 17, 2021.**
**State Action Hearing Date:  March 18, 2021.**

**DO NOTHING:** You get no payment and give up your rights relating to the claims described in this Notice.

4

- These rights and options *and the deadlines to exercise them* are explained in this Notice.
- The Federal Court and the State Court must decide whether to approve the respective Settlements pending before them.  If approved, payments will be made to claimants from the Federal Settlement Fund and the State Settlement Fund after the Effective Date, *i.e.*, after both the Federal Court approves the Federal Action Settlement and enters a final judgment, and after all appeals and subsequent proceedings (if any) are resolved, and the State Court approves the State Action Settlement and enters a final judgment, and after all appeals and subsequent proceedings (if any) are resolved.

These rights and options are explained in further detail later in this Notice.

**Further Information**

For further information regarding these Settlements, you may contact a representative of Federal Lead Counsel:

| Phillip Kim<br>The Rosen Law Firm, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Telephone: 212-686-1060<br>Fax: 212-202-3827<br>Email: pkim@rosenlegal.com | or | Jeremy Lieberman<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: 212-661-1100<br>Fax: 917-463-1044<br>Email: jalieberman@pomlaw.com |
| --- | --- | --- |

You may also contact a representative of State Plaintiff's Counsel:

| Jeffrey P. Campisi<br>Kaplan Fox & Kilsheimer LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>Fax: (212) 687-7714<br>Email: jcampisi@kaplanfox.com |
| --- |

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .......................................................................................... **Page 7**
1.    Why did I get this Notice package? ..........................................................................7
2.    What are the lawsuits about? ....................................................................................7
3.    What is a class action? ..............................................................................................8
4.    Why are there Settlements? ......................................................................................8

**WHO IS INCLUDED IN THE SETTLEMENTS?** ............................................... **Page 9**
5.    How do I know if I am a Member of the Settlement Classes? ...................................9
6.    Are there any exceptions to being included as a Member of the Settlement Classes? ..........10
7.    I am still not sure if I'm included. ...........................................................................10

**BENEFITS OF THE SETTLEMENTS** .............................................................. **Page 10**
8.    What do the Settlements provide? ...........................................................................10
9.    How much will my payment be? .............................................................................11
10.   How can I get a payment? .......................................................................................11
11.   When will I receive my payment? ...........................................................................12
12.   What am I giving up to get a payment or stay in the Settlement Classes? .............12

**EXCLUDING YOURSELF FROM THE SETTLEMENTS** ............................. **Page 14**
13.   How do I exclude myself from the Settlements? .....................................................14
14.   If I don't exclude myself, can I sue Defendants for the same things later? ............15
15.   If I exclude myself, can I get money from the Settlements? ...................................15

**THE LAWYERS REPRESENTING YOU** ........................................................ **Page 15**
16.   Do I have a lawyer in these cases? ..........................................................................15
17.   How will the lawyers be paid? ................................................................................16

**THE FEDERAL COURT'S AND THE STATE COURT'S SETTLEMENT HEARINGS**   **Page 17**
18.   When and where will the Federal Court and the State Court decide whether to approve the Settlements? .......................................................................................................17
19.   Do I have to come to the settlement hearings? .......................................................18

**OBJECTING TO THE SETTLEMENTS** .......................................................... **Page 18**
20.   How do I tell the Federal Court or the State Court that I do not like the Federal Action Settlement or the State Action Settlement? .............................................................18
21.   What's the difference between objecting and excluding? .......................................19

**IF YOU DO NOTHING** .................................................................................... **Page 20**
22.   What happens if I do nothing at all? .......................................................................20

**OBTAINING MORE INFORMATION** ............................................................ **Page 20**
23.   Are there more details about the Settlements? ........................................................20

**SPECIAL NOTICE TO NOMINEES** ............................................................... **Page 20**
24.   Special Notice to Non-Defendant Banks, Trustees, Brokerage Firms, or Other Nominees ...20

25.   Understanding Your Payment – The Plan of Allocation  ........................... **Page 21**

## BASIC INFORMATION

| 1. Why did I get this Notice package? |
| --- |

You or someone in your family may have purchased Jumia ADSs during the period from April 12, 2019, through and including December 9, 2019, the Class Period for the Settlements.

The Federal Court and the State Court caused this Notice to be sent to you because you have a right to know about the proposed Settlements, hearings to be held by the Federal Court and the State Court to consider the fairness, reasonableness, and adequacy of the Settlements, and about all of your options, before the Federal Court and the State Court decide whether to approve the Settlements. If the Federal Court and the State Court approve the Settlements, and after any objections or appeals are resolved, a claims administrator appointed by the Federal Court and the State Court will make the payments that the Settlements allow.

This Notice explains the Federal Action and the State Action, the Federal Action Settlement and the State Action Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. It is not an expression of any opinion by the Federal Court or the State Court with respect to the truth of the allegations of the litigations or the merits of the claims or defenses asserted. It also does not mean that you are a Member of either the Exchange Act Settlement Class or the Securities Act Settlement Class or that you will be entitled to receive a payment from the Federal Action Settlement or the State Action Settlement.

| 2. What are the lawsuits about? |
| --- |

### The Federal Action

The Federal Action involves allegations that Federal Defendants violated certain federal securities laws by allegedly making false and misleading statements concerning certain reported metrics, including gross merchandise value, active consumers, and active sellers. The Second Amended Complaint alleges that the misstatements or omissions artificially inflated Jumia's share price, and that the share price dropped in response to certain subsequent disclosures. Federal Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Federal Action. The Federal Action Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of Federal Defendants or the Released Defendant Parties, or of any infirmity of any of Federal Defendants' defenses, or of any damages to Federal Plaintiffs or any other Exchange Act Settlement Class Member. The Federal Action Settlement resolves all of the claims in the Federal Action, as well as certain other claims or potential claims, whether known or unknown.

### The State Action

The State Action involves allegations that State Defendants violated certain federal securities laws by allegedly making false and misleading statements in Jumia's Registration Statement and Prospectus, issued in connection with Jumia's IPO, concerning certain reported metrics including gross merchandise value, active consumers, and active sellers. The State Action further alleges that Jumia's financial statements, audited by Defendant E&Y, were materially false and misleading because Jumia materially overstated its reported revenue in violation of international accounting standards. It is further alleged that the misstatements or omissions artificially inflated Jumia's share price, and that the share price

dropped in response to certain subsequent disclosures.  State Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the State Action. The State Action Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of State Defendants or the Released Defendant Parties, or of any infirmity of any of State Defendants' defenses, or of any damages to State Plaintiff or any other Securities Act Settlement Class Member. The State Action Settlement resolves all of the claims in the State Action, as well as certain other claims or potential claims, whether known or unknown.

**Settlement Proceedings**

On May 12, 2020, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants engaged in a mediation via videoconference before Jed Melnick, an experienced mediator with JAMS.  While the mediation failed to settle the claims alleged for either the State Action or the Federal Action, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants continued negotiating through the Mediator. On August 11, 2020, after further arm's-length negotiations with the assistance of the Mediator, Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants agreed to a settlement of the Federal Action and the State Action on terms that included total settlement consideration of $5,000,000.00 (five million U.S. dollars), to be allocated, as set forth in further detail below, between the Federal Action and the State Action.  The proposed settlement terms were memorialized in a term sheet executed on August 11, 2020 by Federal Plaintiffs, State Plaintiff, Jumia, and the Individual Defendants.  Thereafter, all parties executed the Federal Stipulation and the State Stipulation to resolve the Federal Action and the State Action, respectively, subject to approval by the Federal Court and the State Court, respectively.

On October 19, 2020 and January 5, 2021, the Federal Court and the State Court, respectively, entered orders preliminarily approving the proposed State Action Settlement and the proposed Federal Action Settlement, respectively, approving this Notice, setting deadlines, and scheduling the settlement hearings to consider whether to grant final approval of the Settlements.

---

**3.  What is a class action?**

---

In a class action, one or more persons or entities sue on behalf of people and entities who have similar claims. Together, these people and entities are referred to as a "class," and each is a "class member." One court resolves the issues for all class members at the same time, except for those class members who exclude themselves from the class.  In this case, there are two classes, the Exchange Act Settlement Class and the Securities Act Settlement Class.

---

**4.  Why are there Settlements?**

---

Federal Plaintiffs and State Plaintiff asserted claims against Federal Defendants and State Defendants on behalf of the Exchange Act Settlement Class and the Securities Act Settlement Class. Defendants deny that they have done anything wrong or violated any statute and admit no liability. No court has decided in favor of Federal Plaintiffs, State Plaintiff, or the Settlement Classes or in favor of Defendants. Instead, all parties agreed to the Settlements to avoid the costs and risks of further litigation, including trial and post-trial appeals, and Federal Plaintiffs and State Plaintiff agreed to the Settlements to ensure that Members of the Settlement Classes will receive compensation. Federal Plaintiffs, State Plaintiff, Federal

Lead Counsel, and State Plaintiff's Counsel all believe the Settlements are in the best interest of all Members of the Settlement Classes in light of the real possibility that continued litigation could result in no recovery at all.

Defendants have denied and continue to deny any wrongdoing and deny that they have committed any act or omission giving rise to any liability or violation of law.  Defendants deny the allegations that: (i) they knowingly, or otherwise, made any material misstatements or omissions; (ii) any Exchange Act Settlement Class Member or Securities Act Settlement Class Member has suffered damages; (iii) the price of Jumia ADSs was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; and (iv) the Exchange Act Settlement Class Members and the Securities Act Settlement Class Members were harmed by the conduct alleged in the Federal Action and the State Action.  Nonetheless, Defendants have concluded that continuation of the Federal Action and the State Action would be protracted, time-consuming, and expensive, and that it is desirable that the Federal Action and the State Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Federal Stipulation and the State Stipulation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially complex cases like the Federal Action and the State Action, and believe that it is desirable and beneficial that the Federal Action and the State Action be settled in the manner and upon the terms and conditions set forth in the Federal Stipulation and the State Stipulation.

## WHO IS INCLUDED IN THE SETTLEMENTS?

**5.  How do I know if I am a Member of the Settlement Classes?**

Everyone who fits the following descriptions is a Member of one or both of the Settlement Classes:

(i) All persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia ADSs from April 12, 2019, through and including December 9, 2019, and were damaged thereby; and (ii) All persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia ADSs pursuant and/or traceable to the Registration Statement issued in connection with the IPO during the period from April 12, 2019, through and including December 9, 2019, and were damaged thereby.  Excluded are the Released Defendant Parties,[2]

---

[2] "Released Defendant Parties" is defined as any and all Defendants and each of their Related Parties.

"Related Parties" is defined as the Individual Defendants, in their individual or official capacities, Jumia, the Underwriter Defendants, and E&Y, as well as (i) with respect to each Individual Defendant, his or her assigns, assignees, attorneys, advisors, auditors, accountants, representatives, members of his or her immediate family, heirs, executors, estates, administrators, and insurers and reinsurers, in their respective capacities as such; (ii) with respect to all other Defendants, each of their predecessors, successors, past, present, or future parents, subsidiaries, affiliates, and divisions, whether direct or indirect, and each of their respective past, present, or future officers, directors, management and supervisory board members, agents, partners, principals, members, employees, attorneys, advisors, auditors, accountants, underwriters, investment bankers, and insurers and reinsurers, in their respective capacities as such; (iii) with respect to all Defendants, any firm, trust, corporation, or other entity in which any of Defendants has or had a controlling interest, in their respective capacities as such; and (iv) with respect to E&Y, Ernst & Young Global Limited and all member firms of Ernst & Young Global Limited, including, but not limited to, Ernst & Young LLP.

except for any Investment Vehicle.[3]  Also, excluded are those Persons who timely and validly request exclusion from the Settlement Classes pursuant to the Notice.

---

**6.  Are there any exceptions to being included as a Member of the Settlement Classes?**

---

Yes.  As mentioned in the description above, you are not a member of the Settlement Classes if any of the following applies to you:

- ☐ You do not meet the definition of the Settlement Classes above.
- ☐ You are one of the Released Defendant Parties, except for any Investment Vehicle.
- ☐ You timely and validly request exclusion from the Settlement Classes pursuant to this Notice.

---

**7.  I'm still not sure if I'm included.**

---

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator, Strategic Claims Services, at P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, Tel. (866) 274-4004, Email: info@strategicclaims.net, or you can fill out the Proof of Claim and Release Form described in question 10, to see if you qualify.

## BENEFITS OF THE SETTLEMENTS

---

**8.  What do the Settlements provide?**

---

The following description of the proposed Settlements is only a summary, and reference is made to the text of the Federal Stipulation and the State Stipulation, on file with the Federal Court and the State Court, respectively, or accessible at https://www.strategicclaims.net/, for a full statement of the provisions of the Settlements.

Jumia and its insurer caused $5,000,000.00 (five million U.S. dollars) to be paid into escrow accounts that are earning interest for the benefit of the Settlement Classes.  As agreed between State Plaintiff and Federal Plaintiffs, of the total consideration, Jumia and its insurers paid the State Settlement Amount ($3,000,000.00 (three million U.S. dollars)) into an escrow account for the benefit of the Securities Act Settlement Class (the "State Settlement Fund"), and separately paid the Federal Settlement Amount ($2,000,000.00 (two million U.S. dollars)) into an escrow account for the benefit of the Exchange Act Settlement Class (the "Federal Settlement Fund").

The Federal Settlement Fund and the State Settlement Fund will be used to pay for this Notice and the processing of claims submitted by Members of the Settlement Classes, to pay Taxes and Tax Expenses, and to pay attorneys' fees and reimbursement of expenses, if approved by the Federal Court in the Federal Action and the State Court in the State Action, respectively.

---

[3] "Investment Vehicle" is defined as any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, funds of funds, and hedge funds, in which Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor but of which any Underwriter Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

The Net Federal Settlement Fund and the Net State Settlement Fund will be distributed, in accordance with the Plan of Allocation described below, to Exchange Act Settlement Class Members and Securities Act Settlement Class Members, respectively, who submit valid and timely Proof of Claim and Release Forms.

The effectiveness of the Settlements are subject to a number of conditions and reference to the Stipulations is made for further particulars regarding these conditions.

| 9.  How much will my payment be? |
| --- |

Your share of the fund will depend on several things, including how many Members of the Settlement Classes submit a timely and valid Proof of Claim and Release Form, the total dollar amount of the claims represented by the valid Proof of Claim and Release Forms that Members of the Settlement Classes submit, the number of Jumia ADSs you purchased or acquired, how much you paid for the ADSs, when you purchased or acquired them, and if you sold your ADSs and for how much.

By following the instructions in the Plan of Allocation, you can calculate your claim. It is unlikely that you will get a payment for the full amount of your claim. After all Members of the Settlement Classes have submitted their Proof of Claim and Release Forms, the payment you get will be a part of the Net Federal Settlement Fund and/or the Net State Settlement Fund equal to your claim divided by the total of all valid claimants' claims. (*See* the Plan of Allocation in paragraph 25 below for more information on your claim.)

| 10. How can I get a payment? |
| --- |

To qualify for payment, you must timely submit a Proof of Claim and Release Form to the Claims Administrator.  A Proof of Claim and Release Form is attached to this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, and sign it where indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically via the Claims Administrator's website at https://www.strategicclaims.net by **11:59 p.m. EST on  February 24, 2021**; or (2) by mailing the Proof of Claim and Release Form together with all documentation requested in the Proof of Claim and Release Form, **postmarked no later than February 19, 2021** to the Claims Administrator at: Jumia Technologies AG Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063. Subject to the Courts' approval, the Claims Administrator will continue to accept as timely submitted Proof of Claim and Release Forms received by April 26, 2021.

Unless the Federal Court or the State Court orders otherwise, if you do not timely submit a Proof of Claim and Release Form, you will be barred from receiving any payments from the Net Federal Settlement Fund or the Net State Settlement Fund, but will in all other respects be bound by the Federal Order and Final Judgment and the State Order and Final Judgment in the Federal Action and the State Action, respectively.

---

**11. When will I receive my payment?**

---

The Federal Court will hold a hearing on March 17, 2021, to decide whether to approve the Federal Action Settlement, and the State Court will hold a hearing on March 18, 2021, to decide whether to approve the State Action Settlement.  If the Courts approve the Settlements, there may be appeals.  If there are any appeals, it is uncertain when these appeals will be resolved, and resolving them can take time, typically more than a year.  The Claims Administrator will also need time to process the submitted claims before any distribution can be made to Federal Authorized Claimants and State Authorized Claimants.  The claims administration process is complicated and will take many months, even when there is no delay due to an appeal.  Please be patient.

---

**12. What am I giving up to get a payment or stay in the Settlement Classes?**

---

If you do not make a valid and timely request in writing to be excluded from the Exchange Act Settlement Class and/or the Securities Act Settlement Class, you will be bound by any and all determinations or judgments in the Federal Action and/or the State Action in connection with the Settlements entered into or approved by the Federal Court and the State Court, whether favorable or unfavorable to the Settlement Classes, and you shall be deemed to have, and by operation of the Federal Order and Final Judgment and the State Order and Final Judgment in the Federal Action and the State Action, respectively, shall have, fully released all of the Released Plaintiffs' Claims against the Released Defendant Parties, whether or not you submit a valid Proof of Claim and Release Form or share in the Federal Settlement Fund or the State Settlement Fund.

As a Member of the Exchange Act Settlement Class and/or the Securities Act Settlement Class, in consideration for the benefits of the Settlements, you will be bound by the terms of the Federal Action Settlement and/or the State Action Settlement, respectively, and you will release the Released Defendant Parties from the Released Plaintiffs' Claims as defined below.

"Released Claims" means both the Released Defendants' Claims and the Released Plaintiffs' Claims.

"Released Defendants' Claims" means any and all (a) claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, claims, controversies, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal, state, local, or foreign statutory, common, or administrative law, or any other law, rule, or regulation, whether foreign or domestic, that (b) arise out of or are based upon the institution, prosecution, or settlement of the claims against Defendants in the Actions.  Notwithstanding the foregoing, Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlements; (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlements that is accepted by the Federal Court or the State Court as valid; and (iii) any claims that any Defendant may have under or relating to any policy of liability or any other insurance policy.

"Released Plaintiffs' Claims" means any and all (a) claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, claims, controversies, and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal, state, local, or foreign statutory, common, or administrative law, or any other law, rule, or regulation, whether foreign or domestic, that (b) State Plaintiff, Federal Plaintiffs, or any other member of the Settlement Classes:  (i) asserted in any of the complaints filed in the Actions; or (ii) could have asserted in the Actions or in any other action or in any other forum that (c) have arisen, arise now, or hereafter arise out of, are based upon, or relate, directly or indirectly, in any manner, or are in consequence of any of the facts, allegations, transactions, matters, events, practices, conduct, disclosures, nondisclosures, occurrences, representations, statements, acts, omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Actions, and that (d) relate, directly or indirectly, in any manner to the trading, purchase, acquisition, holding, disposition, or sale of Jumia ADSs during the Class Period, including without limitation, any claims related to statements, disclosures, nondisclosures, or omissions allegedly made or not made by Defendants or any other of the Released Defendant Parties, or that otherwise would have been barred by res judicata had the Actions been litigated to a final judgment.  Released Plaintiffs' Claims include all rights of appeal from any prior decision of the State Court and the Federal Court in the Actions.  Released Plaintiffs' Claims do not include any claims relating to the enforcement of the Settlements.

"Unknown Claims" means any of the Released Plaintiffs' Claims which Federal Plaintiffs or any Exchange Act Settlement Class Member does not know or suspect to exist in such party's favor at the time of the release of the Released Defendant Parties which, if known by such party, might have affected such party's settlement with and release of the Released Defendant Parties, or might have affected such party's decision not to object to the Federal Action Settlement and the State Action Settlement.  With respect to any and all Released Plaintiffs' Claims, upon the Effective Date, Federal Plaintiffs, State Plaintiff, the Exchange Act Settlement Class Members, and the Securities Act Settlement Class Members shall expressly waive, and by operation of the Federal Order and Final Judgment and the State Order and Final Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is or has an effect which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Federal Plaintiffs, State Plaintiff, the Exchange Act Settlement Class Members, and the Securities Act Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Federal Plaintiffs, State Plaintiff, the Exchange Act Settlement Class Members, and the Securities Act Settlement Class Members, upon the Effective Date, by operation of the Federal Order and Final Judgment and the State Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Plaintiffs' Claims, known or unknown, suspected

or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Federal Plaintiffs, State Plaintiff, the Exchange Act Settlement Class Members, and the Securities Act Settlement Class Members acknowledge that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims was separately bargained for and was a material element of the Federal Action Settlement and the State Action Settlement.

If the proposed Settlements are approved, the Federal Court and the State Court, respectively, will enter the Federal Order and Final Judgment and the State Order and Final Judgment. In addition, upon the Effective Date, Federal Plaintiffs, State Plaintiff, and each Member of the Settlement Classes, for themselves and for any other Person claiming (now or in the future) through or on behalf of any of them, and regardless of whether any such Plaintiff or Member of the Settlement Classes ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release Form, any distribution from the Federal Settlement Fund or the State Settlement Fund, shall be deemed to have, and by operation of the Federal Order and Final Judgment and State Order and Final Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against the Released Defendant Parties, except to enforce the releases and other terms and conditions contained in the Federal Stipulation and the State Stipulation or the Federal Order and Final Judgment and the State Order and Final Judgment entered pursuant thereto.

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

If you do not want to be bound by the Federal Order and Final Judgment and/or the State Order and Final Judgment or recover money from the Federal Settlement Fund and/or the State Settlement Fund, and instead want to keep any claims you may have and any right you may have to sue Defendants on your own about the legal issues in these Actions, then you must take steps to get out.  This is called excluding yourself from – or opting out of – the Settlement Classes.

---

**13. How do I exclude myself from the Settlements?**

---

If you do not wish to be included in the Exchange Act Settlement Class and/or the Securities Act Settlement Class and you do not wish to participate in the proposed Federal Action Settlement and/or the proposed State Action Settlement described in this Notice, you may request to be excluded.  To do so, you must submit a written request for exclusion that must be received on or before February 24, 2021 and must: (a) state the name, address, telephone number, and email address (if any) of the Person(s) requesting exclusion; (b) state that the Person wishes to be excluded from the Settlement in *In re Jumia Technologies AG Securities Litigation*, Case No. 1:19-cv-04397-PKC (S.D.N.Y.) and/or *Convery v. Jumia Technologies AG, et al.*, Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.); (c) state the number of Jumia ADSs held at the start of the Class Period; (d) state the Person's purchases or acquisitions of Jumia ADSs during the Class Period, including the dates of such purchases or acquisitions, the number of Jumia ADSs purchased or acquired, and the price paid for each such purchase or acquisition; (e) state

14

the Person's sales or dispositions of Jumia ADSs during the Class Period, including the dates of such sales or dispositions, the number of Jumia ADSs sold or disposed, and the price received for each such sale or disposition; and (f) be signed by the Person requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Federal Court and/or the State Court.  The request must be addressed as follows:

<div align="center">

EXCLUSIONS - Jumia Technologies AG Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

</div>

**You cannot exclude yourself by phone or by e-mail.**

**If you ask to be excluded from the Exchange Act Settlement Class and/or the Securities Act Settlement Class, you will not get any settlement payment.**  If you exclude yourself, you will not be legally bound by anything that happens in the Federal Action and/or the State Action.  You might be able to sue (or continue to sue) Jumia and the other Defendants in the future about the claims in the Federal Action and/or the State Action, but your claims may not be timely, valid, or you may not prevail on the merits.

---

**14. If I don't exclude myself, can I sue Defendants for the same things later?**

---

**NO.** Unless you exclude yourself, you give up any right to sue Defendants about the claims that these Settlements resolve.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from *these* Settlement Classes to continue or file any lawsuit alleging the same claims as are resolved by these Settlements.  Remember, the exclusion deadline is **February 24, 2021.**

---

**15. If I exclude myself, can I get money from the Settlements?**

---

**NO.**  If you exclude yourself, you will not be entitled to receive any money from the Federal Settlement Fund or the State Settlement Fund.  If you exclude yourself, do not send in a Proof of Claim and Release Form to ask for any money.

<div align="center">

**THE LAWYERS REPRESENTING YOU**

</div>

---

**16. Do I have a lawyer in these cases?**

---

The Federal Court appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Federal Lead Counsel to represent Federal Plaintiffs and the Exchange Act Settlement Class Members.  These lawyers are called Federal Lead Counsel, or Lead Counsel.

Kaplan Fox & Kilsheimer LLP represents State Plaintiff and the Securities Act Settlement Class Members.  These lawyers are called State Plaintiff's Counsel.

Federal Lead Counsel and State Plaintiff's Counsel are called collectively "Plaintiffs' Counsel."

You will not be charged for these lawyers. They will be paid from the Federal Settlement Fund and the State Settlement Fund to the extent the Courts approve their application for fees and expenses.

If you want to be represented by your own lawyer, you may hire one at your own expense.  If you are a Member of the Settlement Classes, you may, but are not required to, enter an appearance in either or both of the Actions through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before February 25, 2021 for the Federal Action and/or on or before February 26, 2021 for the State Action, and must serve copies of such appearance on the attorneys listed under question 20 below. If you do not enter an appearance through counsel of your own choosing, you will be represented by Plaintiffs' Counsel.

---

### 17. How will the lawyers be paid?

---

Federal Lead Counsel will apply to the Federal Court for attorneys' fees not to exceed one-third of the Federal Settlement Amount, or $666,666.67, for reimbursement of their out-of-pocket expenses not to exceed $125,000.00, and an award to Federal Plaintiffs for up to $2,500.00 each, or $12,500.00 in total. These payments, if approved, will reduce the amount to be divided among all Federal Authorized Claimants by approximately $0.038 per damaged share.  *Such sums as may be approved by the Federal Court will be paid from the Federal Settlement Amount.*  Pursuant to S.D.N.Y. Local Rule 23.1, Federal Lead Counsel intends to share part of any attorneys' fees awarded by the Court in the Federal Action with Robbins Geller Rudman & Dowd LLP, the Schall Law Firm, and the HAO Law Firm, in accordance with their level of contribution to the initiation, prosecution, and resolution of the Action. Additionally, Federal Lead Counsel also intends to share in the fees awarded by the State Court in the State Action with State Plaintiff's Counsel, Kaplan Fox & Kilsheimer LLP.

Separately, State Plaintiff's Counsel will apply to the State Court for attorneys' fees not to exceed one-third of the State Settlement Amount, or $1,000,000.00, for reimbursement of their out-of-pocket expenses not to exceed $75,000.00, and an award to State Plaintiff for up to $2,500.00. These payments, if approved, will reduce the amount to be divided among all State Authorized Claimants by approximately $0.069 per damaged share.  *Such sums as may be approved by the State Court will be paid from the State Settlement Amount.*

Members of the Settlement Classes are <u>not</u> personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving the Settlements and for their risk in undertaking this representation on a wholly contingent basis.  To date, Plaintiffs' Counsel have not been paid anything for their services for conducting these litigations on behalf of State Plaintiff and Federal Plaintiffs and the Securities Act Settlement Class and the Exchange Act Settlement Class nor for their substantial out-of-pocket expenses. The Federal Court and the State Court may, however, award less than these amounts in their discretion.

**THE FEDERAL COURT'S AND THE STATE COURT'S SETTLEMENT HEARINGS**

**18. When and where will the Federal Court and the State Court decide whether to approve the Settlements?**

The Federal Court will hold a hearing at 2:00 p.m. on March 17, 2021 before the Honorable P. Kevin Castel at the United States District Court, 500 Pearl Street, New York, NY 10007, Courtroom 11D, New York, NY 10007 (the "Federal Final Settlement Approval Hearing"). At this hearing, the Federal Court will consider whether: (i) the Exchange Act Settlement Class should be certified for purposes of the Federal Action Settlement only; (ii) the Federal Action Settlement should be approved as fair, reasonable, and adequate; (iii) the Federal Action should be dismissed with prejudice, and the releases specified and described in the Federal Stipulation (and above) should be entered; (iv) the proposed Plan of Allocation for the Settlements should be approved as fair and reasonable; and (v) Federal Lead Counsel's application for an award of attorneys' fees of up to one-third of the Federal Settlement Fund, expenses of up to $125,00.00 in the Federal Action, and awards to Federal Plaintiffs in the amount of up to $2,500.00 each should be approved. If there are objections, the Federal Court will hear them. Any Exchange Act Settlement Class Member who has not previously submitted a request for exclusion from the Exchange Act Settlement Class, and who fulfills the requirements for objecting set out below, may appear and be heard, to the extent allowed by the Federal Court, to state any objections.

The State Court will hold a hearing at 2:30 p.m. on March 18, 2021 before the Honorable Justice Andrea Masley at the Supreme Court of the State of New York, County of New York, Room 647, 60 Centre Street, New York, NY 10007 (the "State Final Settlement Approval Hearing"). At this hearing, the State Court will consider whether: (i) the Securities Act Settlement Class should be certified for purposes of the State Action Settlement only; (ii) the State Action Settlement should be approved as fair, reasonable, and adequate; (iii) the State Action should be dismissed with prejudice, and the releases specified and described in the State Stipulation (and above) should be entered; (iv) the proposed Plan of Allocation for the Settlements should be approved as fair and reasonable; and (v) State Plaintiff's Counsel's application for an award of attorneys' fees of up to one-third of the State Settlement Fund, expenses of up to $75,000.00 in the State Action, and an award to State Plaintiff in the amount of up to $2,500.00 should be approved. If there are objections, the State Court will hear them. Any Securities Act Settlement Class Member who has not previously submitted a request for exclusion from the Securities Act Settlement Class, and who fulfills the requirements for objecting set out below, may appear and be heard, to the extent allowed by the State Court, to state any objections.

The Federal Final Settlement Approval Hearing and the State Final Settlement Approval Hearing are collectively called the "Final Approval Hearings."

The Courts reserve the right to hold the Final Approval Hearings telephonically or by other virtual means. The Courts may also reschedule the Final Approval Hearings at any time, so if you plan to attend or participate, you should check with the respective Clerk of the Court for the U.S. District Court for the Southern District of New York, or the Supreme Court of the State of New York, New York County, to know whether there have been any changes of the place, date, and time for the Final Approval Hearings. In the event that the Courts decide to hold the Final Approval Hearings telephonically or by other virtual means and/or reschedule the Final Approval Hearings, the Claims Administrator will update its website, www.strategicclaims.net, on the webpage dedicated to these Settlements, to note these changes.

---

**19. Do I have to come to the settlement hearings?**

---

No.  Plaintiffs' Counsel will answer questions the Judges may have.  But you are welcome to come at your own expense, and the Federal Court and/or the State Court will give you the opportunity to be heard. If you send a written objection, the Federal Court and/or the State Court will consider it.  You don't have to come to court to talk about it.  You may also pay your own lawyer to attend, but it is not necessary. Information about sending a written objection is provided below.

If you or your representative intend to appear in person at either the Federal Final Settlement Approval Hearing or the State Final Settlement Approval Hearing, you or your representative must provide written objections and copies of any papers and briefs to Federal Lead Counsel and Federal Defendants' counsel no later than February 25, 2021 or to State Plaintiff's Counsel and State Defendants' counsel no later than February 26, 2021.  You may contact them at the addresses provided in response to question 20 below.

<div align="center"><b>OBJECTING TO THE SETTLEMENTS</b></div>

---

**20. How do I tell the Federal Court or the State Court that I do not like the Federal Action Settlement or the State Action Settlement?**

---

If you are a Member of the Exchange Act Settlement Class and/or the Securities Act Settlement Class, do not exclude yourself, and do not like any part of the Federal Action Settlement and/or the State Action Settlement, including the terms and conditions of the Settlements, you can object to the Federal Action Settlement and/or the State Action Settlement, the Federal Order and Final Judgment and/or the State Order and Final Judgment to be entered approving the Federal Action Settlement and the State Action Settlement, respectively, the Plan of Allocation, the attorneys' fees and expenses to be awarded to Federal Lead Counsel and State Plaintiff's Counsel, and awards to Federal Plaintiffs and State Plaintiff at the Federal Final Approval Hearing and the State Final Approval Hearing, respectively.  Please note, however, that the Courts can only approve or deny the Settlements; they cannot change the terms of the Settlements.

You can object to the Federal Action Settlement and/or the State Action Settlement by mailing a letter stating that you object to the Federal Action Settlement and/or the State Action Settlement. All written objections must be postmarked no later than February 24, 2021, to the Federal Court and/or the State Court at the addresses below and to all counsel listed below.  The written objection is a statement saying that you object to one or both Settlements in the Jumia Technologies AG Securities Litigation.  The objection must include: (a) the full name, address, and telephone number of the Person objecting and must be signed by the objector; (b) a written statement of the objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court(s)' attention; (c) copies of any papers, briefs, or other documents on which the objection is based; (d) a statement of whether the objector intends to appear at the Federal Final Settlement Approval Hearing and/or the State Final Settlement Approval Hearing; and (e) documents sufficient to prove membership in the Exchange Act Settlement Class and/or the Securities Act Settlement Class, including the number of Jumia ADSs that the objector purchased/acquired and sold during the Class Period, as well as the dates, number of ADSs, and prices of each such purchase/acquisition and sale.

Only Members of the Settlement Class(es) who have submitted written notices of objection in the manner and time provided above will be heard at the Final Approval Hearing(s), unless the Court(s) order otherwise. Any Member of the Settlement Class(es) who does not make his, her, or its objection in the manner and time provided above shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed Settlements, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court(s).

| Please send your objections to the Federal Action Settlement to: | Please send your objections to the State Action Settlement to: |
|---|---|
| Clerk of the Court<br>Daniel Patrick Moynihan<br>U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | County Clerk of New York County<br>Hon. Milton Tingling<br>New York County Courthouse<br>60 Centre Street, Room 161<br>New York, NY 10007 |
| **Lead Counsel for Federal Plaintiffs and the Exchange Act Settlement Class**<br>Phillip Kim<br>The Rosen Law Firm, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br><br>Jeremy Lieberman<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, NY 10016 | **Plaintiff's Counsel for State Plaintiff and the Securities Act Settlement Class**<br>Jeffrey P. Campisi<br>Kaplan Fox & Kilsheimer LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022 |
| **Counsel for Jumia and the Individual Defendants**<br>David M.J. Rein<br>Julia A. Malkina<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004 | **Counsel for the Underwriter Defendants**<br>Jonathan Rosenberg<br>William J. Sushon<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, NY 10036 |
| **Counsel for Defendant E&Y**<br>Richard T. Marooney<br>King & Spalding LLP<br>1185 Avenue of the Americas, 34th Floor<br>New York, NY 10036 | |

You may also file your objection in person at the Federal Court or the State Court, at the addresses above.

You do not need to go to the Final Approval Hearing(s) to have your written objection considered by the Court(s).  However, if you intend to appear at either or both of the Final Approval Hearings, you will be responsible for paying for your attorney's costs and expenses.

---

**21. What's the difference between objecting and excluding?**

---

Objecting is telling the Court(s) that you don't like something about the Settlement(s), the Plan of Allocation, or the Fee and Expense Application(s).  Excluding yourself is telling the Court(s) that you

don't want to be part of the Settlement Class(es).  If you exclude yourself, you have no basis to object because the Settlement(s) no longer affect you.

If the Courts approve the Settlements despite your objections, you are still bound by the Settlements.

### IF YOU DO NOTHING

**22. What happens if I do nothing at all?**

If you do nothing, you will not receive any money from these Settlements, **but the judgments of the Courts will still be binding upon you**.  **You must file a Proof of Claim and Release Form to be eligible to receive anything from the Settlements**.  Also, unless you exclude yourself, you will be bound by the judgments and will have released the Released Plaintiffs' Claims against the Released Defendant Parties even if you do not file a Proof of Claim and Release Form.  This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Defendant Parties relating to the Released Plaintiffs' Claims.

### OBTAINING MORE INFORMATION

**23. Are there more details about the Settlements?**

This Notice summarizes the most important aspects of the proposed Settlements, but it is not a complete description of the Settlements.  You can get a copy of the Federal Stipulation by writing to Federal Lead Counsel or the State Stipulation by writing to State Plaintiff's Counsel at the addresses on page 5 above. You can also obtain a copy of both the Federal Stipulation and the State Stipulation by visiting www.strategicclaims.net.

You can also contact the Claims Administrator at the address, phone number, email, and website listed in question 10 above to find answers to common questions about the Settlements and obtain information about the status of the approval process for the Settlements.

You can also review a copy of the entire Federal Stipulation or the State Stipulation and other documents filed in the Federal Action or the State Action during normal business hours at the office of the Clerk of the Court of the Federal Court, or the Clerk of the Court of the State Court, whose addresses are set forth above.

**PLEASE DO NOT CALL THE FEDERAL COURT, THE
FEDERAL CLERK'S OFFICE, THE STATE COURT, THE STATE CLERK'S OFFICE,
DEFENDANTS, OR DEFENDANTS' COUNSEL ABOUT THESE SETTLEMENTS.**

### SPECIAL NOTICE TO NOMINEES

**24. Special Notice to Non-Defendant Banks, Trustees, Brokerage Firms, or Other Nominees**

If, between April 12, 2019, through and including December 9, 2019, you purchased, otherwise acquired, or sold Jumia ADSs for the beneficial interest of a person or organization other than yourself, the Courts have

directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom you are the nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice, and email the Summary Notice in electronic format to each beneficial owner for whom you are the nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice or Postcard Notice to such beneficial owners.  Upon full compliance with the foregoing requirements of the Federal Preliminary Approval Order and the State Preliminary Approval Order, you may seek reimbursement of your reasonable expenses in complying with the Federal Preliminary Approval Order and the State Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice mailed; $0.05 per each Summary Notice emailed; or $0.05 per each name and address provided to the Claims Administrator.  Such properly documented expenses incurred by non-Defendant nominees in compliance with the terms of the Federal Preliminary Approval Order and the State Preliminary Approval Order shall be paid from the Federal Settlement Fund and the State Settlement Fund in accordance with the provisions of the Federal Stipulation and the State Stipulation.  Federal Lead Counsel and State Plaintiff's Counsel shall promptly bring to the Federal and State Courts' attention and request a conference or a ruling from the Court(s) where necessary on any issues relating to a nominee, broker, or omnibus account's duty and obligation to provide to the Claims Administrator a beneficial owner's or a subaccount holder's identity and transactional information in a usable, economic, and efficient form. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 10 above.

---

**25. Understanding Your Payment – The Plan of Allocation**

---

## PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlements, and any decision by the Courts concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlements.  The Courts may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Exchange Act Settlement Class Members and Securities Act Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted on the Claims Administrator's website, www.strategicclaims.net.

The Claims Administrator shall determine each Federal Authorized Claimant's and each State Authorized Claimant's (together, "Authorized Claimants") *pro rata* share for each of the Net Settlement Funds based upon each Authorized Claimant's Recognized Loss.  **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount that Exchange Act Settlement Class Members and Securities Act Settlement Class Members might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlements.  The Recognized Loss formula is the basis upon which the Net Settlement Funds will be proportionately allocated to Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Funds, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Funds is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Funds that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding

paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Funds by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Funds cash their distribution checks, then any balance remaining in the Net Settlement Funds six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlements; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Funds and in making second distributions, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Funds after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in these Settlements cash their checks, any funds remaining in the Net Settlement Funds shall be donated to a non-sectarian charitable organization(s) selected by State Plaintiff's Counsel and Federal Lead Counsel, subject to approval by the State Court and the Federal Court.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

(I)   **In the Exchange Act Settlement Class, Recognized Loss for the Jumia ADSs purchased or otherwise acquired during the Class Period will be calculated as follows:**

(A)   For ADSs purchased or otherwise acquired during the Class Period and sold during the Class Period, the Recognized Loss per ADS will be the *lesser* of: (1) the alleged inflation per ADS upon purchase (as set forth in Inflation Table A below) less the alleged inflation per ADS upon sale (as set forth in Inflation Table A below); or (2) the purchase price per ADS minus the sales price per ADS.

(B)   For ADSs purchased or otherwise acquired during the Class Period and sold during the period from December 10, 2019 through March 8, 2020, inclusive, the Recognized Loss will be the *lesser* of: (1) the alleged inflation per ADS upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per ADS and the average closing stock price as of the date of sale provided in Table B below.

(C)   For ADSs purchased or otherwise acquired during the Class Period and retained as of the close of trading on March 8, 2020, the Recognized Loss will be the *lesser* of: (1) the alleged inflation per ADS upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per ADS minus $5.81[4] per ADS.

---

[4] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $5.81 per ADS was the mean (average) daily closing trading price of Jumia's ADSs during the 90-day period beginning on December 9, 2019, and ending on March 8, 2020.

| INFLATION TABLE A<br>Jumia ADSs Purchased During the Class Period | |
| --- | --- |
| **Period** | **Alleged Inflation** |
| April 12, 2019 to May 8, 2019, inclusive | $13.31 per ADS |
| May 9, 2019 | $7.73 per ADS |
| May 10, 2019 to August 20, 2019, inclusive | $5.73 per ADS |
| August 21, 2019 to September 19, 2019, inclusive | $3.14 per ADS |
| September 20, 2019 to September 22, 2019, inclusive | $3.09 per ADS |
| September 23, 2019 | $2.30 per ADS |
| September 24, 2019 | $1.71 per ADS |
| September 25, 2019 to November 11, 2019, inclusive | $1.07 per ADS |
| November 12, 2019 to December 8, 2019, inclusive | $0.27 per ADS |
| December 9, 2019 and thereafter | $0.00 per ADS |

**TABLE B**

| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| --- | --- | --- | --- | --- | --- | --- |
| 12/10/2019 | $5.53 | $5.56 | | 1/24/2020 | $8.28 | $6.29 |
| 12/11/2019 | $5.43 | $5.51 | | 1/27/2020 | $7.33 | $6.32 |
| 12/12/2019 | $5.46 | $5.50 | | 1/28/2020 | $7.10 | $6.34 |
| 12/13/2019 | $5.38 | $5.48 | | 1/29/2020 | $6.50 | $6.35 |
| 12/16/2019 | $5.44 | $5.47 | | 1/30/2020 | $6.02 | $6.34 |
| 12/17/2019 | $5.75 | $5.51 | | 1/31/2020 | $6.00 | $6.33 |
| 12/18/2019 | $5.48 | $5.51 | | 2/3/2020 | $5.64 | $6.31 |
| 12/19/2019 | $5.66 | $5.52 | | 2/4/2020 | $5.64 | $6.30 |
| 12/20/2019 | $5.44 | $5.52 | | 2/5/2020 | $5.58 | $6.28 |
| 12/23/2019 | $5.49 | $5.51 | | 2/6/2020 | $5.47 | $6.26 |
| 12/24/2019 | $5.50 | $5.51 | | 2/7/2020 | $5.20 | $6.23 |
| 12/26/2019 | $5.78 | $5.53 | | 2/10/2020 | $5.24 | $6.21 |
| 12/27/2019 | $6.13 | $5.58 | | 2/11/2020 | $5.65 | $6.20 |
| 12/30/2019 | $6.25 | $5.62 | | 2/12/2020 | $5.52 | $6.18 |
| 12/31/2019 | $6.73 | $5.69 | | 2/13/2020 | $5.33 | $6.16 |
| 1/2/2020 | $6.60 | $5.74 | | 2/14/2020 | $5.90 | $6.16 |
| 1/3/2020 | $6.51 | $5.79 | | 2/18/2020 | $5.72 | $6.15 |
| 1/6/2020 | $6.40 | $5.82 | | 2/19/2020 | $5.80 | $6.14 |
| 1/7/2020 | $6.31 | $5.84 | | 2/20/2020 | $6.20 | $6.14 |
| 1/8/2020 | $6.25 | $5.86 | | 2/21/2020 | $5.88 | $6.14 |
| 1/9/2020 | $5.90 | $5.86 | | 2/24/2020 | $5.52 | $6.13 |
| 1/10/2020 | $5.72 | $5.86 | | 2/25/2020 | $3.99 | $6.09 |
| 1/13/2020 | $6.20 | $5.87 | | 2/26/2020 | $4.07 | $6.05 |

| 1/14/2020 | $6.14 | $5.88 | | 2/27/2020 | $4.15 | $6.01 |
| 1/15/2020 | $6.06 | $5.89 | | 2/28/2020 | $4.11 | $5.98 |
| 1/16/2020 | $7.75 | $5.96 | | 3/2/2020 | $3.99 | $5.94 |
| 1/17/2020 | $7.24 | $6.00 | | 3/3/2020 | $3.84 | $5.91 |
| 1/21/2020 | $8.38 | $6.09 | | 3/4/2020 | $4.02 | $5.88 |
| 1/22/2020 | $8.13 | $6.15 | | 3/5/2020 | $3.97 | $5.84 |
| 1/23/2020 | $8.39 | $6.23 | | 3/6/2020-3/8/2020 | $3.70 | $5.81 |

(II)   **In the Securities Act Settlement Class, Recognized Loss for Jumia ADSs purchased or otherwise acquired during the Class Period pursuant and/or traceable[5] to the Initial Public Offering ("IPO") on April 12, 2019 will be calculated as follows:**

(A) For ADSs sold between April 12, 2019 and August 2, 2019, inclusive, the Recognized Loss shall be zero.[6]

(B) For ADSs sold between August 3, 2019 and December 9, 2019, inclusive, the Recognized Loss shall be the lesser of: (1) purchase price per ADS (not to exceed the IPO offering price of $14.50 per ADS) minus the sale price; or (2) $7.72 per ADS.[7]

(C) For ADSs held as of the close of trading on December 9, 2019, the Recognized Loss shall be the purchase price per ADS (not to exceed the IPO price of $14.50 per ADS) minus $6.78 per ADS.[8]

To the extent a claimant had a trading gain or "broke even" from his, her, or its overall transactions in Jumia's ADSs during the Class Period, the value of the Recognized Loss will be zero, and the claimant will not be entitled to a share in the Net Settlement Funds. To the extent that a claimant suffered a trading loss on his, her, or its overall transactions in Jumia's ADSs during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss for each of the Settlements.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition, or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Jumia ADSs shall not be deemed a purchase, acquisition, or sale of ADSs for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions, and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form attached to this Notice, you must provide all of your purchases and acquisitions of Jumia ADSs during the time period April 12, 2019, through and including March 8, 2020.

There shall be no Recognized Loss attributed to any Jumia securities other than ADSs. Exchange Act Settlement Class Members and Securities Act Settlement Class Members who do not submit valid Proof of Claim and Release Forms will not share in the proceeds of the Settlements. Exchange Act Settlement Class Members and Securities Act Settlement Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim and Release Form will nevertheless be bound by the Settlements and the Federal Order and Final Judgment of the Federal Court and the State Order and Final Judgment of the State Court dismissing the Actions with prejudice.

---

[5] ADSs purchased after October 8, 2019 are no longer traceable to the IPO.

[6] During this time period, Jumia ADSs traded above the IPO offering price of $14.50 per ADS.

[7] $7.72 per ADS is the difference between the $14.50 IPO price and the $6.78 per ADS price on the date the State Action was filed on October 15, 2019.

[8] This represents the value of Jumia ADSs on October 15, 2019, the date the State Action was filed.

Payment pursuant to the Plan of Allocation approved by the Courts shall be conclusive against all Authorized Claimants.  No person shall have any claim against Defendants, Defendants' counsel, Released Defendants' Parties, State Plaintiff, Federal Plaintiffs, State Plaintiff's Counsel, Federal Lead Counsel, or the Claims Administrator or other agent designated by State Plaintiff's Counsel or Federal Lead Counsel based on distributions made substantially in accordance with the Stipulations and the Settlements contained therein, the Plan of Allocation, or further orders of the Courts.  Each claimant shall be deemed to have submitted to the jurisdiction of the Courts with respect to the claimant's Proof of Claim and Release Form.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlements, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds shall be released and discharged from any and all claims arising out of such involvement, and all Securities Act Settlement Class Members and all Exchange Act Settlement Class Members, whether or not they are to receive payment from the Net Settlement Funds, will be barred from making any further claim against the Net Settlement Funds beyond the amount allocated to them as provided in any distribution orders entered by the Courts.

| | |
|---|---|
| DATED: OCTOBER 19, 2020<br><br>BY ORDER OF THE COURT | United States District Court<br>Southern District of New York |
| DATED: JANUARY 5, 2021<br><br>BY ORDER OF THE COURT | Supreme Court of the State of New York<br>New York County |

*In re Jumia Technologies AG Securities Litigation*,
**Case No. 19-cv-4397 (S.D.N.Y.) (Castel, J.)**

*Convery* v. *Jumia Technologies AG, et al.*,
**Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.) (Masley, J.)**

**PROOF OF CLAIM AND RELEASE FORM**

**Deadline for Submission: February 19, 2021 (via mail) or February 24, 2021 (via online) Subject to the Courts' approval, the Claims Administrator will continue to accept as timely submitted Proof of Claim and Release Forms received by April 26, 2021.**

(i) IF YOU PURCHASED OR OTHERWISE ACQUIRED JUMIA TECHNOLOGIES AG ("JUMIA") AMERICAN DEPOSITARY SHARES ("ADSs") FROM APRIL 12, 2019, THROUGH AND INCLUDING DECEMBER 9, 2019, AND WERE DAMAGED THEREBY, YOU MAY BE AN "EXCHANGE ACT SETTLEMENT CLASS MEMBER"; AND (ii) IF YOU PURCHASED OR OTHERWISE ACQUIRED JUMIA ADSs PURSUANT AND/OR TRACEABLE TO THE REGISTRATION STATEMENT ISSUED IN CONNECTION WITH THE INITIAL PUBLIC OFFERING OF JUMIA ADSs ("IPO") FROM APRIL 12, 2019, THROUGH AND INCLUDING DECEMBER 9, 2019, AND WERE DAMAGED THEREBY, YOU MAY BE A "SECURITIES ACT SETTLEMENT CLASS MEMBER" (COLLECTIVELY, THE "SETTLEMENT CLASSES" OR "CLASSES") AND YOU MAY BE ENTITLED TO RECEIVE A SHARE OF THE NET FEDERAL SETTLEMENT FUND OR THE NET STATE SETTLEMENT FUND (COLLECTIVELY, THE "SETTLEMENT FUNDS").

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE SETTLEMENT FUNDS IN CONNECTION WITH THE SETTLEMENTS OF THESE ACTIONS, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM **BY 11:59 P.M. EST ON FEBRUARY 24, 2021 AT WWW.STRATEGICCLAIMS.NET**.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTAGE PREPAID, **POSTMARKED NO LATER THAN FEBRUARY 19, 2021**, TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

*Jumia Technologies AG Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063

YOUR FAILURE TO SUBMIT A COMPLETED PROOF OF CLAIM AND RELEASE FORM BY FEBRUARY 19, 2021 (VIA MAIL) OR FEBRUARY 24, 2021 (VIA ONLINE) WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE SETTLEMENTS OF THESE ACTIONS. SUBJECT TO THE COURTS' APPROVAL, THE CLAIMS ADMINISTRATOR WILL CONTINUE TO ACCEPT AS TIMELY SUBMITTED PROOF OF CLAIM AND RELEASE FORMS RECEIVED BY APRIL 26, 2021. DO NOT MAIL OR DELIVER YOUR PROOF OF CLAIM AND RELEASE FORM TO THE COURTS OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH PROOF OF CLAIM AND RELEASE FORM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR PROOF OF CLAIM AND RELEASE FORM ONLY TO THE CLAIMS ADMINISTRATOR.

IF YOU ARE AN EXCHANGE ACT SETTLEMENT CLASS MEMBER AND/OR A SECURITIES ACT SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A VALID AND TIMELY PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT RECEIVE A SHARE OF THE SETTLEMENT FUNDS BUT YOU NEVERTHELESS WILL BE BOUND BY THE FEDERAL ORDER AND FINAL JUDGMENT AND/OR THE STATE ORDER AND FINAL JUDGMENT ENTERED BY THE FEDERAL COURT AND THE STATE COURT, RESPECTIVELY, UNLESS YOU EXCLUDE YOURSELF.  IF YOU ARE NOT AN EXCHANGE ACT SETTLEMENT CLASS MEMBER OR A SECURITIES ACT SETTLEMENT CLASS MEMBER, OR IF YOU FILED A REQUEST FOR EXCLUSION, DO NOT SUBMIT A PROOF OF CLAIM AND RELEASE FORM.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENTS IF YOU ARE NOT AN EXCHANGE ACT SETTLEMENT CLASS MEMBER OR A SECURITIES ACT SETTLEMENT CLASS MEMBER OR IF YOU SUBMIT A VALID AND TIMELY REQUEST FOR EXCLUSION.

Submission of this Proof of Claim and Release Form does not assure that you will share in the proceeds of the Settlement Funds.  Distribution of the Settlement Funds will be governed by the Plan of Allocation set forth in the Notice of (I) Pendency of Class Actions and Proposed Settlement of Federal Action and State Action; (II) Motion for Awards of Attorneys' Fees and Litigation Expenses; and (III) Settlement Hearings ("Long Notice"), if it is approved by the Federal Court and the State Court, or by such other plan of allocation as the Federal Court and the State Court approve.[9]

## CLAIMANT'S STATEMENT

1.      I (We) (i) purchased or otherwise acquired Jumia ADSs from April 12, 2019, through and including December 9, 2019, and were damaged thereby; and/or (ii) purchased or otherwise acquired Jumia ADSs pursuant and/or traceable to the Registration Statement issued in connection with the IPO from April 12, 2019, through and including December 9, 2019, and were damaged thereby.

2.      By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Securities Act Settlement Class Member and/or an Exchange Act Settlement Class Member as defined above and in the Long Notice, or am (are) acting for such person(s); that I am (we are) not a Defendant in the Federal Action or the State Action or anyone excluded from the Settlement Classes; that I (we) have read and understand the Long Notice; that I (we) believe that I am (we are) entitled to receive a share of the Settlement Funds; that I (we) elect to participate in the proposed Settlements described in the Long Notice; and that I (we) have not filed a request for exclusion.  (Note:  If you are acting in a representative capacity on behalf of an Exchange Act Settlement Class Member or a Securities Act Settlement Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.      I (We) consent to the jurisdiction of the New York State Supreme Court, New York County ("State Court"), and the U.S. District Court for the Southern District of New York ("Federal Court") with respect to all questions concerning the validity of this Proof of Claim and Release Form.  I (We) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure or the New York Civil Practice Law and Rules, provided that such investigation and discovery shall be limited to my (our) status as an Exchange Act Settlement Class Member and/or a Securities Act Settlement Class Member and the validity and amount of my (our) claim.  No discovery shall be allowed on the merits of the Federal Action, the State Action, the Federal Action Settlement, or the State Action Settlement in connection with processing of the Proof of Claim and Release Form.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment(s) that may be entered in the Federal Action and the State Action.

---

[9] Capitalized terms that are not defined in this Proof of Claim and Release Form are defined in the Federal Stipulation of Settlement, dated October 9, 2020, in the Federal Action (the "Federal Stipulation"), and the State Stipulation of Settlement, dated October 9, 2020, in the State Action (the "State Stipulation"), which are available at www.strategicclaims.net.

4.  I (We) have set forth where requested below all relevant information with respect to each purchase or acquisition of Jumia ADSs during the period between April 12, 2019 through and including March 8, 2020, and each sale or disposition, if any, of such ADSs.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or acquisitions of Jumia ADSs during the Class Period and know of no other person having done so on my (our) behalf.

5.  I (We) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale, or retention of Jumia ADSs listed below in support of my (our) claim.  (Note:  IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (We) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the State Court and the Federal Court may direct, and I (we) agree to cooperate in any such verification.  (Note:  The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized loss.  In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information.)

7.  Upon the State Court's and the Federal Court's approval of the Settlements, as detailed in the Long Notice, I (we) agree and acknowledge that I (we) shall be deemed to have, and by operation of law and of the Federal Order and Final Judgment and/or the State Order and Final Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendant Parties, and I (we) shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against the Released Defendant Parties.  I (we) shall be deemed to have covenanted, and by operation of the Federal Order and Final Judgment and/or the State Order and Final Judgment shall have covenanted, not to commence, institute, maintain, prosecute, or continue to prosecute any or all of the Released Plaintiffs' Claims against the Released Defendant Parties in any court of law or equity, arbitration tribunal, administrative forum, or any other forum.

8.  NOTICE REGARDING INSTITUTIONAL FILERS:  Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format.  If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net to obtain the required file layout.  Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection.  All Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format.  No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

9.  NOTICE REGARDING ONLINE FILING:  Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

## I.    CLAIMANT INFORMATION

| Beneficial Owner Name |
|---|

|   |
|---|

| Address |
|---|

|   |
|---|

| City | State | ZIP |
|---|---|---|

| Foreign Province | Foreign Country |
|---|---|

| Day Phone | Evening Phone |
|---|---|

| Email |
|---|

| Social Security Number (for individuals) | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|

## II.    SCHEDULE OF TRANSACTIONS IN JUMIA AMERICAN DEPOSITARY SHARES

**Beginning Holdings:**

A.  State the total number of Jumia ADSs owned at the opening of trading on April 12, 2019, long or short (*must be documented*).

**Purchases:**

B.  Separately list each and every purchase of Jumia ADSs during the period from April 12, 2019, through March 8, 2020[10], inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of ADSs Purchased | Exchange | Price per ADS | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|---|
|   |   |   |   |   |
|   |   |   |   |   |
|   |   |   |   |   |
|   |   |   |   |   |

---

[10] Purchases and acquisitions in Jumia ADSs between December 10, 2019, and March 8, 2020, inclusive, are not eligible for recovery under the Federal Action Settlement or the State Action Settlement, but information regarding such transactions is needed in order to calculate your recognized loss under the Plan of Allocation.

**Sales:**

C.  Separately list each and every sale of Jumia ADSs during the period from April 12, 2019, through March 8, 2020, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of ADSs Sold | Exchange | Price per ADS | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Ending Holdings:**

D.  State the total number of Jumia ADSs owned at the close of trading on March 8, 2020, long or short (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III.   SUBSTITUTE FORM W-9

**Request for Taxpayer Identification Number:**

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

## IV.   CERTIFICATION AND RELEASE

Definitions

All capitalized terms used but not defined herein shall have the same meanings as in the Long Notice, the State Stipulation, and the Federal Stipulation, which are posted on the Claims Administrator's website at www.strategicclaims.net.  In addition, the following terms shall have the following meanings:

1.  "Released Defendant Parties" has the same meaning set out in the State Stipulation and the Federal Stipulation.
2.  "Released Claims" has the same meaning set out in the State Stipulation and the Federal Stipulation.
3.  "Released Defendants' Claims" has the same meaning set out in the State Stipulation and the Federal Stipulation.
4.  "Released Plaintiffs' Claims" has the same meaning set out in the State Stipulation and the Federal Stipulation.

5.      "Unknown Claims" has the same meaning set out in the State Stipulation and the Federal Stipulation.

<u>Submission to Jurisdiction of the Courts and Acknowledgements and Affirmations</u>

I (We) submit this Proof of Claim and Release Form under the terms of the State Stipulation and the Federal Stipulation described in the Long Notice.  I (We) also submit to the jurisdiction of the Federal Court and the State Court with respect to my (our) claim as a Member of the Settlement Classes and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound and subject to the terms of any judgments that may be entered in the State Action and the Federal Action.  I (We) affirm that I (we) purchased Jumia ADSs from April 12, 2019, through and including December 9, 2019, and were damaged thereby.  By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am a (we are) Member(s) of the Settlement Class(es) as defined in the Long Notice or am (are) acting for such person; that I am (we are) not a Defendant in the State Action or the Federal Action or anyone excluded from the Settlement Classes; that I (we) have read and understand the Long Notice; that I (we) believe that I am (we are) entitled to receive a share of the Settlement Funds; that I (we) elect to participate in the proposed Settlements described in the Long Notice; that I (we) have not filed a request for exclusion; and that I (we) have not submitted any other claim covering the same purchases or acquisitions of Jumia ADSs from April 12, 2019, through and including December 9, 2019, and know of no other person having done so on my (our) behalf.  I (We) have set forth where requested herein all relevant information with respect to each purchase or acquisition of Jumia ADSs from April 12, 2019, through and including March 8, 2020.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) understand that no discovery shall be allowed on the merits of the Actions or the Settlements in connection with processing of the Proof of Claim and Release Form and in particular that no discovery shall be permitted against any Defendants in connection with any Proof of Claim and Release Form.

<u>Release</u>

I (We) hereby acknowledge, on behalf of myself (ourselves) and my (our) heirs, agents, executors, administrators, predecessors, successors, and assigns (or, if submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate, or one or more other persons, on behalf of it, him, her, or them and on behalf of its, his, her, or their heirs, agents, executors, administrators, predecessors, successors, and assigns), that I (we) shall be deemed to have, and by operation of law and of the Federal Order and Final Judgment and/or the State Order and Final Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendant Parties, and I (we) shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against the Released Defendant Parties.

I (we) shall be deemed to have covenanted, and by operation of the Federal Order and Final Judgment and/or the State Order and Final Judgment shall have covenanted not to commence, institute, maintain, prosecute, or continue to prosecute any or all of the Released Plaintiffs' Claims against the Released Defendant Parties in any court of law or equity, arbitration tribunal, administrative forum, or any other forum.

This release shall be of no force or effect unless and until both the Federal Court and the State Court approve the Federal Action Settlement and the State Action Settlement, respectively, and the Federal Action Settlement and State Action Settlement become Final on the Effective Date (as defined in the Federal Stipulation and the State Stipulation).

I (We) hereby warrant and represent that I (we) have not assigned or transferred, or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Jumia ADSs from April 12, 2019, through March 8, 2020, inclusive, as well as the number of Jumia ADSs held by me (us) at the beginning of trading on April 12, 2019, and at the close of trading on March 8, 2020.

I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (We) declare under penalty of perjury under the laws of the United States of America and the State of New York that all of the foregoing information supplied by the undersigned is true and correct.

_____        _____
Signature                                                              Date

_____        _____
Print Name                                                            Email Address

_____        _____
Day Telephone                                                       Evening Telephone

On Behalf of: _____
(Print name of corporation, partnership, estate, or other entity if you are submitting this form on behalf of one of them.)

_____        _____
Signature                                                              Date

_____        _____
Print Name                                                            Email Address

_____        _____
Day Telephone                                                       Evening Telephone

On Behalf of: _____
(Print name of corporation, partnership, estate, or other entity if you are submitting this form on behalf of one of them.)

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE NO LATER THAN FEBRUARY 24, 2021 OR POSTMARKED NO LATER THAN FEBRUARY 19, 2021 AND MUST BE MAILED TO (Subject to the Courts' approval, the Claims Administrator will continue to accept as timely submitted Proof of Claim and Release Forms received by April 26, 2021.):**

*Jumia Technologies AG Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by February 19, 2021, and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator. Subject to the Courts' approval, the Claims Administrator will continue to accept as timely submitted Proof of Claim and Release Forms received by April 26, 2021.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlements.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form.  Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim and Release Form on page 7. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you desire an acknowledgment of receipt of your Proof of Claim and Release Form, please send it Certified Mail, Return Receipt Requested, or its equivalent.

o   If you move or change your address, telephone number, or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

*Jumia Technologies AG Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

EXHIBIT E

**EXCLUSIONS - Jumia Technologies AG Securities Litigation**
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson St., Ste. 205**
**Media, PA 19063**

**February 4, 2021**

This is written confirmation that I, Savannah Dimovski, wish to be excluded from the Settlement in In re Jumia Technologies AG Securities Litigation, Case No. 1:19-cv-04397-PKC (S.D.N.Y.) and/or Convery v. Jumia Technologies AG, et al., Index No. 656021/2019 (N.Y. Sup. Ct., N.Y. Cty.).

At the beginning of the class period, zero Jumia ADSs were held. On April 30, 2019, 141 shares at a price of $42.00 each were purchased. On May 1, 2019, 141 shares were sold for $46.050 each.

Sincerely,

*Savannah Dimovski*

**Savannah Dimovski**

Redacted

210202337

3909 MAL

CANADA

FEB 10 2021

EXCLUSIONS – Juma Technologies AG Securities Litigation

c/o Strategic Claims Services

P.O. Box 230

600 N. Jackson St., Ste. 205

Media, PA 19063

1906332554 0031

Savannah Dimovski

Redacted