**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE JUMIA TECHNOLOGIES AG
SECURITIES LITIGATION,

Master File No. 1:19-cv-04397-PKC

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF FEDERAL PLAINTIFFS'
MOTIONS FOR: (I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
PLAN OF ALLOCATION; AND (II) AN AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND AWARD TO FEDERAL PLAINTIFFS**

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
Brian Alexander
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: balexander@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Brenda Szydlo
Villi Shteyn
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
Email: bszydlo@pomlaw.com
Email: vshteyn@pomlaw.com

*Federal Class Counsel for Federal Plaintiffs
and the Exchange Act Settlement Class*

Lead Plaintiff Hexuan Cai and Named Plaintiffs Kalyan Venkataraman, Kalyanasundaram Venkataraman, Matthew Sacks, and Yifeng Zhu ("Federal Plaintiffs" or "Federal Class Representatives") on behalf of themselves and the Exchange Act Settlement Class, respectfully submit this memorandum of law in further support of Federal Plaintiffs' Motions for: (i) Final Approval of Class Action Settlement and Plan of Allocation ("Final Approval Motion") (ECF No. 116); and (ii) an Award of Attorneys' Fees, Reimbursement of Expenses, and Award to Federal Plaintiffs ("Fee and Expense Motion") (ECF No. 118).[1]

## I.        Preliminary Statement

Federal Plaintiffs submit this reply memorandum to report on the results of the extensive Court-approved settlement notice program. The February 25, 2021 Court-ordered deadline for Exchange Act Settlement Class Members to request exclusion from the Exchange Act Settlement Class and the March 3, 2021 deadline to: object to the Settlement, Plan of Allocation, requested attorney' fees and expenses, and/or requested Awards to Federal Plaintiffs have passed. After 31,993 Postcard Notices were mailed to potential Exchange Act Settlement Class Members and nominees, there has been only one, invalid exclusion request. Additionally, ***not a single objection*** to any aspect of the Settlement or fee and expenses requests or awards to Federal Plaintiffs has been filed or received by the Parties. As set forth below, the reaction of the Exchange Act Settlement Class strongly supports Court approval of the Final Approval Motion and Fee and Expense Motion.

---

[1] Unless otherwise defined, capitalized terms used herein have the have the meanings ascribed to them in the Stipulation of Settlement (the "Stipulation") (ECF No. 109) or in the Declaration of Phillip Kim in Support of Federal Plaintiffs' Motions for: (i) Final Approval of Class Action Settlement and Plan of Allocation; and (ii) an Award of Attorneys' Fees, Reimbursement of Expenses, and Award to Federal Plaintiffs (ECF No. 121).

**II.    The Reaction of The Exchange Act Settlement Class Supports Approval of the Final Approval Motion and the Fee and Expense Motion**

### A.  The Notice Program

Pursuant to the Preliminary Approval Order (ECF No. 113), the Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), mailed the Postcard Notice to potential Exchange Act Settlement Class Members. *See* Declaration of Sarah Evans Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections (ECF No. 121-2) ("Evans Decl.")) ¶ 3.  As of February 17, 2021, SCS has mailed a total of 31,993 Postcard Notices. Evans Decl. ¶ 6; *See* Supplemental Declaration of Sarah Evans Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections (the "Suppl. Evans Decl."), attached as Exhibit ("Ex.") 1 to the Supplemental Declaration of Philip Kim (the "Suppl. Kim Decl."), filed herewith, ¶ 3. In addition to the Postcard Notices SCS mailed, a Nominee Account Holder informed SCS that it emailed a total of 18,802 of its customers to notify them of this Settlement and provided direct links to the Long Notice and Claim Form on the Settlement webpage. *See* Evans Decl.  ¶ 7. SCS also emailed eight potential Exchange Act Settlement Class Members links to the Long Notice and Claim Form. Suppl. Evans. Decl. ¶ 5.

Additionally, the Summary Notice was published electronically on *GlobeNewswire* and in print in *Investor's Business Daily* on January 25, 2021. Evans Decl. ¶ 9. SCS also established a website to provide Exchange Act Settlement Class Members with information concerning the Settlement, all applicable deadlines, and copies of important documents including the Long Notice, Claim Form, the Postcard Notice, the Preliminary Approval Order, and the Stipulation. *See* Evans Decl. ¶ 11. On February 17, 2021, SCS updated the Settlement webpage to inform Exchange Act Settlement Class Members that the date of the Federal Final Settlement Approval Hearing was

adjourned to March 24, 2021. Suppl. Evans Decl. ¶ 7. Accordingly, the deadline to request exclusion from the Settlement was adjourned from February 24, 2021 to February 25, 2021 as the deadline for requests for exclusion is twenty-one calendar days prior to the earlier of the Federal Final Settlement Approval Hearing and the State Final Settlement Approval Hearing. *See* Preliminary Approval Order ¶ 17. The State Final Settlement Hearing is scheduled for March 18, 2021. Similarly, the deadline for objections was continued from February 24, 2021 to March 3, 2021 as it is twenty-one calendar days prior to the Federal Final Settlement Approval Hearing. *Id*. ¶ 21. SCS also updated its website to inform Exchange Act Settlement Class Members that the deadlines to request exclusion from and to file objections to the Settlement were adjusted to February 25, 2021 and March 3, 2021, respectively.

The Postcard Notice (ECF No. 121-2 at 8, Ex. A to Evans Decl.) contains a description of the Federal Action, the Settlement, information about Exchange Act Settlement Class Members' rights, and directs potential Exchange Act Settlement Class Members to SCS's website to obtain copies of the Long Notice. The Long Notice includes the Plan of Allocation and provides greater detail about the Federal Action, the Settlement, and the procedures to file a claim, request exclusion from or object to the Settlement. (ECF No. 121-2 at 14, Ex. D to Evans Decl.). The Postcard Notice, Long Notice, and Summary Notice (the "Notices") informed Exchange Act Settlement Class Members of their right to: (i) submit an objection to any aspect of the Settlement as well as the awards of fees and expenses; or (ii) request exclusion from the Exchange Act Settlement Class. (*See* ECF No. 121-2, Evans Decl., Ex. A, C, D).  Specifically, the Notices informed Exchange Act Settlement Class Members that they could remain in the Exchange Act Settlement Class and object to any aspect of the Settlement and/or requests for attorneys' fees and expenses. *Id*. Further, the Notices informed Exchange Act Settlement Class Members who did not wish to participate in the

3

Settlement, but wished to retain any causes of action against Federal Defendants, that they could exclude themselves from the Settlement by following the procedures set forth in the Long Notice. *Id*.

Following this extensive notice process, no objections and just one, invalid request for exclusion have been received. *See* Suppl. Evans Decl. ¶¶ 8-9. SCS has reviewed the list of transactions in Jumia ADS provided on the one exclusion request, and under the Plan of Allocation, the request would not have a valid recognized loss, as the transactions result in an overall trading gain. *See* Evans Decl. ¶ 12. Accordingly, this shareholder does not fall into the definition of an Exchange Act Settlement Class Member.

### B. The Lack of Objections and Valid Requests for Exclusion Support Approval of the Final Approval Motion and Fee and Expense Motion

Federal Plaintiffs and Federal Class Counsel respectfully submit that the lack of any objections and the single, invalid request for exclusion support a finding that the Settlement is fair, reasonable, and adequate. Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, No. 3:09cv1293 (VLB), 2012 WL 3589610, at *5 (D. Conn. Aug. 20, 2012) ("[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.") (citation omitted); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM) (PED), 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 02 MDL 1484(JFK), 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) ("minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable").

4

The uniformly favorable reaction of the Exchange Act Settlement Class also supports approval of the Plan of Allocation. *See In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115809, at \*14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.") (citation omitted); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) ("the favorable reaction of the Class supports approval of the proposed Plan of Allocation").

Similarly, the reaction of the Exchange Act Settlement Class should also be considered with respect to the Fee and Expense Motion. The absence of any objections to the request for an award of attorneys' fees and expenses evinces strong support for the effort and results achieved by counsel and supports a finding that the requested fees and expenses are reasonable under the circumstances of this litigation. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at \*10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *Maley*, 186 F. Supp. 2d at 374 (the lack of any objection to the fee request supported its approval); *In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 985 F. Supp. 410, 416 (S.D.N.Y. 1997) (in "determining the reasonableness of a requested fee, numerous courts have recognized that 'the lack of objection[s] from members of the class is one of the most important reasons,'" considered in approving a fee request). Consequently, this factor further supports the conclusion that Federal Class Counsel's requested fees and expenses are fair and reasonable and should be approved.

Finally, the lack of any objections to Federal Plaintiffs' requests for reimbursement of their reasonable time and expenses incurred in prosecuting this action also demonstrates that these

5

requests are reasonable.  *See In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 184 (S.D.N.Y. 2014) (awarding lead plaintiffs' request for reimbursement of their costs and expenses, including lost wages, where class members were provided notice and did not object); *Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 WL 6458073, at *9 (S.D. Cal. Oct. 23, 2015) (finding a $3,000 award reasonable and noting lack of any class member objections).

Accordingly, the Exchange Act Settlement Class Members' universally positive reaction to the Settlement strongly favors final approval of the Settlement and the Plan of Allocation, approval of Federal Class Counsel's request for an award of attorneys' fees and expenses, and approval of Federal Plaintiffs' requests for reimbursement of their costs and expenses.

## III.    Conclusion

For the foregoing reasons, Federal Plaintiffs respectfully submit that: (1) the Settlement and the Plan of Allocation are fair, reasonable, and adequate; (2) the Final Approval Motion should be granted in full; (3) the Court should approve Federal Class Counsel's application for an award of attorneys' fees of one-third of the Federal Settlement Fund (or $666,666.67) and reimbursement of $78,180.42 in expenses with interest, as described in the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Federal Plaintiffs (ECF No. 119); (4) the Court should approve Federal Plaintiffs' requests for reimbursement of their time and expenses in the aggregate amount of $12,500, or $2,500.00 each; (5) the Court should enter the [Proposed] Order and Final Judgment ("Proposed Final Judgment");[2] and (6) the Court should enter the [Proposed] Order Approving Plan of Allocation.[3]

---

[2] The Settlement is conditioned on the occurrence of the entry of the Proposed Final Judgment. *See* Stipulation at ¶ 7.1 (e). The Proposed Final Judgment is attached as Exhibit 2 to the Suppl. Kim Decl.

[3] The [Proposed] Order Approving Plan of Allocation is attached as Exhibit 3 to the Suppl. Kim Decl.

Dated: March 17, 2021           Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Phillip Kim*
Phillip Kim
Laurence M. Rosen
Brian Alexander
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: balexander@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Brenda Szydlo
Villi Shteyn
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
Email: bszydlo@pomlaw.com
Email: vshteyn@pomlaw.com

*Federal Class Counsel for Federal Plaintiffs and*
*the Exchange Act Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.


By: */s/ Phillip Kim*
Phillip Kim

8