UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JUMIA TECHNOLOGIES AG SECURITIES LITIGATION, | Master File No. 1:19-cv-04397-PKC |

## [PROPOSED] ORDER AND FINAL JUDGMENT

WHEREAS, (i) Lead Plaintiff Hexuan Cai and Named Plaintiffs Kalyan and Kalyanasundaram Venkataraman, Matthew Sacks, and Yifeng Zhu (collectively, "Federal Plaintiffs"), on behalf of themselves and each of the Exchange Act Settlement Class Members; and (ii) Defendants Jumia Technologies AG ("Jumia"); Jeremy Hodara; Sacha Poignonnec; Antoine Maillet-Mezeray; Donald J. Puglisi; Gilles Bogaert; Andre T. Iguodala; Blaise Judja-Sato; Jonathan D. Klein; Angela Kaya Mwanza; Alioune Ndiaye; Matthew Odgers; John H. Rittenhouse; Morgan Stanley & Co. LLC; Citigroup Global Markets Inc.; Berenberg Capital Markets, LLC; RBC Capital Markets, LLC; Stifel, Nicolaus & Company, Incorporated; Raymond James & Associates, Inc.; and William Blair & Company, L.L.C. (collectively, "Federal Defendants") have entered into a Stipulation of Settlement dated October 9, 2020 (the "Federal Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the above-referenced action (the "Federal Action"), for the release of all Released Plaintiffs' Claims against the Released Defendant Parties, and for dismissal of the Federal Action with prejudice upon the terms and conditions set forth in the Federal Stipulation, subject to the approval of this Court (the "Federal Action Settlement");

WHEREAS, this Federal Order and Final Judgment incorporates by reference the definitions in the Federal Stipulation, and, unless otherwise defined herein, all capitalized terms used, but not defined herein, shall have the same meanings as in the Federal Stipulation;

WHEREAS, in the Federal Preliminary Approval Order, this Court (a) preliminarily certified the Exchange Act Settlement Class solely for purposes of effectuating the Federal Action Settlement; (b) preliminarily approved the Federal Action Settlement; (c) ordered that notice of the proposed Federal Action Settlement be provided to potential Exchange Act Settlement Class Members; (d) provided Exchange Act Settlement Class Members with the opportunity either to exclude themselves from the Exchange Act Settlement Class or to object to the proposed Federal Action Settlement; and (e) scheduled a hearing regarding final approval of the Federal Action Settlement;

WHEREAS, due and adequate notice has been provided to the Exchange Act Settlement Class;

WHEREAS, this Court conducted a hearing on March 24, 2021 (the "Federal Final Settlement Approval Hearing") to consider, among other things, (i) whether the terms and conditions of the Federal Action Settlement are fair, reasonable, and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Federal Action with prejudice; and

WHEREAS, this Court having considered all papers filed and proceedings held herein, all oral and written comments received regarding the proposed Federal Action Settlement, and the record in the Federal Action, and otherwise being fully informed in the premises and good cause appearing therefore;

NOW, THEREFORE, without any admission or concession on the part of Federal Plaintiffs of any lack of merit of the Federal Action whatsoever, and without any admission or concession on the part of Federal Defendants of any liability, wrongdoing, or lack of merit in their defenses whatsoever, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. **Jurisdiction**: This Court has jurisdiction (i) to enter this Federal Order and Final Judgment; and (ii) over the subject matter of the Federal Action, all matters relating to the Federal Action Settlement, and over all parties to the Federal Action, including all Exchange Act Settlement Class Members.

2. **Incorporation of Settlement Documents**: This Federal Order and Final Judgment incorporates and makes a part hereof: (a) the Federal Stipulation, filed with this Court on October 9, 2020 (Dkt. No. 109); and (b) the Long Notice, Summary Notice, and Postcard Notice, all of which were filed with this Court on October 9, 2020 (Dkt. Nos. 109-2, 109-4, 109-5).

3. **Class Certification for Settlement Purposes**: This Court hereby affirms its determinations in the Federal Preliminary Approval Order preliminarily certifying, for settlement purposes only, the Federal Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Exchange Act Settlement Class of all persons or entities (and their beneficiaries) who purchased or otherwise acquired Jumia ADSs from April 12, 2019, through and including December 9, 2019, and were damaged thereby. Excluded from the Exchange Act Settlement Class are the Released Defendant Parties, except for any Investment Vehicle. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Federal Preliminary Approval Order preliminarily appointing, for settlement purposes only, Federal Plaintiffs as the class representatives for the

Exchange Act Settlement Class ("Federal Class Representatives") and Federal Lead Counsel as class counsel for the Exchange Act Settlement Class ("Federal Class Counsel").

4. **Final Settlement Approval**: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Federal Action Settlement set forth in the Federal Stipulation in all respects (including, without limitation, the Federal Settlement Amount, the releases provided for therein, including the release of the Released Plaintiffs' Claims as against the Released Defendant Parties, and the dismissal with prejudice of the Federal Action), and finds that the Federal Action Settlement is, in all respects, fair, reasonable, and adequate to, and in the best interests of, Federal Class Representatives and the Exchange Act Settlement Class, having considered that: (a) Federal Class Representatives and Federal Class Counsel have adequately represented the Exchange Act Settlement Class; (b) the Federal Action Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Federal Settling Parties; (c) the relief provided for the Exchange Act Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of motion practice, trial, and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Exchange Act Settlement Class, including the method of processing Exchange Act Settlement Class Member claims, and (iii) the terms of any proposed award of attorneys' fees, including the timing of payment. Accordingly, the Federal Action Settlement embodied in the Federal Stipulation is hereby finally approved in all respects. The Federal Settling Parties are hereby directed to implement, perform, and consummate the Federal Action Settlement in accordance with the terms and provisions of the Federal Stipulation.

5. **Dismissal with Prejudice of Claims**: The Federal Action and all of the claims against Federal Defendants by Federal Class Representatives and the Exchange Act Settlement

Class Members are hereby dismissed on the merits and with prejudice. The Federal Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Federal Stipulation.

6. **Releases**: The releases as set forth in ¶¶4.1-4.5 of the Federal Stipulation (the "Released Claims"), together with the definitions in ¶¶1.52-1.55 relating thereto, are expressly incorporated herein in all respects. The releases in favor of the Released Defendant Parties, Federal Class Representatives, the Exchange Act Settlement Class Members, and Federal Class Counsel are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a) (i) Federal Class Representatives, (ii) each and all of the Exchange Act Settlement Class Members and anyone claiming through or on behalf of any of them, and (iii) Federal Class Counsel shall fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge each and every Released Plaintiffs' Claim against the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against the Released Defendant Parties, regardless of whether an Exchange Act Settlement Class Member executes and delivers a Proof of Claim and Release Form or shares in the Federal Settlement Fund;

(b) (i) Federal Class Representatives, (ii) each and all of the Exchange Act Settlement Class Members and anyone claiming through or on behalf of any of them, and (iii) Federal Class Counsel shall not commence, institute, maintain, prosecute, or continue to prosecute any or all of the Released Plaintiffs' Claims against the Released Defendant Parties in any court of law or equity, arbitration tribunal, administrative forum, or any other forum,

regardless of whether an Exchange Act Settlement Class Member executes and delivers a Proof of Claim and Release Form or shares in the Federal Settlement Fund; and

(c) the Released Defendant Parties shall fully, finally, and forever compromise, settle, release, relinquish, waive, and discharge each and every Released Defendants' Claim against (i) Federal Class Representatives, (ii) each and all of the Exchange Act Settlement Class Members and anyone claiming through or on behalf of any of them, and (iii) Federal Class Counsel, and shall forever be barred and enjoined from commencing, instituting, maintaining, or continuing to maintain any or all of the Released Defendants' Claims against (i) Federal Class Representatives, (ii) each and all of the Exchange Act Settlement Class Members and anyone claiming through or on behalf of any of them, and (iii) Federal Class Counsel.

(d) Notwithstanding ¶¶ 6(a)-(c) above, nothing in the Federal Order and Final Judgment bars any action by any of the Federal Settling Parties to enforce or effectuate the terms of this Federal Order and Final Judgment or the Federal Stipulation. Also, for the avoidance of doubt, neither this Federal Order and Final Judgment nor the Federal Stipulation release (i) any insurer, co-insurer, excess insurer, or re-insurer from any obligation owed to any Defendant for indemnity or coverage under or relating to any policy of liability or other insurance policy or (ii) Jumia or any selling shareholder in the IPO from any indemnity obligation owed to the Underwriter Defendants under the IPO Underwriting Agreement, dated April 11, 2019, between Jumia and the Underwriter Defendants.

7. **No Admissions**: This Federal Order and Final Judgment, the Federal Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings relating to the Federal Stipulation, the Federal Action Settlement, and any matters arising in connection

therewith shall not be offered or received against any Defendant for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against any Defendant as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant of: (i) the truth of any allegations by Federal Class Representatives or State Plaintiff, or any other Exchange Act Settlement Class Member or Securities Act Settlement Class Member; (ii) the validity of any claim that has been or could have been asserted in the Federal Action or the State Action, or in any other litigation, including, but not limited to, the Released Plaintiffs' Claims; (iii) the deficiency of any defense that has been or could have been asserted in the Federal Action or the State Action, or in any other litigation; or (iv) any liability, negligence, fault, or wrongdoing, on the part of, or damages owed by, any Defendant;

(b) do not constitute, and shall not be offered or received (i) against any Defendant as evidence of, or construed as evidence of, a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or (ii) against Federal Class Representatives or any Exchange Act Settlement Class Member as evidence of any infirmity in the claims of Federal Class Representatives and the Exchange Act Settlement Class;

(c) do not constitute, and shall not be offered or received against any Defendant as evidence of, or construed as evidence of, a presumption, concession, or admission of any liability, negligence, fault, infirmity, or wrongdoing on the part of, or any damages owed by, or in any way referred to for any other reason as against any of the parties to the Federal Stipulation in any civil, criminal, or administrative action or proceeding, other than such

proceedings as may be necessary to consummate or effectuate the provisions of the Federal Stipulation; provided, however, that the Released Defendant Parties may refer to the Federal Stipulation to effectuate the release granted hereunder;

(d) do not constitute, and shall not be offered or received against any Defendant, Federal Class Representatives, or any member of the Exchange Act Settlement Class as evidence of, or construed as evidence of, a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, and shall not be offered or construed as evidence that a class should be certified in the Federal Action if the Federal Action Settlement is not consummated.

8. **Notice**: This Court finds that the forms and methods of notifying Exchange Act Settlement Class Members: (i) were implemented in accordance with the Federal Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Exchange Act Settlement Class Members of the pendency of the Federal Action, of the effect of the Federal Action Settlement (including the releases provided for therein), of Federal Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses, of their right to object to the Federal Action Settlement, the Plan of Allocation, and Federal Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses, of their right to exclude themselves from the Exchange Act Settlement Class, and of their right to appear at the Federal Final Settlement Approval Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Federal Action Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and Section

21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

9. **CAFA Compliance**: Federal Defendants timely mailed notice of the Federal Stipulation to the appropriate Federal and State officials in compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, including all of the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). This Court finds that Federal Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

10. **Objections**: There have been no objections to the Federal Action Settlement.

11. **Binding Effect**: The terms of the Federal Stipulation and of this Federal Order and Final Judgment shall be forever binding on, and inure to the benefit of, Federal Defendants, Federal Class Representatives, and all other Exchange Act Settlement Class Members and anyone claiming through or on behalf of any of them (regardless of whether any Exchange Act Settlement Class Member submits a Proof of Claim and Release Form or shares in the Federal Settlement Fund), as well as the Related Parties.

12. **Retention of Jurisdiction**: Without affecting the finality of this Federal Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation, enforcement, and administration of this Federal Action Settlement and any award or distribution of the Federal Settlement Fund, including interest earned thereon; (b) disposition of the Federal Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Federal Action; and (d) the Federal Settling Parties for the purpose of construing, enforcing, and administering the Federal Stipulation and the Federal Action Settlement, including, without limitation, the releases provided for therein.

13. **Federal Fee and Expense Application**: A separate order shall be entered regarding Federal Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses in the Federal Action as allowed by this Court. Such order shall not disturb or affect any of the terms of this Federal Order and Final Judgment.

14. **Plan of Allocation**: A separate order shall be entered regarding the proposed Plan of Allocation as allowed by this Court. Such order shall not disturb or affect any of the terms of this Federal Order and Final Judgment.

15. **Rule 11 and PSLRA Compliance**: This Court finds that in connection with the commencement, maintenance, prosecution, defense, and settlement of the Federal Action, the Federal Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, the PSLRA, and any other comparable rule or law. This Court further finds that Federal Class Representatives and Federal Class Counsel adequately represented the Exchange Act Settlement Class Members for purposes of entering into and implementing the Federal Action Settlement.

16. **Termination**: In the event that the Federal Action Settlement does not become effective in accordance with the terms of the Federal Stipulation, or the Federal Stipulation is terminated pursuant to ¶¶2.3, 7.3-7.5 of the Federal Stipulation, ¶7.6 of the Federal Stipulation shall apply, the Federal Settling Parties shall be restored to their respective positions in the litigation as of August 11, 2020, and this Federal Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Federal Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Federal Stipulation. Except as otherwise provided in the Federal Stipulation, in the event the Federal Action

Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Federal Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred or due and owing, shall be returned to Jumia (or such other Persons as Jumia may direct), in accordance with the Federal Stipulation.

17. **Modification of Settlement Agreement**: Without further approval from this Court, Federal Class Representatives and Federal Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Federal Stipulation or any exhibits attached thereto to effectuate this Federal Action Settlement that: (i) are not materially inconsistent with this Federal Order and Final Judgment; and (ii) do not materially limit the rights of Exchange Act Settlement Class Members in connection with the Federal Action Settlement. Without further order of this Court, Federal Class Representatives and Federal Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Federal Action Settlement.

18. **Entry of Final Judgment**: There is no just reason for delay in the entry of this Federal Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

IT IS SO ORDERED.

DATED: 3-24-21

THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

Case 1:19-cv-04397-PKC Document 92 Filed 03/24/21 Page 11 of 12